Muir & Troutman
16100 NW Cornell Rd, #200
Beaverton, OR 97006
(503) 292-6788
(503) 292-5799 fax
Ted A. Troutman, OSB #844470
Attorney For Debtor

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | ) |
| | ) Case No. <u>14-63530-fra11</u> |
| Laura L. Hagenauer, | ) |
| | ) **STIPULATION FOR USE OF CASH** |
| | ) **COLLATERAL BETWEEN DEBTOR** |
| Debtor-in-Possession, | ) **AND THE INTERNAL REVENUE** |
| | ) **SERVICE** |
| | ) |

This Stipulation dated this 2nd day of October 2014, is entered into between Laura Lee Hagenauer ("Debtor") and the Internal Revenue Service ("IRS").

## **RECITALS**

WHEREAS, pursuant to the provisions of 11 USC §1107 and 1108 of the United States Bankruptcy Code, Debtor is operating her business and managing its financial affairs as a Debtor-in-Possession; and

WHEREAS, Debtor desires to utilize the cash collateral to continue the operation of her business; and

WHEREAS, the IRS desires to be adequately protected for the use of the cash collateral until such time as a Plan of Reorganization is confirmed; and

WHEREAS, Debtor and the IRS have agreed for the purpose of providing the IRS adequate protection, pursuant to 11 USC §361, to certain terms and conditions as set for below:

Page 1 of 1 - Cash Collateral Stipulation between Debtor and IRS

NOW THEREFORE, in order to allow Debtor to utilize cash collateral and to provide the IRS with adequate protection the parties agree as follows:

1. Adequate protection, under 11 USC § 361, of the IRS interest shall be provided by Debtor making monthly cash payments to the IRS as provided in this stipulation.

2. Debtor will pay to the IRS monthly payments of $2,000 with the first such payment to be made on the latter of October 15, 2014, or upon Court approval of the within Stipulation, and on the 15th day of each month thereafter. Such payments are to continue monthly thereafter until such time as the Bankruptcy Court enters an order confirming the Plan of Reorganization for Debtor or upon further order of the Bankruptcy Court.

3. In addition to any pre-petition liens the IRS has in Debtor's property and rights to property of Debtor in existence at the time the bankruptcy petition was filed, Debtor hereby grants the IRS a valid, perfected and unforgeable replacement lien in Debtor's post petition inventory, accounts, furniture and fixtures, machinery and equipment (including vehicles), cash and cash equivalents, contract rights, general intangibles and all other post-petition personal property of Debtor including proceeds thereof, to the extend that the IRS is secured against such property by virtue of its pre-petition security instruments or lines, This lien shall be effective without any further action by Debtor or the IRS, without execution or filing of any additional security agreements of financing statements. The post-petition replacement liens will be granted to the IRS to the same extent and priority as the IRS's pre-petition liens.


4. The monthly payment shall be mailed or delivered to the IRS at the following address:

> Internal Revenue Service
> Attn: Susan Lathrop
> 211 East 7th Street, Suite 301
> Eugene OR 97401

5. Debtor agrees to provide the IRS with copies of all Monthly financial information which Debtor is required to file with the US Trustee and the bankruptcy Court at the same time that such monthly reports are due to be filed with the US Trustee's Office. The Debtor agrees to make her books and accounts open for inspection by the IRS upon reasonable notice.

6. Debtor shall provide the IRS with evidence of payment of any and all federal income, excise, and employment taxes, and the filing of the required tax returns which become due during the pendency of the within Chapter 11 bankruptcy proceeding.

7. Debtor agrees to file a Chapter 11 Plan and Disclosure Statement within the statutory time periods provided under 11 USC §1121 and to move in good faith toward confirmation of that plan.

8. The occurrence of any one of the following shall constitute an event of default under this Stipulation:

   a. Debtors default in the performance of any term or covenant of this Stipulation and such default shall continue for a period of ten (10) days after written notice of such default is mailed to Debtor and Debtor's counsel, and any other secured creditor who requests such notice by writing to the IRS at the address in paragraph 4 above and to the office of the US Trustee; or

   b. The conversation of the captioned case to a proceeding under Chapter 7 of the Bankruptcy Code; or

     c. If any representation made by Debtor in this stipulation shall provide to be false or misleading in any material respect; or

     d. The granting of relief from the automatic stay under Section 362 of the Code by any holder of any other lien or encumbrance on the property of Debtor for the purpose of foreclosing or enforcing such lien or encumbrance; or

     e. Debtor's failure to timely file any deferral tax returns on their due date, including extensions; or

     f. Debtor's failure to timely pay any federal tax on its due date; or

     g. Debtor's failure to timely make any and all required federal tax deposit of federal income tax withholding; FICA (Federal Insurance Contributions Act) tax; or

     h. Debtor's failure to timely make estimated income tax payments in the full amount, which may be required of Debtor, if any.

  9. Upon the occurrence of an event of default and provided notice has been given and the procedures followed as provided below, the automatic stay under 11 USC § 362 shall be lifted to provide the IRS with the following rights:

     a. The IRS shall have the right to proceed against Debtor or its assets to collect any of the pre-petition or pre-confirmation tax liabilities and related interest and penalties accrued to the date of the petition, through use of the administrative or judicial collection procedures available to the IRS under the Internal Revenue Code as if no bankruptcy petition had been filed. Such procedures shall include, but are not limited to, the filing of notices of federal tax liens.

b. The IRS' failure to act on any default shall not constitute a waiver by the IRS of the right to act on such default.

10. To pursue its remedies under paragraph 9 the IRS shall file an affidavit of Non-Compliance with the Bankruptcy Court with notice to Debtor and Debtor's counsel, and any other holders of secured claims who request in a writing directed to the IRS at the address in paragraph 5 that such notice be provided to them. However, an order on the Affidavit shall not issue for five (5) days following filing of the Affidavit to allow the noticed parties an opportunity to object to the relief sought in the Affidavit, The IRS may file such Affidavits seeking relief from the automatic stay or conversion to Chapter 7 together or separately.

11. Debtor hereby agrees that the IRS can make the disclosure of default to third parties under paragraphs 8 (1) and of the Affidavit of Non-Compliance under paragraph 10 and waives the disclosure restrictions of I.R.C. 6103 with regard to those disclosures.

12. Debtor agrees that, during the term of this stipulation, no principal, officer, director, insider or management employee of Debtor will be paid an increase in salary or compensation to exceed a 2% increase above the principal's officer's, director's insider's, or management employee's average authorized salary for 2013. Compensation is defined as salary, wages, bonuses, or dividends, stock options, stock grants or income of any kind of nature, whether distributed currently or deferred. Debtor further agrees that during the payment period under this stipulation, no principal, officer, director, insider or management employee of the Debtor will receive, after confirmation of the Debtor's

Plan, an increase in compensation (as defined above) in excess of 2% over the prior year's compensation during said Plan.

13. Debtor agrees that no loans may be made by Debtor or an officer, director, insider, management employee, or principal during the duration of the payments under this Agreement.

| | |
|---|---|
| October 2, 2014 | /s/ Ted A.Troutman |
| Date | Ted A. Troutman, OSB# 874440 |
| | Attorney for Debtor-in-Possession |

| | |
|---|---|
| October 6, 2014 | /s/ Laura L. Hagenauer |
| Date | Laura L. Hagenauer |
| | Debtor-in-Possession |

| | |
|---|---|
| October 3, 2014 | /s/ Tim Simmons |
| Date | Assistant US Attorney |
| | Attorney's for Internal Revenue Service |