UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | Bankruptcy Case |
| ) | No. 14-63530-fra11 |
| LAURA LEE HAGENAUER, ) | |
| ) | CASE MANAGEMENT ORDER AND |
| ) | ORDER REQUIRING SUBMISSION OF |
| Debtor. ) | BUDGET IN INDIVIDUAL CASE |

This case was commenced on September 28, 2014. A meeting of creditors pursuant to 11 U.S.C. § 341(a) is scheduled for November 3, 2014. To assist the Court and parties in the management of the case, it is

**ORDERED** as follows:

1. [If the Debtor-in-Possession is an individual (including spouses filing jointly)] The Debtor-in-Possession shall file, at least 14 days prior to the meeting of creditors, a budget for the use of property of the estate (including post-petition earnings) for the Debtor-in-Possession's maintenance and support. The proposed budget shall indicate whether the Debtor-in-Possession proposes to use any funds that are cash collateral. Any objection to the proposed budget shall be filed within seven (7) days after the date set for the initial creditors' meeting. If no objection is filed, the Court may enter an *ex parte* order authorizing the use of estate funds pursuant to the budget submitted by the Debtor-in-Possession.

2. Within 14 days after the date set for the initial creditors' meeting, the Debtor(s)-in-Possession shall file a case management report. The report shall include (but need not be limited to) the following:

CASE MANAGEMENT ORDER-1

     a. Proposed employment of professionals, including counsel for the Debtor-in-Possession, and anticipated budgets for professionals employed by Debtor-in-Possession;

     b. Anticipated adversary proceedings, claims hearings, or hearings to estimate claims for confirmation purposes; anticipated disputes regarding secured status of claims;

     c. A description of the Debtor-in-Possession's current business operations;

     d. A description of pending or anticipated motions respecting relief from the automatic stay, adequate protection, use of cash collateral, payroll issues, post-petition credit, or similar "first day" issues;

     e. Whether the Debtor-in-Possession anticipates filing a liquidating or operating plan, and whether pre-confirmation sale of assets under § 363 is anticipated;

     f. Whether the Debtor-in-Possession claims to be a small business under 11 U.S.C. § 101(51D);

     g. A proposed deadline for filing a plan and disclosure statement; and

     h. Other information the Debtor-in-Possession deems germane to the management of the Chapter 11 case.

    3. The Case Management report shall confirm that each of the following requirements have been met, or explain why they have not been, or are not required, and any action being taken to ensure compliance:

     a. That the Debtor-in-Possession has established separate banking facilities, and other cash controls required by the United States Trustee;

     b. That the Debtor-in-Possession has provided the United States Trustee with proof of insurance for all types of insurance that a similarly situated business entity or individual generally would have. The Debtor-in-Possession also should disclose whether it has specific insurable interests for which it has no insurance and the reason it does not have such interest insured;

     c. [If the Debtor-in-Possession is an individual] That the Debtor-in-Possession has sent any notice required by 11 U.S.C. § 1106(a)(8) and (c) to any person holding or asserting a claim for a domestic support obligation; and

     d. Whether the Court should appoint a consumer privacy ombudsman (11 U. S. C. § 332) or a patient care ombudsman (11 U.S.C. § 333).

CASE MANAGEMENT ORDER-2

4. Reports required by this order shall, upon filing, be served on the United States Trustee, the chair of the Creditors' Committee, and counsel for the Creditors' Committee.

5. After submission of the report the Court may, in its discretion, enter an order or orders (1) setting a deadline for submission of a plan and disclosure statement; (2) setting a case management hearing; (3) setting a hearing to consider the Debtor-in-Possession's proposed personal budget; or (4) setting a hearing respecting any discrete issues raised by the case management report.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

CASE MANAGEMENT ORDER-3