Tara J. Schleicher, OSB #954021
tschleicher@fwwlaw.com
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044

Attorneys for Unsecured Creditors Committee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 14-63530-fra11 |
|---|---|
| Laura Lee Hagenauer, | UNSECURED CREDITORS COMMITTEE'S OBJECTION TO KEYBANK'S MOTION TO CONVERT CASE TO CHAPTER 7 |
| Debtor. | |

The Committee of Unsecured Creditors (the "Committee") in the above-captioned case, by and through their counsel, Tara J. Schleicher, hereby files this objection to KeyBank National Association's ("KeyBank") Motion to Convert Case to Chapter 7 (the "Motion to Convert"), which is set for hearing on March 3, 2015 at 2:00 p.m. In support of this objection, the Committee relies upon this memorandum, the Unsecured Creditors Committee's Objection to KeyBank's Motion for Relief from the Automatic Stay as to Debtor's Real Property (the "Objection to Relief from Stay") and the pleadings on file herein.

**A.    Relevant Facts**

The debtor owned and operated Valley Rolling Corporation ("VRC"), an Oregon corporation for a number of years prior to filing this bankruptcy on September 28, 2014. (Amended Schedules (Doc. No. 79), Sch. B, item 13; Amended SOFA (Doc. No. 106), item 1). The debtor also owned DeLaMMC, LLC, an Oregon limited liability company prior to the Petition Date, which in turn owned the commercial real property located at 3071 Schmidt Lane, Hubbard, OR 97032 (the "Real Property") at which VRC operated its business. The debtor

Page 1 of 6 -  UNSECURED CREDITORS COMMITTEE'S PRECAUTIONARY OBJECTION TO DEBTOR'S MOTION FOR USE OF CASH COLLATERAL
P:\DOCS\CREDCO\03808\PLDG\3LA5094.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Case 14-63530-fra11    Doc 124    Filed 02/20/15

1  collapsed the two entities (VRC and DeLaMMC) immediately prior to filing this bankruptcy
2  case in order to avoid three (3) different chapter 11 bankruptcy filings. (Doc. No. 113), p. 2).

3  In addition to this Motion to Convert, KeyBank seeks relief from the automatic
4  stay under 11 USC §362(d)(2) to pursue its state law remedies as to the Real Property. KeyBank
5  also contends it has a security interest in the debtor's personal property, but has not filed a
6  motion for relief from stay as to the personal property. (Doc. No. 111, p. 1) (stating that the bank
7  only seeks relief from stay with respect to the estate's interest in the Real Property).

8  Prepetition, in November of 2013, KeyBank obtained an appraisal of the Real
9  Property at a value of $3,775,000 (Doc. No. 46, p. 7). In November of 2014, KeyBank obtained
10 an updated appraisal at a value of $3.8 million (Doc. No. 111, p. 3). According to KeyBank's
11 appraiser, the Real Property had increased in value in that year.

12 If valid, KeyBank's trust deed against the Real Property is first in priority and
13 KeyBank contends it is owed $1,622,645 on that trust deed. (Doc. No. 111, p. 3). According to
14 KeyBank, there are also Marion County real property tax liens owing of $131,680, which have
15 priority over KeyBank's lien. *Id.*

16 The debtor operates her sheet metal fabrication business at the Real Property.
17 (Doc. No. 110, pp. 1-2). The debtor's latest 2015 report (Doc. No. 123) for the month of January
18 2015 shows net operating income for the month of January 2015 of almost $41,000 prior to
19 adequate protection payments for use of cash collateral that should not be paid (see section C.2.,
20 *infra*). The net income from operations since the beginning of the case has been positive every
21 month, in the double-digits, and totals $167,824 for four months during debtors' slow season. *Id.*

22 The debtor listed accounts receivable as of the petition date of $442,309. The
23 debtor lists a total of $508,237 in accounts receivable ($17,080 in prepetition remaining and
24 $491,157 in post-petition) on her last 2015 report for the period ending January 31, 2015. Doc.
25 No. 123).

