1  Craig G. Russillo, OSB #973875
   SCHWABE, WILLIAMSON & WYATT, P.C.
2  Pacwest Center
   1211 SW 5th Ave., Suite 1900
3  Portland, OR 97204
   Telephone: 503.222.9981 (503) 796-2900
4  E-mail: crussillo@schwabe.com

5  Ronald W. Goss, WSBA #21575
   (admitted *pro hac vice*)
6  KEYBANK LAW GROUP
   WA-31-01-0071
7  1101 Pacific Avenue
   Lower Level
8  Tacoma, WA 98402
   Telephone: (253) 305-7813
9  Fax: (253) 305-7804
   E-mail: ronald_w_goss@keybank.com
10
       Attorneys for KeyBank National Association
11

12            IN THE UNITED STATES BANKRUPTCY COURT

13                FOR THE DISTRICT OF OREGON

14  In re:                          | Chapter 11

15  Laura Lee Hagenauer,            | No. 14-63530-fra11

16             Debtor.              | **KEYBANK'S OBJECTION TO SECOND
                                    | AMENDED DISCLOSURE STATEMENT**
17
                                    | **Hearing Date: September 14, 2015**
18                                  | **Time: 10:00 a.m.**
                                    | **Judge: Honorable Frank Alley**
19

20

21                        **I. INTRODUCTION**

22        KEYBANK NATIONAL ASSOCIATION ("KeyBank"), a secured creditor and party

23  in interest herein, by and through its undersigned attorneys of record, hereby objects to the

24  Debtor's SECOND AMENDED DISCLOSURE STATEMENT filed August 18, 2015 (dkt.

25  #221) (the "Disclosure Statement").

26  / / /

Page 1 -    KEYBANK'S OBJECTION TO SECOND
            AMENDED DISCLOSURE STATEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\KHA\16407367.1

Case 14-63530-fra11    Doc 226    Filed 08/25/15

## II. REQUEST TO TAKE JUDICIAL NOTICE

2

3    KeyBank respectfully requests that the court take judicial notice of the its own files,

4 including the debtor's Monthly Operating Reports, creditors' proofs of claim, and other

5 documents of record.  *See* Fed.R.Evid. 201(d); *Mullis v. U.S. Bankruptcy Court for Dist. of*

6 *Nevada*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987) (judicial notice of bankruptcy file).

7    **III.  STANDARDS GOVERNING ADEQUACY OF DISCLOSURE STATEMENT**

8    3.1    <u>Statutory Standard</u>. A disclosure statement must provide "information of a kind,

9 and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the

10 debtor and the condition of the debtor's books and records, that would enable a hypothetical

11 reasonable investor typical of holders of claims or interests of the relevant class to make an

12 informed judgment about the plan." 11 U.S.C. § 1125(a)(1); *see In re Michelson,* 141 B.R. 715,

13 725 (Bankr. E.D.Cal.1992).  Courts determine the adequacy of each disclosure statement on a

14 case-by-case basis.  *In re Brotby*, 303 B.R. 177, 193 (BAP 9th Cir. 2003).

15    3.2    <u>Factors Bearing on Success or Failure of Plan</u>. Generally, a disclosure statement

16 should contain "all those factors presently known to the plan proponent that bear upon the

17 success or failure of the proposals contained in the plan." *In re The Stanley Hotel*, 13 B.R. 926,

18 929 (Bankr. D. Colo. 1981).

19    3.3    <u>Mislead Creditors</u>. Where inadequacies in a disclosure statement may induce a

20 creditor to vote on a plan that is based on the disclosure statement that they might not otherwise

21 approve, an objection to the adequacy of the disclosure statement is proper.  *In re Perez*, 30 F.3d

22 1209, 1217 (9th Cir. 1994).

23    3.4    <u>Nonconfirmable Plan</u>.  Where a disclosure statement describes a plan which is

24 incapable of confirmation, it should not be approved.  *In re Phoenix Petroleum Co.*, 278 B.R.

25 385, 393 (Bankr.E.D.Pa. 2001); *In re Dow Corning Corp.*, 237 B.R. 380, 384 (Bankr. E.D. Mich.

26 1999); *In re Markey Square Inn, Inc.*, 163 B.R. 64, 68 (Bankr. W.D. Pa. 1994); *In re Cardinal*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

*Congregate I*, 121 B.R. 760, 764 (Bankr.S.D.Ohio 1990).

## IV. SPECIFIC OBJECTIONS

KeyBank's objections fall into two categories: (1) objections pertaining to inaccurate or misleading information and matters that might be capable of correction through drafting revisions (Objections 1-3); and (2) objections based on the debtor's financial condition and projections, which demonstrative that her plan is nonconfirmable (Objections 4-10).

4.1 __Objection One__: __The Disclosure Statement Contains Inaccurate and Misleading Information about the Debtor's Operations and Profitability__.

The Disclosure Statement states, "Since the filing of the bankruptcy [case] Debtor has had an operating profit of over $98,176.00 after servicing of the secured debt and payment of $2,000 per month to IRS and $4,000 per month to property taxes through March 2015." Disclosure Statement, at 6. This is untrue. The debtor has *not* "serviced" its secured debt, at least not in the ordinary sense of making regularly payments of principal and interest to each secured creditor.

The Bankruptcy Court entered four orders between the petition date and March 1, 2015 (on October 15, 2014 (dkt. #37), November 18, 2014 (dkt. #60), and January 7, 2015 (dkt. #94)), conditioning use of cash collateral and specifying payments to secured creditors, as follows:

| | |
|---|---|
| KeyBank | $19,909 |
| SBA | $ 6,427 |
| Oregon Business Dev. Comm. | $ 4,250 |
| Valley Dev. Initiatives (COG) | $ 1,781 |
| Marion County Tax Collector | $ 4,000 |
| IRS | $ 2,000 |
| | $38,367 |

The last cash collateral order was the Stipulated Final Order for Use of Cash Collateral (March 25, 2015) (dkt. #153), which terminated monthly payments to Oregon Business Development Commission, SBA, the Marion County Tax Collector. *Id.*, ¶ 10. Other secured

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

creditors (*e.g.*, State of Oregon, Cascadia Metals, Inc., AMCI, Fora Financial) have not received *any* payments since the filing date.

Therefore, it is inaccurate to claim that the debtor has "serviced" its secured debt throughout the pendency of this case.

4.2 **Objection Two**: **The Disclosure Statement Contains Inaccurate and Misleading Information about the DeLaMMC Building and Distribution of Proceeds**.

4.2.1 "Listing" the DeLaMMC Building for Sale. The Disclosure Statement states that commercial building located at 3071 Schmidt Lane NE, Hubbard, Oregon, formerly owned by DeLaMMC, LLC (the "DeLaMMC Building"), "will be immediately listed" for sale. *See* Disclosure Statement, at 16 & 22. This is inaccurate. The property was listed with Coldwell Banker Commercial on or about May 6, 2015, and has been on the market for more than three months without receiving any purchase offers. *See* Order Authorizing Debtor to Employ Real Estate Broker (May 6, 2015) (dkt. #167).

