**BILLY J. WILLIAMS, OSB #90136**
Acting United States Attorney
District of Oregon
**KATHLEEN L. BICKERS, OSB #85151**
Assistant United States Attorney
1000 SW 3rd Ave., Ste. 600
Portland, Oregon 97204
Telephone:    (503) 727-1060
kathleen.bickers@usdoj.gov
Attorneys for the United States

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>      LAURA LEE HAGENAUER,<br>                    Debtor. | Case No: 14-63530-fra11<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE'S MOTION TO CONVERT |

THE UNITED STATES OF AMERICA, by and through its agency the Internal Revenue Service (the Service) and its undersigned attorneys, hereby moves this court for conversion of this Chapter 11 case to one under Chapter 7 pursuant to 11 U.S.C. § 1112(b). Cause for conversion exists because (1) the debtor is continuing to accrue and pyramid federal tax liability, and (2) Debtor does not have a reasonable likelihood of rehabilitation due to substantial or continuing loss to, or diminution of, the estate.

### FACTUAL BACKGROUND

1.      Debtor filed a petition for relief under Title 11, Chapter 11 on September 28, 2014.

2.      The Service timely filed a Proof of Claim ("POC") on or about November 3, 2014 for Federal taxes in the amount of $490,900.80 of which amount $448,396.44 represents secured claims and $42,504.36 represents unsecured priority claims.

3.      Debtor has failed to file required post-petition return form 940 for tax period ending December 31, 2014.

4.      The Service's records reflect that a total of $11,672.00 is still due for required monthly deposits for payroll taxes for April, May, and June 2015.

5.      The Service has no record of any required monthly deposit for payroll taxes for July, or August 2015.

6.      On June 23, 2015 the United States Trustee objected to Debtor's Amended Disclosure Statement. ("Section 1129(a)(9)(C) requires that § 507(a)(8) priority tax claims must be paid within 60 months of the date of the petition. The petition was filed September 28, 2014. That date is nine months in the past and the payments have not yet begun. Because confirmation is likely 45 to 60 days out (at least), the first payment will likely not be made until the 10th or 11th month that the case has been pending. Therefore, payments will not be complete within 60 months after the petition date as required.") (Docket #190. pp. 3-4, ¶10.). Now, at almost 12 months and at the time of this filing, those payments have not begun.

7.      On August 18, 2015, Debtor filed her Second Amended Disclosure Statement and Second Amended Plan.

8.      Debtor's proposed Second Amended Plan would require Debtor to pay $60,000.00 a month in plan payments to successfully complete the plan in less than five years. Given that Debtor has not met any of her monthly projected gross income figures for 2015, nor realized persistent monthly income that would allow her to make the projected $60,000.00 monthly plan payments upon confirmation, the plan is unfeasible.

## LEGAL ANALYSIS

The court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 2100-1 of the United States District Court for the District of Oregon. This matter is a core proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A) and (O).

Section 1112(b) of the Bankruptcy Code provides that the court shall convert a chapter 11 case to one under chapter 7 or dismiss a chapter 11 case, whichever is in the best interest of creditors and the estate, if the movant establishes "cause." The Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA") expanded the definition of "cause" for relief under § 1112(b) and limited the court's discretion under section 1112(b) once the movant establishes cause. See 11 U.S.C. §§ 1112(b)(1), (b)(2). Prior to BAPCPA, section 1112(b) provided that a court "may" convert or dismiss a chapter 11 case for cause. *See In re Prods. Int'l Co*., 395 B.R. 101, 108 (Bankr. D. Ariz. 2008).

Section 1112(b) includes a non-exhaustive list of examples of "cause" for the dismissal or conversion of a chapter 11 case. 11 U.S.C. § 1112(b)(4); *see In re Consolidated Pioneer*

*Mortg. Entities*, 248 B.R. 368 (9th Cir. BAP 2000) (the list of cause in section 1112(b) is illustrative rather than exhaustive). In this case, "cause" exists to dismiss or convert this case because of substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (11 U.S.C. § 1112(b)(4)(A)), and failure to satisfy timely any filing or reporting requirement established under the Bankruptcy Code or Rules (11 U.S.C. §1112(b)(4)(F)).

Pursuant to § 1112(b)(1), once cause has been established, the court must determine whether conversion or dismissal is "in the best interests of creditors and the estate." *In re Owens*, 552 F.3d 958, 959 (9th Cir. 2009). Based on information currently available to the IRS through the filings with the court and information provided by Debtor, it appears that conversion is in the best interests of the creditors and the estate.

**CONCLUSION**

WHEREFORE, the United States and prays that Debtor's Chapter 11 bankruptcy be converted to a Chapter 7.

Respectfully submitted,
BILLY J. WILLIAMS
Acting United States Attorney
District of Oregon

Date: <u>08/31/15</u>          By:          <u>/s/ Kathleen L. Bickers</u>
                                          KATHLEEN L. BICKERS #85151
                                          Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that service of the foregoing **MOTION TO CONVERT**, was served on  <u>08/31/15</u>, by mailing a true copy addressed to the following, except those designated as receiving ECF notice, who will be served electronically by ECF:

Alex Rhoten                          Tiffany Jones
Coldwell Banker Commercial           Coldwell Banker Commercial
960 Liberty St SE #250               960 Liberty St SE #250
Salem OR 97302                       Salem OR 97302
          Creditor                             Creditor

Paul Harrison
Harrison Management Company
P.O. Box 80096
Portland OR 97280-1096
          Creditor


Scott D. Fink, Attorney for Creditor KeyBank, N.A.                          ECF Only
Carolyn G Wade, Attorney for Creditor Oregon Business Development Dept.     ECF Only
John D. Albert, Attorney for Creditor Valley Development Initiatives        ECF Only
Brandy A Sargent, Attorney for Creditor Cascadia Metals, Inc.,             ECF Only
Chelsea S Lewandowski, Attorney for Creditor Ford Motor Credit Co. LLC.    ECF Only
David Anderson, Attorney for Creditor Key Bank, N.A.                        ECF Only
Keith A Trefry, Attorney for Creditor Assoc. Management Consultants Inc     ECF Only
Garrett Shea Ledgerwood, Attorney for Creditor Penske Truck Leasing         ECF Only
Tara J Schleicher, Attorney for Creditor Committee                          ECF Only
Ted A Troutman, Debtors' Attorney                                           ECF Only
US Trustee, Eugene                                                          ECF Only

                              <u>/s/ Kathleen L. Bickers</u>
                              KATHLEEN L. BICKERS #85151
                              Assistant United States Attorney