Patrick W. Wade, OSB No. 843725
Garrett S. Ledgerwood, OSB No. 143701
HERSHNER HUNTER LLP
180 East 11th Avenue
Eugene, OR 97401
Telephone:541-302-5245
Facsimile: 541-344-2025
gledgerwood@hershnerhunter.com

Andrew J. Flame
Joseph N. Argentina, Jr.
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Telephone:(215) 988-2700
Facsimile: (215) 988-2757

Attorneys for Penske Truck Leasing Co., L.P.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>LAURA LEE HAGENAUER;<br><br>Debtor. | Case No. 14-63530-fra-11<br><br>**PENSKE TRUCK LEASING CO., L.P.'S OBJECTION TO DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT AND PARTIAL JOINDER IN KEYBANK'S OBJECTION TO DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT**<br><br>DATE OF HEARING: SEPTEMBER 14, 2015<br>TIME OF HEARING: 10:00 A.M. |

Penske Truck Leasing Co., L.P. ("**Penske**"), by and through its undersigned attorneys of record, hereby joins, in part, KeyBank's Objection to Debtor's Second Amended Disclosure Statement [Docket No. 226] (the "**KeyBank Objection**") and further objects to the Debtor's Second Amended Disclosure Statement [Docket No. 221] ("**Disclosure Statement**") on the grounds that it is inaccurate, misleading, and does not provide adequate information as required

Page 1 of 6   PENSKE TRUCK LEASING CO., L.P.'S
              OBJECTION TO DEBTOR'S SECOND
              AMENDED DISCLOSURE STATEMENT
01132480.DOCX

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

Case 14-63530-fra11    Doc 231    Filed 09/01/15

by 11 U.S.C. § 1125(a).

1. BACKGROUND

*A. The Parties' Relationship*

Penske leased certain vehicles and related equipment to Valley Rolling Corporation ("**Valley Rolling**") pursuant to a Vehicle Lease Service Agreement (collectively, along with all assignments, supplements, and amendments, the "**Lease**"). Further, pursuant to the Lease, Penske agreed to provide certain maintenance, fueling, and other services to Valley Rolling in return for additional payments.

Valley Rolling defaulted under the Lease by failing to make payments when due. As of September 28, 2014 (the "**Petition Date**") the amount of $21,312.29 (the "**Unpaid Billings**") was due and owing under the Lease. Additionally, Valley Rolling breached the Lease by, among other things, attempting to assign the Lease to its President, the Debtor, pursuant to a certain Assignment and Assumption Agreement dated September 26, 2014, between and amongst the Debtor and Valley Rolling (the "**Assumption Agreement**"). As a result of Valley Rolling's breach and Penske's termination of the Lease, in addition to the Unpaid Billings, Penske is entitled under the Lease to termination damages in the amount of $39,637.00 (the "**Termination Damages**").

The Assumption Agreement provides, among other things, that the Debtor assumed all outstanding debt of Valley Rolling, including all accounts payable. On January 15, 2015, Penske filed its unsecured claim number 15-1 in the amount of $60,949.29 for the Unpaid Billings and Termination Damages (the "**Prepetition Claim**").

Shortly after the Petition Date, Penske demanded the return of its vehicles. The Debtor, through her counsel, informed Penske that continued use of Penske's vehicles was critical to the survival of her business. Penske permitted the Debtor to continue to use the vehicles for a

Page 2 of 6   PENSKE TRUCK LEASING CO., L.P.'S
              OBJECTION TO DEBTOR'S SECOND
              AMENDED DISCLOSURE STATEMENT
01132480.DOCX

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

Case 14-63530-fra11   Doc 231   Filed 09/01/15

limited time, provided the Debtor timely paid all post-petition charges. The Debtor agreed and continued to use the vehicles and accept Penske's services after the Petition Date, gradually returning the vehicles over the ensuing months. However, the Debtor failed to pay all post-petition charges, and on April 9, 2015, Penske filed its claim number 29-1 for post-petition charges incurred from September 29, 2014 to November 4, 2014 in the amount of $25,976.75 (the "**Administrative Claim**").

The Administrative Claim is entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(1)(A), because the charges the Debtor incurred were actual and necessary expenses of preserving the estate. The Debtor has objected to the Administrative Claim. See Objection to Claim and Order and Notice Thereon, May 20, 2015 [Docket No. 172] (the "**Claim Objection**"). The Claim Objection seeks, among other things, to reduce the amount of the Administrative Claim and reclassify the remaining amount owed as a general unsecured claim. See Claim Objection at 1.