26 ///

Page 2 of 6 -   UNSECURED CREDITORS COMMITTEE'S PRECAUTIONARY OBJECTION TO DEBTOR'S
              MOTION FOR USE OF CASH COLLATERAL
              P:\DOCS\CREDCO\03808\PLDG\3LA5094.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Case 14-63530-fra11    Doc 124    Filed 02/20/15

### B.     Applicable Standard to Convert Case and Burden of Proof

To prevail on the Motion to Convert, KeyBank bears the burden of proof to demonstrate that "cause" exists to convert the case to chapter 7 rather than allowing the debtor to reorganize and that it is in the best interests of creditors to convert. 11 USC §1112(b). COLLIER'S states, "[i]n defining the essential role of the cause standard, it is useful to bear in mind the fundamental purposes and limitations of chapter 11 as they relate to section 1112(b)." 7 COLLIER'S ¶1112.04[5][a]. There are "two recognized policies of preserving going concerns and maximizing property available to satisfy creditors." *Bank of America Nat'l Trust & Sav. Ass'n. v. 203 N. LaSalle Street P'ship*, 526 U.S. 434, 435 (1999). "As a general rule, if continuing a particular chapter 11 case would promote the twin goals of preserving viable businesses and maximizing the creditors' return, then the case is probably not a candidate for conversion or dismissal under section 1112(b)." 7 COLLIER'S ¶1112.04[5][a].

There are exceptions to conversion even if cause is found. 11 USC §1112(b)(2). The court may not convert a case to chapter 7 if the court finds unusual circumstances establishing that converting the case is not in the best interests of creditors and the debtor establishes that there is a reasonable likelihood that a plan will be confirmed within the timeframes set forth in the Bankruptcy Code or within a reasonable period of time and the grounds for converting the case include an act or omission of the debtor other than under 1112(b)(4)(A) and such act or omission will be cured within a reasonable period of time fixed by the court.

The Court has discretion to convert or not convert this case. *See, e.g. In re New Rochelle Telephone Corp.*, 397 BR 633, 641 (Bankr. EDNY 2008) (denying a creditor's motion to convert when the chapter 11 debtor's exit strategy was to stay afloat in chapter 11 long enough to find a buyer for its customer base and debtor was in negotiations with potential buyers). In *In re 1031 Tax Group, LLC,* the court denied the United States Trustee's motion to convert the case despite the fact that there was continuing loss to the estate due to mounting administrative costs

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

and lack of new business entering the estate. 374 BR 78, 93 (Bankr. SDNY 2007) (stating that "even if such 'cause' does exist the Court finds that conversion is not in the estates' or the creditors' best interest"). The court,, in denying the motion to convert, noted that the debtors had worked diligently with the creditors committee to file a proposed disclosure statement and plan that could provide creditors with close to full recovery of their claims, stating, "this belies the assertion that the debtors cannot reorganize." *Id.*

KeyBank cites only one example of cause enumerated in the Bankruptcy Code in support of its Motion to Convert. That example is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" under 11 USC §1112(b)(4)(A). KeyBank cites five reasons why it believes that example applies, none of which is supported in fact or law.

First, KeyBank contends the estate is suffering continued losses, listing profits and losses postpetition in paragraph 27 of Ms. Cochran's declaration that do not match the figures set forth on the Exhibits cited in her declaration. Contrary to the loss of $347 that KeyBank cites since the inception of the case (which includes adequate protection payments that should not have been made (see the Committee's Objection to Relief from Stay at section C(2)), the debtor is actually showing a profit after improper adequate protection payments of over $40,000 and over almost $168,000 without such improper payments.

Second, KeyBank contends that the estate is diminishing, asserting that the accounts receivable, the inventory, the equipment and the Real Property have lost value. As set forth in the Relevant Facts section above, that is not true. For some reason, the amounts listed in Ms. Cochran's declaration at paragraph 20 do not match the figures the debtor lists in the operating report segments she cites, attached as Exhibit N to Ms. Cochran's declaration. Rather, the accounts receivable as of the petition date of $442,309. The debtor lists a total of $508,237 in accounts receivable ($17,080 in prepetition remaining and $491,157 in post-petition) on her last 2015 report for the period ending January 31, 2015. Doc. No. 123). While KeyBank may be

Page 4 of 6 - UNSECURED CREDITORS COMMITTEE'S PRECAUTIONARY OBJECTION TO DEBTOR'S MOTION FOR USE OF CASH COLLATERAL
P:\DOCS\CREDCO\03808\PLDG\3LA5094.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Case 14-63530-fra11    Doc 124    Filed 02/20/15

1 arguing that the debtor's original estimation of values for equipment and inventory were
2 overstated, that does not mean the values of the inventory and equipment have declined since the
3 case was commenced. It means the values were overstated. The value of KeyBank's security
4 interest in personal property assets is the amount of its claim to the extent of the estate's value in
5 those assets as of the petition date. 11 USC §506(a)(1). KeyBank has not demonstrated that
6 those values have diminished since the case began and certainly not "substantially." The Real
7 Property has sustained its value and actually increased some according to their own updated
8 appraisal.