4.2.2 Proposed Distribution of Sale Proceeds. The debtor's proposed treatment of the proceeds from a sale of the DeLaMMC Building violates the lien rights of the Marion County Tax Collector, thus rendering the Plan, as presently written, nonconfirmable.

The DeLaMMC Building is subject to the following liens:

| Lienholder | Amount | Proof of Claim |
|---|---|---|
| Marion County Tax Collector (real property taxes) | $ 131,680.15 | (POC #9) |
| KeyBank (1st priority Deed of Trust) | $1,622,645.00 | (POC #21) |
| SBA (2nd priority Deed of Trust) | $ 860,448.55 | (POC #26) |
| Oregon Bus. Dev. Comm. (3rd priority Deed of Trust) | $ 706,588.97 | (POC #32) |
| Cascadia Metals, Inc. (4th priority Deed of Trust) | $ 634,357.58 | (POC #17) |
| IRS--federal tax liens | $ 514,014.53 | (POC #6) |
| **Total** | **$4,469,734.78** | |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

1   The Disclosure Statement describes the treatment of the "Impaired Secured Claim of
2   Marion County" (Class 8), as follows: "Debtor will pay $4,000 for the past due property taxes
3   each month and pay current taxes as they come due in 3 monthly installments as allowed by
4   the County." Disclosure Statement, at 24. At $4,000 per month, it will take more than 30
5   months to pay the past due taxes secured by the DeLaMMC Building.
6
7   The projections accompanying the Disclosure Statement show that Marion County will
8   not receive *any* proceeds from the sale of the DeLaMMC Building, while junior lienholders,
9   holders of § 503(b)(9) administrative claims, and even the debtor herself will share in the
10  proceeds. *See id.*, Exhibit C, p. 4 of 20. According to the debtor's projections, the settlement
11  statement will look like this:
12

|                               |                    |
|-------------------------------|--------------------|
| Sale Price                    | $3,800,000[1]      |
| Less costs of sale            | ($   228,000)      |
| Cash to seller at closing     | $3,572,000         |
|                               |                    |
| Payoff KeyBank                | ($1,605,401)       |
| Payoff SBA                    | ($   860,449)      |
| Payoff OBDC.                  | ($   643,000)[2]   |
| Pmt to Cascadia Metals        | ($   290,000)      |
| Pmt. to §503(b)(9) claimants  | ($       7,611)    |
| Capital gains taxes           | ($   137,230)      |
|        Net cash to debtor     | $28,309            |

*Id.*

19
20  / / /
21  / / /
22  / / /
23
24      [1] Curiously, the debtor projects a sale price for the DeLaMMC Building that is $25,000 *more* than the $3,775,000 price at which the property has been listed since early May.
25      [2] The Disclosure Statement does not explain why the proposed $643,000 distribution to Oregon Business Development Commission is *less* than the secured creditor's $706,589 secured
26  claim. *See* POC #32.

Page 5 -    KEYBANK'S OBJECTION TO SECOND
            AMENDED DISCLOSURE STATEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\KHA\16407367.1

Section 363(f) sets forth several grounds under which a "free and clear" sale may be authorized:

>    (1)  Applicable nonbankruptcy law permits such sale;
>
>    (2)  The entity with an interest in the property consents to the sale;
>
>    (3)  The value of the property is greater than the amount secured by all liens against the property;
>
>    (4)  The lien is in bona fide dispute; or
>
>    (5)  The secured creditor could be compelled in a legal or equitable proceeding to accept a money satisfaction of its interest in the property.

11 U.S.C. § 363(f).

Section 363(f) does not allow the debtor to "strip" Marion County's lien and substitute an unsecured promise to make monthly payments in the amount of $4,000 until its $131,680.15 claim (*see* POC #9) is satisfied.

The debtor's proposed treatment of Cascadia Metals set forth in her projections differs from the treatment described in the text of the Disclosure Statement. The text of the Disclosure Statement states: "Cascadia will receive all funds left after payment of the priori liens." Disclosure Statement at 24. This language cannot be reconciled with the projections showing payment to holders of § 503(b)(9) claims and $28,309 "net cash" to the debtor.

4.3   **Objection Three:  The Treatment of Agnes Hagenauer's Unsecured Claim Violates § 502(d)**.  The Schedules list Agnes Hagenauer as a general unsecured creditor holding a $259,000 claim. *See* Schedule F (Oct. 12, 2014) (dkt. #32). The Disclosure Statement notes that the estate has a $21,189.58 insider preference claim against her mother-in-law, Agnes Hagenauer. Disclosure Statement, at 11; Statement of Financial Affairs, Item #3 (dkt. #32).

The Disclosure Statement states that the debtor will *not* pursue the claim, but, instead,

Page 6 -   KEYBANK'S OBJECTION TO SECOND
           AMENDED DISCLOSURE STATEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\KHA\16407367.1

will postpone repayment of Ms. Hagenauer's until five years following confirmation "because the majority of the unsecured will be paid" by then. Disclosure Statement, at 11.

The debtor is not required to pursue every litigation claim, but must act in the best interest of the estate. If the claim against Agnes Hagenauer is of doubtful collectability, the debtor does not have to expend resources to obtain a judgment. Nonetheless, even if the debtor's intentions are benign, 11 U.S.C. § 502(d) states unequivocally that the court must disallow the claim of any person who received a preference, unless the person repays the preferential transfer.

4.4　**Objection Four:　The Debtor's Business does not Generate Sufficient Income to Fund the Plan.**

At the meeting of creditors, the debtor testified that her business must generate monthly sales of at least $600,000 to break even:

| | |
|---|---|
| MR. BECKER: | Do you know what volume of sales you need to break even every month? . . . |
| MS. HAGENAUER: | Yes, I do— |
| MR. BECKER: | And what is— |
| MS. HAGENAUER: | --600,000 gets us where we need to be to break even. . . . |
| MR. BECKER: | So you need 600,000 in the door to break even every month? |
| MS. HAGENAUER: | Correct. |

*See* Transcript of 341 Meeting of Creditors, 81-82 (Nov. 3, 2014), excerpt attached hereto as Exhibit "1".

/ / /

/ / /

/ / /

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

During the ten-month period, October 2014 through July 2015, the debtor's monthly sales exceeded $600,000 just twice:

| Month | Sales | Source Document |
|-------|-------|-----------------|
| Oct. | $741,307 | UST-31 for October 2014 (dkt. #66) |
| Nov. | $534,544 | UST-31 for November 2014 (dkt. #86) |
| Dec. | $548,709 | UST-31 for December 2014 (dkt. #99) |
| Jan. | $501,063 | UST-31 for January 2015 (dkt. #123) |
| Feb. | $474,778 | UST-31 for February 2015 (dkt. #150) |
| March | $522,503 | UST-31 for March 2015 (dkt. #159) |
| April | $470,353 | UST-31 for April 2015 (dkt. #173) |
| May | $534,934 | UST-31 for May 2015 (dkt. #179) |
| June | $470,353 | UST-31 for June 2015 (dkt. #211) |
| July | $609,157 | Weekly Cash Collateral Report (7-31-14) |

The Disclosure Statement acknowledges that "in order for the Second Amended Plan to be feasible, the Debtor needs cash flow before plan payments of approximately $60,000 per month". *See* Disclosure Statement, at 17.