Penske filed a response to the Claim Objection and maintains that the full Administrative Claim is entitled to priority status. See Memorandum of Penske Truck Leasing Co., L.P. in Response to the Debtor's Objection to Penske's Administrative Claim, July 2, 2015 [Docket No. 200]. A hearing on Penske's Administrative Claim and the Debtor's Claim Objection is currently scheduled for November 4, 2015. Penske has not consented to any treatment of its Administrative Claim other than as required pursuant to the Bankruptcy Code—payment in full on the Effective Date of the Plan.

*B. The Disclosure Statement and Plan*

The Disclosure Statement and accompanying Second Amended Plan of Reorganization (the "**Plan**") [Docket No. 220] do not clearly address Penske's Administrative Claim or Penske's Prepetition Claim. With respect to the Administrative Claim, the Disclosure Statement states that "[t]he Debtor has filed a claim dispute on this claim alleging the claim should be reduced to

Page 3 of 6    PENSKE TRUCK LEASING CO., L.P.'S
OBJECTION TO DEBTOR'S SECOND
AMENDED DISCLOSURE STATEMENT
01132480.DOCX

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

Case 14-63530-fra11    Doc 231    Filed 09/01/15

1  $4,607.37 . . . ." See Disclosure Statement at 31-32.  Further, the Disclosure Statement states

2  "Debtor will be required to pay on the Effective Date of the Plan, the full allowed claim of

3  Penske, unless Penske agrees in writing to be treated the same as the other administrative

4  claims." Id.  Thus, the Debtor's apparent position is that the Administrative Claim should be

5  allowed in the amount of $4,607.37.

6      With respect to the Penske's Prepetition Claim, the Debtor lists the amount as

7  "$60,929.49 (disputed)."  The Debtor has not communicated to Penske, by the Disclosure

8  Statement or otherwise, the amount of the Prepetition Claim that is disputed or the nature of such

9  dispute.  The Debtor has not filed with the Court any objection to the Prepetition Claim.

10      The Debtor's proposed treatment of Penske's Prepetition Claim is unclear.  The Debtor

11  proposes to pay general unsecured claims such as the Prepetition Claim over 84 months.  See

12  Disclosure Statement at 25.  However, the Debtor lists the monthly payment amount on account

13  of the Prepetition Claim as $346.66. Id. at 26.  The aggregate total of 84 payments of $346.66

14  each is $29,119.44, not $60,929.49.  It would take the Debtor approximately 15 years to pay

15  Penske's $60,929.49 Prepetition Claim with monthly payments of $346.66.  Thus, it is entirely

16  unclear when and how Penske's Prepetition Claim will be paid under the Plan.

17

18  **2.  PARTIAL JOINDER AND ADDITIONAL OBJECTIONS**

19      The Court should again decline to approve the Debtor's Disclosure Statement because it

20  does not contain sufficient information to permit creditors to make an informed decision about

21  the Plan. To the extent the Court would determine that the Disclosure Statement contains

22  adequate information, the Court should not permit waste of estate assets by allowing the Debtor

23  to incur the costs of soliciting votes for an unconfirmable Plan.

24      The KeyBank Objection urges the Court to deny approval of the Disclosure Statement for

25  several reasons, including that the Disclosure Statement contains false and misleading

26

Page 4 of 6  PENSKE TRUCK LEASING CO., L.P.'S
             OBJECTION TO DEBTOR'S SECOND
             AMENDED DISCLOSURE STATEMENT
01132480.DOCX

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

Case 14-63530-fra11    Doc 231    Filed 09/01/15

1 information and that the Debtor's Plan is unconfirmable. Penske joins the KeyBank Objection to

2 approval of the Disclosure Statement for the reasons stated in the KeyBank Objection.

3       Penske believes the Disclosure Statement is false and misleading, and the Plan is

4 unconfirmable, based on the details set forth within the Plan and Disclosure Statement

5 themselves, together with the Debtor's other filings in the Case, all as described in the KeyBank

6 Objection.[1]

7       Penske further objects to approval of the Disclosure Statement based on the manner in

8 which the Disclosure Statement addresses Penske's claims in the Case. Specifically, the

9 Disclosure Statement does not clearly indicate how Penske's claims will be treated under the

10 Plan.

11       The Disclosure Statement and Claim Objection are inconsistent with respect to what

12 portion, if any, of Penske's Administrative Claim the Debtor proposes should be given

13 administrative priority. Penske joins KeyBank in noting that the Debtor has not sufficiently

14 funded the proposed administrative claims reserve account and thus it appears the Debtor cannot

15 pay administrative claims such as Penske's on or before the effective date of a confirmed plan.