9 Third, KeyBank asserts that there is no realistic hope of rehabilitation of the
10 Debtor's business. It is the Committee's understanding that the debtor will be filing a plan the
11 week of February 23rd that provides for the sale of the Real Property within a year from
12 confirmation and which will pay KeyBank in full on its secured claim on the Real Property and a
13 move of the business to more affordable space, which the Committee supports.

14 Fourth, KeyBank makes much of its calculation of possible 503(b)(9) claims and
15 administrative expense claims that may need to be paid by the effective date for the debtor to get
16 a plan confirmed. However, what KeyBank ignores is that the only way for unsecured creditors,
17 including 503(b)(9) claims, to receive any payment in this case, is through a reorganization, not a
18 liquidation. Therefore, those claimants will be motivated to agree to terms other than full
19 payment upon the effective date, if payment by the effective date is not possible, which remains
20 to be seen, particularly if the debtor does not have to make improper and adequate protection
21 payments for use of cash collateral prior to confirmation.

22 The Committee recognizes that if this case converts, the big winner will be
23 KeyBank because it is the first lienholder with respect to both the Real Property and the personal
24 property. Even at forced liquidation values, KeyBank will be made whole on its oversecured
25 claims, assuming they are valid. The Committee urges this Court not to give KeyBank that
26 windfall at the expense of all other parties.

Page 5 of 6 - UNSECURED CREDITORS COMMITTEE'S PRECAUTIONARY OBJECTION TO DEBTOR'S MOTION FOR USE OF CASH COLLATERAL
P:\DOCS\CREDCO\03808\PLDG\3LA5094.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Case 14-63530-fra11    Doc 124    Filed 02/20/15

1         WHEREFORE, the Committee respectfully requests that this Court deny
2 KeyBank's Motion to Convert.
3         DATED: February 20, 2015.
4                               FARLEIGH WADA WITT

6                               By:/s/ Tara J. Schleicher
                                Tara J. Schleicher, OSB #954021
7                               (503) 228-6044
                              tschleicher@fwwlaw.com
8                               Attorneys for Unsecured Creditors Committee

Page 6 of 6 -   UNSECURED CREDITORS COMMITTEE'S PRECAUTIONARY OBJECTION TO DEBTOR'S MOTION FOR USE OF CASH COLLATERAL
P:\DOCS\CREDCO\03808\PLDG\3LA5094.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Case 14-63530-fra11   Doc 124   Filed 02/20/15

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on February 20, 2015 I served the foregoing UNSECURED |
| 3 | CREDITORS COMMITTEE'S OBJECTION TO KEYBANK'S MOTION TO CONVERT |
| 4 | CASE TO CHAPTER 7 on the following parties *via electronic notification, e-mail, facsimile or* |
| 5 | *by depositing a true copy thereof, contained in a sealed envelope, with first-class postage* |
| 6 | *prepaid*, addressed to said parties at the last known address shown below and in the U.S. mail at |
| 7 | Portland, Oregon: |

- JOHN D ALBERT    darlene@shermlaw.com, beth@shermlaw.com
- DAVID ANDERSON    danderson@schwabe.com, docket@schwabe.com;gvance@schwabe.com;ecfpdx@schwabe.com
- RONALD W GOSS    ronald_w_goss@keybank.com, joanne_aponte-morgan@keybank.com
- CHELSEA S LEWANDOWSKI    bmail@wal-lawfirm.com
- SUZANNE C PICKGROBE    suzanne.pickgrobe@sba.gov
- CRAIG G RUSSILLO    crussillo@schwabe.com, lschauer@schwabe.com;docket@schwabe.com;ecfpdx@schwabe.com;bankruptcynotices@schwabe.com;gvance@schwabe.com
- Recovery Management Systems Corporation    claims@recoverycorp.com
- BRANDY A SARGENT    basargent@stoel.com, docketclerk@stoel.com;erheaston@stoel.com
- TARA J SCHLEICHER    tschleicher@fwwlaw.com, dfallon@fwwlaw.com;nlyman@fwwlaw.com
- TED A TROUTMAN    tedtroutman@gmail.com, rusty@muir-troutman.com
- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov
- CAROLYN G WADE    carolyn.g.wade@doj.state.or.us

Paul Harrison
Harrison Management Company
POB 80096
Portland, OR 97280-1096

FARLEIGH WADA WITT

By: /s/ Tara J. Schleicher
Tara J. Schleicher, OSB # 954021
(503) 228-6044
tschleicher@fwwlaw.com
Attorneys for Unsecured Creditors Committee

Page 1 of 1 – CERTIFICATE OF SERVICE
P:\DOCS\CREDCO\03808\PLDG\3LA9029.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Case 14-63530-fra11    Doc 124    Filed 02/20/15