When payments authorized by the cash collateral orders are backed out, the debtor's financial reports show that her monthly net income reached over $60,000 only twice over the ten months this case has been pending:

| Month | Total Sales | Total Expenses | Net Income | Source Document |
|-------|-------------|----------------|------------|-----------------|
| Oct. 2014 | $741,307 | $675,007 | $66,300 | UST-31 (dkt. #66) |
| Nov. 2014 | $534,544 | $509,977 | $24,567 | UST-31 (dkt. #86) |
| Dec. 2014 | $548,709 | $513,411 | $35,298 | UST-31 (dkt. #99) |
| Jan. 2015 | $501,063 | $460,072 | $40,991 | UST-31 (dkt. #123) |
| Feb. 2015 | $474,778 | $445,645 | $29,113 | UST-31 (dkt #150) |
| March 2015 | $522,503 | $494,464 | $28,039 | UST-31 (dkt. #159) |
| April 2015 | $470,353 | $446,948 | $23,405 | UST-31 (dkt. #173) |
| May 2015 | $534,934 | $495,220 | $39,714 | UST-31 (dkt. #185) |
| June 2015 | $470,353 | $446,948 | $23,405 | UST-31 (dkt. #211) |
| July 2015 | $609,157 | $538,607 | $70,550 | (Wkly. Rep. 7-31-14) |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

1  The Disclosure Statement admits:

> 2  Debtor's cash flows since the date of filing show that Debtor has had average
> 3  income from Valley Rolling of <u>approximately $35,000 per month</u> before items to
> be paid through the Second Amended Plan.

4

5  Disclosure Statement, at 17 (emphasis added).

6  4.5  **Objection Five:  The Debtor's Revenue Projections are Inflated.**

7  The Disclosure Statement claims that projections of future income are based on the prior

8  year's *actual* income, increased by 5%, with a corresponding increase in expenses of only 3%.

9  *See* Disclosure Statement, at 17 ("The cash flow projections include a 5% increase per year in

10  gross sales and a 3% increase in expenses.").  This representation is demonstrably false.

11  A simple comparison of the debtor's available revenue figures with the Disclosure

12  Statement's projections shows that in most cases the monthly revenue since the inception of this

13  case has been less than monthly revenue from the previous year, yet *all* the Disclosure

14  Statement's projections of future income show revenue increases *substantially greater than 5%.*

15  At best, the debtor's "5% increase in revenue, 3% increase in costs" statement is a negligent

16  misrepresentation, at worst an outright deception.

17  Between January 2015 and July 2015, every month but one the debtor's income was less

18  than in the corresponding month in 2014.

| 19 | **January 2014 (actual)** | **January 2015 (actual)** | **Variance** |
|----|---------------------------|---------------------------|--------------|
| 20 | $518,856 | $501,063 | 3.43% decrease |

21  Source:  Disclosure Statement, Exhibit B; UST-31 (dkt. #123).

| 22 | **February 2014 (actual)** | **February 2015 (actual)** | **Variance** |
|----|----------------------------|----------------------------|--------------|
| 23 | $431,798 | $474,778 | 9.95% increase |

24  Source:  Disclosure Statement, Exhibit B; UST-31 (dkt. #150).

25  / / /

26  / / /

Page 9 -  KEYBANK'S OBJECTION TO SECOND
          AMENDED DISCLOSURE STATEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\KHA\16407367.1

Case 14-63530-fra11    Doc 226    Filed 08/25/15

| **March 2014 (actual)** | **March 2015 (actual)** | **Variance** |
|---|---|---|
| $533,334 | $522,503 | 2.03% decrease |

Source:  Disclosure Statement, Exhibit B; UST-31 (dkt. #159).

| **April 2014 (actual)** | **April 2015 (actual)** | **Variance** |
|---|---|---|
| $583,702 | $470,353 | 19.42% decrease |

Source:  Disclosure Statement, Exhibit B; UST-31 (dkt. 173).

| **May 2014 (actual)** | **May 2015 (actual)** | **Variance** |
|---|---|---|
| $626,446 | $535,934 | 14.45% decrease |

Source:  Disclosure Statement, Exhibit B; UST-31 (dkt. #185).

| **June 2014 (actual)** | **June 2015 (actual)** | **Variance** |
|---|---|---|
| $715,379 | $550,335 | 23.07% decrease |

Source: Disclosure Statement, Exhibit B; UST-31 (dkt. #211).

| **July 2014 (actual)** | **July 2015 (actual)** | **Variance** |
|---|---|---|
| $678,820 | $609,157 | 10.26% decrease |

Source:  Disclosure Statement, Exhibit B; Cash Collateral Report (week ended 7/31/15).

Beginning August 2015, however, the debtor's projections consistently show revenue increases *greater than 5%.*

| **August 2014 (actual)** | **August 2015 (projected)** | **Variance** |
|---|---|---|
| $816,756 | $887,672 | 8.68% increase |

Source:  Disclosure Statement, Exhibit B.

| **September 2014 (actual)** | **September 2015 (projected)** | **Variance** |
|---|---|---|
| $813,542 | $909,614 | 11.81% increase |

Source:  Cash Collateral Report (November 15, 2014); Disclosure Statement, Exhibit B.

/ / /

/ / /

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

|  | October 2014 (actual) | October 2015 (projected) | Variance |
|---|---|---|---|
|  | $741,307 | $887,672 | 19.74% increase |

Source: UST-31 (dkt. #66); Disclosure Statement, Exhibit B.

|  | November 2014 (actual) | November 2015 (projected) | Variance |
|---|---|---|---|
|  | $534,544 | $852,184 | 59.42% increase |

Source: UST-31 (dkt. 86); Disclosure Statement, Exhibit B.

|  | December 2014 (actual) | December 2015 (projected) | Variance |
|---|---|---|---|
|  | $548,709 | $576,599 | 5.08% increase |

Source: UST-31 (dkt. #99); Disclosure Statement, Exhibit B.

|  | January 2015 (actual) | January 2016 (projected) | Variance |
|---|---|---|---|
|  | $501,063 | $591,798 | 18.11% increase |

Source: UST-31 (dkt. #123); 2016-2025 Projections (Excel spreadsheet), delivered by debtor to KeyBank (8/20/15).

|  | February 2015 (actual) | February 2016 (projected) | Variance |
|---|---|---|---|
|  | $474,778 | $581,360 | 22.45% increase |

Source: UST-31 (dkt. #150); 2016-2025 Projections (Excel spreadsheet), delivered by debtor to KeyBank (8/20/15).