16       In addition, the Disclosure Statement does not contain sufficient information regarding

17 Penske's Prepetition Claim. First, the Disclosure Statement lists the Prepetition Claim as

18 "disputed", but does not say what portion is disputed or the basis of such dispute. Further, if the

19 Debtor were to pay Penske the monthly payment amount listed in the Plan, it would take

20 approximately 15 years to pay the full amount of the Prepetition Claim. Thus, Penske is unable

21 to make an informed decision about whether to vote for or against the Plan, and other creditors

22 do not have sufficient information to determine whether the Plan is feasible or in their respective

23 best interests.

---

[1] Penske lacks knowledge of certain facts contained in the KeyBank Objection, and therefore makes no representation to the Court with respect thereto.

Page 5 of 6   PENSKE TRUCK LEASING CO., L.P.'S OBJECTION TO DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT

01132480.DOCX

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

Case 14-63530-fra11   Doc 231   Filed 09/01/15

3. **CONCLUSION**

The Court should not approve the Debtor's Disclosure Statement because it does not contain sufficient information to enable creditors to make an informed decision whether to vote in favor or against the Plan and because the Plan is patently unconfirmable. Penske joins the KeyBank Objection to approval of the Disclosure Statement to the extent set forth above, and further demands that the Debtor properly address in the Disclosure Statement the amounts and payment of Penske's Prepetition Claim and Administrative Claim.

Dated: September 1, 2015    HERSHNER HUNTER LLP

By: */s/Garrett S. Ledgerwood*
    Garrett S. Ledgerwood, OSB No. 143701
    gledgerwood@hershnerhunter.com
    Of Attorneys for Penske Truck Leasing
    Co., L.P.

Page 6 of 6    PENSKE TRUCK LEASING CO., L.P.'S
OBJECTION TO DEBTOR'S SECOND
AMENDED DISCLOSURE STATEMENT
01132480.DOCX

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

Case 14-63530-fra11    Doc 231    Filed 09/01/15

# CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2015, I filed the foregoing electronically through CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| JOHN D ALBERT<br>darlene@shermlaw.com<br>beth@shermlaw.com | DAVID ANDERSON<br>danderson@schwabe.com<br>docket@schwabe.com<br>gvance@schwabe.com<br>ecfpdx@schwabe.com |
| SCOTT D FINK<br>bronationalecf@weltman.com | RONALD W GOSS<br>ronald_w_goss@keybank.com<br>joanne_apontemorgan@keybank.com |
| CHELSEA S LEWANDOWSKI<br>bmail@wal-lawfirm.com | SUZANNE C PICKGROBE<br>suzanne.pickgrobe@sba.gov<br>rhonna.kollenkark@sba.gov |
| CRAIG G RUSSILLO<br>crussillo@schwabe.com<br>lschauer@schwabe.com<br>docket@schwabe.com<br>ecfpdx@schwabe.com<br>bankruptcynotices@schwabe.com<br>gvance@schwabe.com | Recovery Management Systems Corporation<br>claims@recoverycorp.com |
| BRANDY A SARGENT<br>basargent@stoel.com<br>docketclerk@stoel.com<br>erheaston@stoel.com | TARA J SCHLEICHER<br>tschleicher@fwwlaw.com<br>dfallon@fwwlaw.com<br>nlyman@fwwlaw.com |
| TED A TROUTMAN<br>tedtroutman@gmail.com<br>rusty@muir-troutman.com | US Trustee, Eugene<br>USTPRegion18.EG.ECF@usdoj.gov |
| CAROLYN G WADE<br>carolyn.g.wade@doj.state.or.us | KEITH A TREFRY<br>keith.trefry@painehamblen.com |
| KATHLEEN L. BICKERS<br>Assistant United States Attorney<br>kathleen.bickers@usdoj.gov | |

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first-class mail, postage prepaid addressed as follows:

Laura Lee Hagenauer
3071 Schmidt Ln NE
Hubbard, OR 97032

Paul Harrison
Harrison Management Company
POB 80096
Portland, OR 97280-1096

Tiffany Jones
Coldwell Banker Commercial
960 Liberty St SE #250
Salem, OR 97302

Alex Rhoten
Coldwell Banker Commercial
960 Liberty St SE #250
Salem, OR 97302

HERSHNER HUNTER, LLP

By  */s/Garrett S. Ledgerwood*
Garrett S. Ledgerwood, OSB No. 143701
gledgerwood@hershnerhunter.com
Of Attorneys for Penske Truck Leasing Co., L.P.

FAIR DEBT COLLECTION
PRACTICES ACT NOTICE

This communication is from a debt collector.