|  | March 2015 (actual) | March 2016 (projected) | Variance |
|---|---|---|---|
|  | $522,503 | $639,841 | 22.46% increase |

Source: UST-31 (dkt. #159); 2016-2025 Projections (Excel spreadsheet), delivered by debtor to KeyBank (Aug. 20, 2015)

|  | April 2015 (actual). | April 2016 (projected) | Variance |
|---|---|---|---|
|  | $470,353 | $690,407 | 46.79% increase |

Source: UST-31 (dkt. #173); 2016-2025 Projections (Excel spreadsheet), delivered by debtor to KeyBank (8/20/15)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

| **May 2015 (actual).** | **May 2016 (projected)** | **Variance** |
| --- | --- | --- |
| $534,934 | $773,896 | 44.67% increase |

Source: UST-31 (dkt. #185); 2016-2025 Projections (Excel spreadsheet), delivered by debtor to KeyBank (8/20/15).

| **June 2015 (actual)** | **June 2016 (projected)** | **Variance** |
| --- | --- | --- |
| $550,335 | $854,735 | 55.31% increase |

Source: UST-31 (dkt. #211); 2016-2025 Projections (Excel spreadsheet), delivered by debtor to KeyBank (Aug. 20, 2015)

| **July 2015 (actual)** | **July 2016 (projected)** | **Variance** |
| --- | --- | --- |
| $609,157 | $849,440 | 39.45% increase |

Source: Weekly Cash Collateral Report (week ended July 31, 2015); 2016-2025 Projections (Excel spreadsheet), delivered by debtor to KeyBank (Aug. 20, 2015).

Accurate disclosure is vital in Chapter 11. The drafters of the Bankruptcy Code intended the disclosure statement to be creditors' primary source of information about the debtor and the plan of reorganization. *See In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir.1985) (a disclosure statement must, as a whole, "give creditors information necessary to decide whether to accept the plan"). Disclosed information must be understandable, complete and, above all, correct. Material misrepresentations, like the "5% increase in sales, 3% increase in costs" claim, merit the strongest condemnation.

4.6 **Objection Six: If Sales Increase by 5% and Costs Increase by 3%, the Plan Isn't Feasible.**

The debtor should have known that the projections contain revenue increases far greater than 5%, as claimed in the Disclosure Statement. Whether the misrepresentation was made with specific intent to mislead creditors, or due to negligence, the simple fact is that a 5% increase in sales, with corresponding cost increases of 3%, will not produce sufficient revenue to fund the

Page 12 - KEYBANK'S OBJECTION TO SECOND
AMENDED DISCLOSURE STATEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\KHA\16407367.1

Case 14-63530-fra11     Doc 226     Filed 08/25/15

plan, as shown by the table below.

**October 2015.**

| | |
|---|---|
| October 2014 Sales | $741,307 |
| October 2014 Costs | ($675,007) |
| | |
| 5% increase in October 2014 Sales | $778,372 |
| 3% increase in October 2014 Costs | $695,257 |
| Cash Available to fund plan | $ 83,115 |
| October 2015 plan payments | $143,585 |
| **Shortfall** | **($60,470)** |

Source: UST-31 (dkt. #66) (Oct. 2014 sales and costs), Exhibit C, p. 2 of 20 (Oct. 2015 plan payments).

**November 2015**.

| | |
|---|---|
| November 2014 Sales | $534,544 |
| November 2014 Costs | ($509,977) |
| | |
| 5% increase in November 2014 Sales | $561,271 |
| 3% increase in November 2014 Costs | $525,276 |
| Cash Available to fund plan | $ 35,995 |
| November 2015 plan payments | $ 80,316 |
| **Shortfall** | **($44,321)** |

Source: UST-31 (dkt. #86) (Nov. 2014 sales and costs), Exhibit C, p. 3 of 20 (Nov. 2015 plan payments).

**December 2015**.

| | |
|---|---|
| December 2014 Sales | $548,709 |
| December 2014 Costs | ($513,411) |
| | |
| 5% increase in December 2014 Sales | $576,144 |
| 3% increase in December 2014 Costs | $528,126 |
| Cash available to fund plan | $ 48,018 |
| December 2015 plan payments | $ 51,661 |
| **Shortfall** | **($ 3,643)** |

Source: UST-31 (dkt. #99) (Dec. 2014 sales and costs), Exhibit C, p. 3 of 20 (Dec. 2015 plan payments).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

**January 2016**.

| | |
|---|---|
| January 2015 Sales | $501,063 |
| January 2015 Costs | ($460,072) |
| | |
| 5% increase in January 2015 Sales | $526,116 |
| 3% increase in January 2015 Costs | $473,874 |
| Cash Available to fund plan | $ 52,242 |
| January 2016 plan payments | $ 74,317 |
| **Shortfall** | **($22,075)** |

Source UST-31 (dkt. #123) (Jan. 2015 sales and costs), Disclosure Statement, Exhibit C, p. 3 of 20 (Jan. 2015 plan payments).

**February 2016**.

| | |
|---|---|
| February 2015 Sales | $474,778 |
| February 2015 Costs | ($445,645) |
| | |
| 5% increase in February 2015 Sales | $498,517 |
| 3% increase in February 2015 Costs | $458,417 |
| Cash Available to fund plan | $ 40,100 |
| February 2016 plan payments | $ 59,110[3] |
| **Shortfall** | **($19,010)** |

Source:  UST-31 (dkt. #150) (Feb. sales and costs); Disclosure Statement, Exhibit C, p. 3 of 20 (Feb. 2015 plan payments).

**March 2016**.

| | |
|---|---|
| March 2015 Sales | $522,503 |
| December 2015 Costs | ($494,464) |
| | |
| 5% increase in March 2015 Sales | $548,628 |
| 3% increase in March 2015 Costs | $509,297 |
| Cash available to fund plan | $ 39,331 |
| March 2016 plan payments | $ 55,987 |
| **Shortfall** | **($16,656)** |

Source:  UST-31 (dkt. #159) (March sales and costs); Disclosure Statement, Exhibit C, p. 3 of 20 (March 2015 plan payments).

/ / /

/ / /

/ / /

/ / /

---

[3] Payments do not include secured creditors receiving payments from sale of DeLaMMC Building (projected to close in February).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

1  **April 2016**.

2          April 2015 Sales                          $470,353
           April 2015 Costs                         ($446,948)

3          5% increase in April 2015 Sales          $493,871
4          3% increase in April 2015 Costs          $460,356
           Cash available to fund plan              $ 33,515
5          April 2016 plan payments                 $ 57,188
                                    **Shortfall**   **($23,673)**

6      Source:  UST-31 (dkt. #173) (April sales and costs); Disclosure Statement, Exhibit C, p.
7  3 of 20 (April 2015 plan payments).

8  **May 2016**.

           May 2015 Sales                           $534,934
9          May 2015 Costs                           ($495,220)

10         5% increase in May 2015 Sales            $561,681
           3% increase in May 2015 Costs            $510,077
11         Cash available to fund plan              $ 51,604
           May 2016 plan payments                   $ 53,674
12                                  **Shortfall**   **($2,070)**

       Source:  UST-31 (dkt. #185) (May sales and costs); Disclosure Statement, Exhibit C, p. 3
13 of 20 May 2015 plan payments).

14 **June 2016**.

15         June 2015 Sales                          $470,353
           June 2015 Costs                          ($446,948)

16         5% increase in June 2015 Sales           $493,871
17         3% increase in June 2015 Costs           $469,295
           Cash available to fund plan              $ 24,576
18         June 2016 plan payments                  $ 60,344
                                    **Shortfall**   **($35,768)**

19     Source:  UST-31 (dkt. #211) (June sales and costs); Disclosure Statement, Exhibit C, p. 3

20 of 20 May 2015 plan payments).

21

22     "A critical issue in assessing the feasibility of a plan which provides for the debtor's

23 continued operation is whether the debtor can generate 'sufficient cash flow to fund and maintain

24 both its operations and obligations under the plan.'" *In re Trevarrow Lanes, Inc.*, 183 B.R. 475,

25 482 (Bankr. E.D. Mich. 1995)(quoting *In re SM 104 Ltd.*, 160 B.R. 202, 234 (Bankr. S.D. Fla.

26 1993)). "Specifically, a plan proponent must show that its projections of future earnings and

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

1  expenses are derived from realistic and reasonable assumptions and that it has the ability to make

2  the proposed payments." *In re Rivers End Apartments, Ltd.*, 167 B.R. 470, 476 (Bankr. S.D.

3  Ohio 1994).

4      In this case, the debtor's Disclosure Statement represents that revenue projections assume

5  5% increase in sales, and 3% increase in costs.  Disclosure Statement, at 17.  The "assumptions"

6  upon which these figures are based are "an improving economy" and "to account for inflation."

7  *Id*.  The court does not have to consider whether these assumptions are "realistic and reasonable"

8  because, realistic or not, a 5% increase in revenue with a 3% increase in costs will not be

9  adequate to fund the plan.

10

11    4.7    **Objection Seven:    The Estate is Administratively Insolvent and not all**

12 **Administrative Claimants have Consented to "Other Treatment" of Their Claims.**

13    The estate was administratively insolvent the moment it sprang into existence.  On the

14 filing date, § 503(b)(9) claims totaled $365,303.  *See* Atlas Bolt & Screw POC #30 ($20,067),

15 Cascadia Metals POC #18 ($137,544), Penske POC #29 ($25,976), Service Partners POC #27

16 ($7,350), West Coast Metals POC #31 ($174,456).  On the filing date, the debtor's total cash was

17 only $8,663.  *See* Schedule B, Items 1 & 2 (filed October 12, 2014) (dkt. #32).

18    Over the life of this case the estate has become increasingly administratively insolvent.

19 According to the Disclosure Statement, professional fees have added approximately $219,275 to

20 total administrative claims, and these fees are expected to reach $250,000 by confirmation.  *See*

21 Disclosure Statement, at 3.  As a result, total administrative claims to date are approximately

22 $589,668.

23    The debtor's most recent bank account statements (for July 2015) reveal that the estate

24 has *total cash* of only $24,294.97.

25 ///

26 ///

Page 16 -    KEYBANK'S OBJECTION TO SECOND
             AMENDED DISCLOSURE STATEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\KHA\16407367.1

Case 14-63530-fra11    Doc 226    Filed 08/25/15

The debtor's bank account statements also show that the estate has never had sufficient cash to pay administrative expenses:

| | |
|---|---|
| September 2014--ending balance all accounts: | $16,439.06 |
| October 2014--ending balance all accounts: | $28,180.95 |
| November 2014--ending balance all accounts: | $88,436.05 |
| December 2014--ending balance all accounts: | $25,500.47 |
| January 2015--ending balance all accounts: | $20,434.01 |
| February 2015--ending balance all accounts: | $14,930.00 |
| March 2015--ending balance all accounts: | $    580.28 |
| April 2015--ending balance all accounts: | $17,152.10 |
| May 2015--ending balance all accounts: | $15,173.29 |
| June 2015--ending balance all accounts: | $15,890.07 |
| July 2015--ending balance all accounts: | $24,294.97 |

*See* Cochran Decl., ¶ 11 & Exhibit "6".

The court cannot "cramdown" a plan that does not pay administrative claimants in full on the effective date. Each claimant must either receive full payment or agree to a "different" treatment. 11 U.S.C. § 1129(a)(9)(A). Even assuming that the debtor's attorney, her financial advisor and the attorney for the Creditors' Committee join Cascadia Metals and West Coast Metals and waive their right to payment on the effective date, there can be no assurance that other administrative claimants, namely, Atlas Bolt & Screw (<u>$20,067</u>), Service Partners (<u>$7,350</u>), and Penske Truck Leasing (<u>$25,976</u>) will also agree, and if they do not agree, that the estate will have adequate cash to pay them in full.

4.8     **Objection Eight: The "Accrued Administrative Account" is Underfunded.**

In lieu of paying holders of allowed administrative claims 100% of their claims on the effective date, the Disclosure Statement reveals that the debtor proposes to make an initial pro rata distribution in the amount of <u>$72,000</u> (equal to about 11.7% of the approximately <u>$615,000</u>

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

in claims), with the balance to be paid over time. *See* Disclosure Statement, at 3, 18.

This initial distribution to holders of administrative claims is to be made from a so-called "Accrued Administrative Account," *id.*, created pursuant to the Stipulated Final Order for Use of Cash Collateral (the "Stipulated Order") (March 25, 2015) (dkt. #153). The Stipulated Order directed the debtor to stop making monthly payments to Oregon Business Development Commission, SBA, Marion County and the IRS, and instead deposit $18,458 per month into a separate account earmarked for partial payment of administrative expenses. *See* Stipulated Order, ¶ 10.

The debtor's revenue since March has been insufficient to allow her to comply with the Stipulated Order, and as a result the Accrued Administrative Account is significantly underfunded.

As of July 31, 2015, the Accrued Administrative Account (DIP account ending 6461) had only $20,918.76 on deposit, one-fourth of the amount required by the Stipulated Order. A true and correct copy of the July 2015 bank statement for the Accrued Administrative Account is attached hereto as Exhibit "2".

Had the debtor complied with the Stipulated Order, the Accrued Administrative Account would have had $73,832 on deposit at the end of July 2015.

With only $20,918 in the Accrued Administrative Account, it is highly unlikely the debtor will be able to "catch up" and grow the account to $72,000 by the confirmation hearing.

4.9 **Objection Nine:** **The Debtor's Relocation Costs Following Sale of the DeLaMMC Building are Unfunded.**

The Stipulated Order on Various Motions entered March 5, 2015 (dkt. #146) placed an outside limit on how long the debtor is allowed to market and sell the DeLaMMC Building. *Id.*, ¶ 7(g). If a sale does not close by February 1, 2016, the automatic stay will terminate and the DeLaMMC Building shall be abandoned without notice or any further action on the part of

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

KeyBank. *Id.* As of the date of this objection, the debtor has not received a single offer to purchase the DeLaMMC Building.

If the debtor sells the DeLaMMC Building and the new owner does not lease back a portion of the space to the debtor, the debtor will have to relocate her business. The debtor estimates that moving expenses will total $83,851. *See* Disclosure Statement, at 16. The debtor's projections do not provide for this expense. Additionally, the Disclosure Statement estimates that rent at a new facility will be approximately $28,875 per month. *Id.*, at 15. The debtor's projections budget only $25,000 per month for rent, leaving the balance of the rent unfunded.

As of July 31, 2015, the debtor only had $2,662 in her operating account (the remaining cash, $20,918, is in the Accrued Administrative Account earmarked for administrative claims). *See* § 4.6, *supra*. If there is any surplus revenue, it will likely be used to "catch up" the missed deposits to the underfunded Accrued Administrative Account, not to fund moving expenses.

4.10 **Objection Ten: Litigation Expenses are Unfunded.**

The Stipulated Order on Various Motions (dkt. #146) granted the creditors' committee standing to pursue avoidance claims against Cannonball HMP, LLC, Fora Financial Services, and Bank of America. *See* Stipulated Order, ¶ 4. The Disclosure Statement does not describe what, if any, actions the committee has taken regarding the claims.

The Disclosure Statement does not include a litigation budget and her projections do not allocate any funds for payment of the fees and costs of litigation. *See* Disclosure Statement, Exhibit C, "Plan Payments." The Disclosure Statement provides only: "If the Creditors' Committee is unsuccessful in the litigation, costs of the litigation will be an administrative expense, which will be paid for by the Debtor." *Id.*, at 13. Success or failure will not be known for many months, possibly years, during which legal fees will be incurred to investigate and

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\KHA\16407367.1

Case 14-63530-fra11    Doc 226    Filed 08/25/15

analyze the avoidance claims, prepare pleadings, conduct discovery, engage in motion practice, and otherwise manage the litigation.

The most substantial litigation claims are a $621,294 preference claim and a $1 million constructively fraudulent transfer claim against Bank of America. *See* Unsecured Creditors' Committee's Motion for Authority to Pursue Avoidance Actions, at 1-2 (February 3, 2015) (dkt. #107).[4] These are not garden variety preference or fraudulent transfer claims, but novel variations that are certain to be vigorously opposed. Absent the means to fund this litigation, which does not appear from the debtor's projections, the claims, if meritorious, should be pursued by a Chapter 7 trustee, who could employ counsel on a contingent fee basis.

## V. CONCLUSION

The debtor's Plan is not confirmable. Revenue projections are inflated; a 5% increase in sales is inadequate to fund the plan; § 503(b)(9) claimants have not accepted the proposed "other treatment"; the Accrued Administrative Account is underfunded; relocation costs are unfunded; rent projections are less than the anticipated rent; and avoidance litigation is unfunded.

As a matter of public policy and judicial economy the Disclosure Statement should not be approved. The court should not allow the solicitation and plan confirmation process to proceed when it is clear that the Plan cannot be confirmed.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] The potential claim against Fora Financial involves alleged preference payments totaling $58,430, and the claim against Cannonball HNP is for an alleged preference in the amount of $15,000. *See* Disclosure Statement, at 12.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

1     WHEREFORE, KeyBank respectfully requests that the court find that the debtor's

2 proposed Disclosure Statement does not provide adequate information to creditors and describes

3 a plan of reorganization that is nonconfirmable, and, accordingly, enter an order denying

4 approval of the debtors' Disclosure Statement.

5     Dated this 25th day of August, 2015.

6

7                                 SCHWABE, WILLIAMSON & WYATT, P.C.

8                              By:    /s/ Craig G. Russillo

9                                      Craig G. Russillo, OSB #973875
                                      Email:  crussillo@schwabe.com

10                              KEYBANK LAW GROUP

11                            By:    */s/ Ronald W. Goss*

12                                      Ronald W. Goss, WSBA #21575
                                      Email:  ronald_w_goss@keybank.com

13                                      Admitted *pro hac vice*

14                              Attorneys for KeyBank

15

16

17

18

19

20

21

22

23

24

25

26

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2015, I caused to be served the foregoing **KEYBANK'S OBJECTION TO SECOND AMENDED DISCLOSURE STATEMENT**, via ECF on:

- JOHN D ALBERT    darlene@shermlaw.com, beth@shermlaw.com
- DAVID ANDERSON    danderson@schwabe.com, docket@schwabe.com;gvance@schwabe.com;ecfpdx@schwabe.com
- SCOTT D FINK    bronationalecf@weltman.com
- RONALD W GOSS    ronald_w_goss@keybank.com, joanne_aponte-morgan@keybank.com
- CHELSEA S LEWANDOWSKI    bmail@wal-lawfirm.com
- SUZANNE C PICKGROBE    suzanne.pickgrobe@sba.gov, rhonna.kollenkark@sba.gov
- CRAIG G RUSSILLO    crussillo@schwabe.com, lschauer@schwabe.com;docket@schwabe.com;ecfpdx@schwabe.com;bankruptcynotices@schwabe.com;gvance@schwabe.com
- Recovery Management Systems Corporation    claims@recoverycorp.com
- BRANDY A SARGENT    basargent@stoel.com, docketclerk@stoel.com;erheaston@stoel.com
- TARA J SCHLEICHER    tschleicher@fwwlaw.com, dfallon@fwwlaw.com;nlyman@fwwlaw.com
- TED A TROUTMAN    tedtroutman@gmail.com, rusty@muir-troutman.com
- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov
- CAROLYN G WADE    carolyn.g.wade@doj.state.or.us

And via first class mail, postage pre-paid to:

Paul Harrison
Harrison Management Company
POB 80096
Portland, OR 97280-1096

Tiffany Jones
Coldwell Banker Commercial
960 Liberty St SE #250
Salem, OR 97302

Alex Rhoten
Coldwell Banker Commercial
960 Liberty St SE #250
Salem, OR 97302

/s/ Craig G. Russillo
Craig G. Russillo, OSB No. 973875

Page 1 of 1-    CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.998

PDX\027891\198786\KHA\16407367.1

Case 14-63530-fra11    Doc 226    Filed 08/25/15

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In Re | ) | Case No. 14-63530-fra11 |
| | ) | |
| Laura Lee Hagenauer, | ) | |
| | ) | 341(a) FIRST MEETING OF |
| | ) | CREDITORS |
| Debtor. | ) | |

### TRANSCRIPT OF PROCEEDINGS
**November 3, 2014**

Eugene, Oregon

**BEFORE**

RONALD C. BECKER
Office of the U.S. Trustee

**APPEARANCES:**

For Laura Lee Hagenauer,     Ted A Troutman
Debtor                       Muir & Troutman
                             16100 NW Cornell Rd Ste 200
                             Beaverton OR  97006

**TRANSCRIBED FROM ELECTRONIC RECORDING BY:**     **ANDERSON ASSISTANCE**
*ROBYN M. ANDERSON OFFICIAL TRANSCRIBER*
*3351 SW REDFERN PLACE*
*GRESHAM, OREGON   97080*                          *(503) 618-9938*

Exhibit 1
Page 1 of 3

Case 14-63530-fra11    Doc 226    Filed 08/25/15

```
 1              MR. BECKER:  Pardon?

 2              MS. HAGENAUER:  The Penske thing, but that's --

 3              MR. BECKER:  Right.  And with the exception of

 4    the Agnes Hagenauer matter, do you have any relationships

 5    with related entities, business relationships?

 6              MS. HAGENAUER:  Hmm-mm.  Hmm-mm.

 7              MR. BECKER:  No?

 8              MS. HAGENAUER:  No.  Sorry.

 9              MR. BECKER:  And how many employees do you have?

10              MS. HAGENAUER:  Currently, 17.

11              MR. BECKER:  Has that number changed with

12    relation -- with regard to a pre-bankruptcy versus post-

13    bankruptcy, anybody been laid off, quit, fired, anything

14    like that?

15              MS. HAGENAUER:  We have lost two employees, and

16    one employee is reduced to part-time.

17              MR. BECKER:  Okay.  And that's all factored into

18    the 17 you gave me, right?

19              MS. HAGENAUER:  Right.

20              MR. BECKER:  Okay.  Do you know what volume of

21    sales you need to break even every month?  Do you know

22    what your monthly operating net is?

23              MS. HAGENAUER:  Yes, I do --

24              MR. BECKER:  And what is --

25              MS. HAGENAUER:  -- 600,000 gets us where we need
```

Exhibit 1
Page 2 of 3

1  to be to be break even.  Our margins are coming in better
2  than anticipated, that gives us a little more room to
3  work.
4           MR. BECKER:  So you need 600,000 in the door to
5  break even every month?
6           MS. HAGENAUER:  Correct.
7           MR. BECKER:  What is your -- since you filed
8  bankruptcy, what have the income numbers looked like?
9           MS. HAGENAUER:  We've only been at it one month,
10 and I did do our rough draft financials, we closed out
11 October at 745,000, which was $20,000 above our budget.
12          MR. BECKER:  And --
13          MS. HAGENAUER:  And bottom line profit was
14 budgeted at 6500 and we are at 33,000 give or take one
15 fuel bill that I haven't seen yet.
16          MR. BECKER:  Of profit?
17          MS. HAGENAUER:  Of profit.
18          MR. BECKER:  Have you done anything to
19 streamline your operation since you filed?
20          MS. HAGENAUER:  We've just continued the same
21 exercises we have been doing for the last year and a half,
22 with Paul's advice, and yeah, with losing a couple of
23 employees that's, you know, changed the numbers a little
24 bit also.  Not necessarily for the good because I had some
25 that have to put in some overtime to compensate for that,

Exhibit 1
Page 3 of 3

# **us bank**

P.O. Box 1800
Saint Paul, Minnesota 55101-0800

3191        TRN                        Y      ST01

## **Business Statement**
Account Number:
**6461**
Statement Period:
**Jul 1, 2015**
through
**Jul 31, 2015**

Page 1 of 3

000147948  1 AT  0.416  106481136946767 P
ESTATE OF  LAURA L HAGENAUER DBA VALLEY
DEBTOR IN POSSESSION
BANKRUPTCY CASE # 14-63530-FRA11
TAX ACCOUNT
3071 SCHMIDT LN
HUBBARD OR  97032-9806



☎                              *To Contact U.S. Bank*

*24-Hour Business*
*Solutions:*                    *1-800-673-3555*

*Telecommunications Device*
*for the Deaf:*                 *1-800-685-5065*
*Internet:*                     *usbank.com*

## NEWS FOR YOU

**Try Self-Service for Quick Solutions to Everyday Banking Needs**

Did you know that Online Banking has Self-Service options that can save you time and a trip to the branch? You can use Self-Service to:

- Activate an ATM card or change your PIN
- Order checks
- Find past checks or deposits
- Request copies of statements
- And more!

Bank on *your* schedule. Choose "Self Service" from the "Customer Service" tab in Online Banking to get started.

## INFORMATION YOU SHOULD KNOW

**Important changes are coming to your Online and Mobile Financial Services Agreement.** Review the specific changes being made by clicking on the banner on your My Accounts page in Online Banking to learn more.

**Effective 6/15/2015,** updates were made to **"Your Deposit Account Agreement"** booklet and the **"Consumer Pricing Information"** booklet. Please review the revised booklets on the last page of this statement carefully. Most of the changes are technical in nature, but may affect your rights. You may pick up copies at your local branch, view copies at usbank.com, or call 1-800-USBANKS (1-800-872-2657) for a copy. Please see the Additional Information Section of this statement message for the main updates that were made to **"Your Deposit Account Agreement"** booklet and the **"Consumer Pricing Information"** booklet.

## PLATINUM BUSINESS CHECKING                                      *Member FDIC*
U.S. Bank National Association                        Account Number        **6461**

### Account Summary

|                              | # Items |    |            |
|------------------------------|---------|----|------------|
| Beginning Balance on Jul 1   |         | $  | 10,244.55  |
| Customer Deposits            | 4       |    | 91,909.16  |
| Other Deposits               | 3       |    | 111,955.84 |
| Other Withdrawals            | 21      |    | 193,190.79 - |
| **Ending Balance on  Jul 31, 2015** | | **$** | **20,918.76** |

### Customer Deposits

| Number | Date   | Ref Number | Amount    | Number | Date   | Ref Number | Amount    |
|--------|--------|------------|-----------|--------|--------|------------|-----------|
|        | Jul 23 | 8955073784 | 71,281.92 |        | Jul 31 | 9255797693 | 3,719.56  |
|        | Jul 31 | 9255797686 | 1,033.91  |        | Jul 31 | 9255797688 | 15,873.77 |
|        |        |            |           | Total Customer Deposits | | $ | 91,909.16 |

### Other Deposits

| Date   | Description of Transaction |              | Ref Number |   | Amount    |
|--------|----------------------------|--------------|------------|---|-----------|
| Jul  6 | Internet Banking Transfer  | From Account | 6438       | $ | 34,240.83 |
| Jul 14 | Internet Banking Transfer  | From Account | 6438       |   | 55,368.08 |

Exhibit 2
Page 1 of 3



ESTATE OF LAURA L HAGENAUER DBA VALLEY
DEBTOR IN POSSESSION
BANKRUPTCY CASE # 14-63530-FRA11
TAX ACCOUNT
3071 SCHMIDT LN
HUBBARD OR 97032-9806

**Business Statement**
Account Number:
6461

Statement Period:
Jul 1, 2015
through
Jul 31, 2015

Page 2 of 3



## PLATINUM BUSINESS CHECKING                                    (CONTINUED)

U.S. Bank National Association                          Account Number    6461

### Other Deposits (continued)

| Date | Description of Transaction | | | Ref Number | | Amount |
|------|---------------------------|--|--|-----------|--|--------|
| Jul 23 | Internet Banking Transfer | From Account | 6438 | | | 22,346.93 |
| | | | | **Total Other Deposits** | $ | 111,955.84 |

### Other Withdrawals

| Date | Description of Transaction | | | Ref Number | | Amount |
|------|---------------------------|--|--|-----------|--|--------|
| Jul 1 | Internet Banking Transfer | To Account | 6438 | | $ | 1,000.00- |
| Jul 1 | Internet Banking Transfer | To Account | 6438 | | | 5,000.00- |
| Jul 2 | Internet Banking Transfer | To Account | 6438 | | | 1,500.00- |
| Jul 6 | Internet Banking Transfer | To Account | 6438 | | | 14,800.39- |
| Jul 6 | Internet Banking Transfer | To Account | 6479 | | | 20,000.00- |
| Jul 8 | Internet Banking Transfer | To Account | 6479 | | | 2,150.00- |
| Jul 14 | Internet Banking Transfer | To Account | 6438 | | | 7,500.00- |
| Jul 14 | Internet Banking Transfer | To Account | 6438 | | | 15,000.00- |
| Jul 15 | Internet Banking Transfer | To Account | 6438 | | | 4,000.00- |
| Jul 15 | Internet Banking Transfer | To Account | 6438 | | | 6,500.00- |
| Jul 15 | Internet Banking Transfer | To Account | 6438 | | | 12,000.00- |
| Jul 17 | Internet Banking Transfer | To Account | 6438 | | | 3,000.00- |
| Jul 20 | Internet Banking Transfer | To Account | 6438 | | | 7,000.00- |
| Jul 22 | Internet Banking Transfer | To Account | 6438 | | | 250.00- |
| Jul 23 | Internet Banking Transfer | To Account | 6438 | | | 2,000.00- |
| Jul 23 | Internet Banking Transfer | To Account | 6438 | | | 19,800.93- |
| Jul 24 | Internet Banking Transfer | To Account | 6438 | | | 8,151.31- |
| Jul 24 | Internet Banking Transfer | To Account | 6438 | | | 13,561.39- |
| Jul 24 | Internet Banking Transfer | To Account | 6438 | | | 15,514.30- |
| Jul 24 | Internet Banking Transfer | To Account | 6438 | | | 20,962.47- |
| Jul 28 | Internet Banking Transfer | To Account | 6438 | | | 13,500.00- |
| | | | | **Total Other Withdrawals** | $ | 193,190.79- |

### Balance Summary

| Date | Ending Balance | Date | Ending Balance | Date | Ending Balance |
|------|---------------|------|---------------|------|---------------|
| Jul 1 | 4,244.55 | Jul 15 | 10,403.07 | Jul 23 | 71,980.99 |
| Jul 2 | 2,744.55 | Jul 17 | 7,403.07 | Jul 24 | 13,791.52 |
| Jul 6 | 2,184.99 | Jul 20 | 403.07 | Jul 28 | 291.52 |
| Jul 8 | 34.99 | Jul 22 | 153.07 | Jul 31 | 20,918.76 |
| Jul 14 | 32,903.07 | | | | |

Balances only appear for days reflecting change.

## ADDITIONAL INFORMATION

Effective 6/15/2015, the main updates to note in the revised "Your Deposit Account Agreement" booklet sections, and sub sections, include:

Throughout the agreement the use of all references to "check card" are now referenced as "debit card".

*NIGHT DEPOSITORY (1) Use of Containers:* Added language to clarify process.

*OVERDRAFT PROTECTION PLANS Small Business Overdraft Protection:* Added language to clarify linking small business accounts for overdraft protection.

*FUNDS TRANSFERS:* Added language regarding outgoing wire transfers.

*INCREASED COSTS TO MAINTAIN YOUR ACCOUNT:* New section added regarding if an account becomes subject to receivership, court order or bankruptcy.

*FUNDS AVAILABILITY: YOUR ABILITY TO WITHDRAW FUNDS - ALL ACCOUNTS:* Added language that the funds availability policy does not apply to deposits made remotely through a mobile or other electronic device.

*ELECTRONIC BANKING AGREEMENT FOR CONSUMER CUSTOMERS:* Added language throughout this section specific to prepaid cards.

Exhibit 2
Page 2 of 3

Case 14-63530-fra11    Doc 226    Filed 08/25/15



ESTATE OF LAURA L HAGENAUER DBA VALLEY
DEBTOR IN POSSESSION
BANKRUPTCY CASE # 14-63530-FRA11
TAX ACCOUNT
3071 SCHMIDT LN
HUBBARD OR 97032-9806

**Business Statement**
Account Number:
6461

Statement Period:
Jul 1, 2015
through
Jul 31, 2015

Page 3 of 3

## ADDITIONAL INFORMATION                                    (CONTINUED)

*USING YOUR CARD FOR INTERNATIONAL TRANSACTIONS:* Added language that we may block transactions in certain foreign countries, and a telephone number to call if need for more information.

*ELECTRONIC BANKING AGREEMENT FOR BUSINESS CUSTOMERS:*

- *LIMITS ON TRANSFERS:* Added language for more clarity.
- *SECURITY:* Changed standard transaction limits.
- *TRANSACTION:* Section retitled as DEBIT CARD TRANSACTION and added clarification regarding types of merchant transactions
- *USING YOUR CARD FOR INTERNATIONAL TRANSACTIONS:* Added language that we may block transactions in certain foreign countries, and a telephone number to call if need for more information
- *UNAUTHORIZED TRANSACTIONS AND LOST STOLEN:* Added detailed language regarding reporting loss or theft on business debit cards

*U.S. BANK CONSUMER RESERVE LINE AGREEMENT:* Deleted reference to payment protection / payment protection fees.

*CREDIT BUREAU DISPUTES:* Address change for reporting disputes.

*U.S. BANK BUSINESS RESERVE LINE AGREEMENT:*

- Added new section *BUSINESS PURPOSE,* and renumbers existing sections.
- *DEFAULT:* Added additional language for clarity.
- Deleted references to payment protection and payment protection fees.

**Effective 6/15/2015, the main updates to note in the revised "Consumer Pricing Information" booklet sections, and sub sections, include: Consumer Pricing Information brochure updates include the following:**

\*Throughout the agreement the use of all references to "check card" will now be referenced as "debit card".

*OTHER SERVICE FEES:* Removal of Travelers Checks

*WIRE TRANSFER:* Enhanced footnote for more clarity

*FOREIGN CHECK/CURRENCY FEES:*

- Enhanced footnote for more clarity
- Decreased fees for Next Day Delivery and Next Day Priority Delivery.

You may pick up copies at your local branch, view the updated Consumer Pricing Information Brochure at usbank.com, or call 1-800-USBANKS (1-800-872-2657) for a copy.

Exhibit 2
Page 3 of 3

Case 14-63530-fra11      Doc 226      Filed 08/25/15