Ronald C. Becker, OSB # 831519
Attorney for the United States Trustee
Office of the U.S. Trustee
405 E. 8th Ave., Ste. 1100
Eugene, OR 97401-2706
Tel. (541) 465-6330

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re: | Case No. 14-63530-fra7 |
|---|---|
| Laura Lee Hagenauer, | MEMORANDUM IN RESPONSE TO MOTION TO CONVERT CASE TO CHAPTER 7 BY KEYBANK (DOC. #227) AND MOTION TO CONVERT BY THE DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE (DOC. #230), AND RE: COURT'S ORDER AND NOTICE TO DEBTOR-IN-POSSESSION TO SHOW CAUSE WHY PROCEEDINGS SHOULD NOT BE DISMISSED, OR IN THE ALTERNATIVE, CONVERTED TO CHAPTER 7, 11 U.S.C. (DOC. #203) |
| Debtor(s). | |

I. INTRODUCTION

Gail Brehm Geiger, Acting United States Trustee for Region 18, through her attorney, Ronald C. Becker, respectfully submits this memorandum regarding creditor KeyBank's motion to convert (Doc. #227), creditor Department of the Treasury, Internal Revenue Service's ("IRS") motion to convert (Doc. # 227) and this Court's order requiring the Debtor to show cause why this case should not be dismissed or, alternatively, converted to a chapter 7 case (Doc. #203).

## II. JURISDICTION AND FACTUAL HISTORY

1. The court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), and 28 U.S.C. §§ 151 and 157(a) and (b)(1). This is a core proceeding as defined under 28 U.S.C. § 157(b)(2). The United States Trustee ("UST") has standing pursuant to 11 U.S.C. §§ 307, 1128(b) and 1112(b)(1).

2. Laura L. Hagenauer ("Debtor") initiated this case by filing a voluntary chapter 11 petition on September 28, 2014 (Doc. #1).

3. The Debtor has, to date, filed three proposed disclosure statements. She has yet to obtain approval of a disclosure statement. Her first proposed disclosure statement was filed February 25, 2015, (Doc. #134). She filed her first amended disclosure statement on April 30, 2015, (Doc. #164). The Debtor's second amended disclosure statement was filed August 18, 2015, as Doc. # 221 (the "Second Amended DS").

4. Following the June 30, 2015, hearing, at which the Debtor's first amended disclosure statement was disapproved, the Court allowed the Debtor to file the Second Amended DS and advised the parties that a hearing on the Second Amended DS would be scheduled for September 10, 2015. Also, in follow up to the June 30 hearing, the Court, on July 7, 2015, entered an Order and Notice to Debtor-In-Possession to Show Cause Why Proceedings Should Not be Dismissed, or in the Alternative, Converted to Chapter 7, U.S.C. (Doc. # 203) (the "OSC"). The September 10, 2015, hearing has been reset for October 1, 2015, along with the hearing on the OSC.

5. Creditors KeyBank and Penkse Truck Leasing Co., L.P ("Penske") have filed objections to the Second Amended DS. *See* Doc. ## 226 and 231, respectively. KeyBank and

the Internal Revenue Service ("IRS") have also filed motions to convert this case to a chapter 7 proceeding. *See* Doc. ## 227 and 230, respectively.

6. The UST filed an objection to the Debtor's first amended disclosure statement. *See* Doc. #190. Among other objections, the UST requested that the Debtor provide more details with regard to the funding of litigation to recover avoidable transfers contemplated by the unsecured creditors committee ("UCC") post confirmation. In the Second Amended DS the Debtor provided some additional information about that arrangement, but the additional information added little to show any structure or control over how the litigation will be handled and how the costs associated therewith will be monitored and/or funded (except to say that, to the extent that the costs of litigation exceeded the recoveries, that shortfall would be funded by the Debtor from the income from operations). It appears, therefore, that there is no such structure or control contemplated. Moreover, the Second Amended Plan (Doc. # 220) itself does not specifically address the procedure for the recovery of the avoidance claims or the payment of the committee's expenses associated therewith. The UST, therefore, intends to object to confirmation on that basis and others including, without limitation, the overall feasibility of the plan.

7. The IRS motion to convert (Doc. #230) alleges that the Debtor has not paid monthly payroll deposits of $11,672 for April, May and June of 2015. The Debtor, however, has represented that she has paid substantial employee income tax withholding on the UST-36 portion of her Fed. R. Bankr. 2015 reports ("MORs") for April ($5,281.07), May ($4,343.59) and June ($4,366.06). *See* Doc. ## 173, 185 and 211, respectively. It is unclear whether the amount that the IRS claims is owing already takes into account the amounts the Debtor says she paid or whether the Debtor misrepresented the payments in her MORs.

III. <u>LEGAL ANALYSIS</u>

    A.    <u>Section 1112(b)(1) mandates conversion or dismissal for cause, absent unusual circumstances and mitigating factors specified under § 1112(b)(2).</u>

Section 1112(b)(1) governs chapter 11 conversion or dismissal, whichever is in the best interest of creditors and the estate, if cause exists.[1] The movant bears the initial burden. <u>In re Gateway Access Solutions, Inc.</u>, 374 B.R. 556, 561 (Bankr. M.D.Pa. 2007). Chapter 11 dismissal or conversion is subject to procedural and substantive requirements. <u>In re AVI, Inc.</u>, 389 B.R. 721, 729 (BAP 9th Cir. 2008). Procedurally, § 1112(b) requires notice and a hearing. <u>Id.</u> (citing § 1112(b)). Substantively, the statute establishes "'a two-step analysis for dealing with questions of conversion and dismissal.'" <u>Id.</u> (quoting <u>In re Nelson</u>, 343 B.R. 671, 675 (BAP 9th Cir. 2006)). The first step is determining whether cause exists, and the second requires a "balancing test" to choose conversion or dismissal based on best interests of creditors and the estate. <u>Id</u>.

Although § 1112(b)(1) relief is discretionary, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") "circumscribe[d] the court's discretion by directing certain instances in which [it] must, and must not, convert or dismiss [a chapter 11] case." 7 COLLIER ON BANKRUPTCY, ¶ 1112.04[1] (Alan N. Resnick & Henry J. Sommer, eds.,

---

[1] Section 1112(b)(1) provides:

Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and [§] 1104(a)(3) [pertaining to appointment of a Chapter 11 trustee], on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, if the movant establishes cause.

15th ed. rev.). Section1112(b)(1) is thus "no longer permissive, but instead mandates conversion or dismissal if the movant establishes exclusive cause, and no unusual circumstances establish that conversion or dismissal is not in the best interests of creditors [and the estate]." In re New Towne Development, LLC, 404 B.R. 140, 146 (Bankr. M.D.La. 2009) (citations omitted). See also In re New Rochelle Telephone Corp., 397 B.R. 633, 640 (Bankr. E.D.N.Y. 2008) (absent unusual circumstances, if cause is shown, court must dismiss or convert a chapter 11 case).

Yet, "[w]hether cause exists under § 1112(b) and, if so, whether dismissal or conversion is appropriate are questions [still] left to the sound discretion of the bankruptcy court." New Towne Development, 404 B.R. at 146. Again, that involves determining which remedy best serves creditors and the estate. AVI, Inc., 389 B.R. at 729; In re Products Int'l Co., 395 B.R. 101, 107 (Bankr. D. Ariz. 2008); In re Pittsfield Weaving Co., 393 B.R. 271, 276 (Bankr. D.N.H. 2008). "[W]hen deciding between dismissal and conversion under 11 U.S.C. § 1112(b), 'the court must consider the interests of *all* of the creditors." In re Owens, 552 F.3d 958, 961 (9th Cir. 2009) (quoting In re Superior Siding & Window, Inc., 14 F.3d 240, 243 (4th Cir. 1994)).

Section 1112(b)(4) provides 16 "cause" examples, but that list is not exhaustive. See 11 U.S.C. § 102(3) ("includes" and "including" are not limiting); Products Int'l Co., 395 B.R. at 107 ("cause" is a flexible standard, subject to court discretion, not necessarily involving one or all § 1112(b)(4) factors). Statutory "cause" examples include:

(A)  Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.[2]

---

[2] When "no or substantially no business is left to reorganize," a "continuing loss to or diminution of the estate and the absence of a reasonable likelihood of reorganization" may exist. In re Great American Pyramid Joint Venture, 144 B.R. 780, 791 (Bankr. W.D.Tenn. 1992). Also, § 1112(b)(4)(A) "requires a reasonable likelihood of 'rehabilitation,' not 'reorganization.'" 7 COLLIER ¶ 1112.04[5][a][ii]. "Thus, the standard under [§] 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify the continuance of the reorganization effort." Id.

(B) Gross mismanagement of the estate.

(C) Failure to maintain appropriate insurance that poses a risk to the estate or public.

(D) Unauthorized use of cash collateral substantially harmful to one or more creditors.

(E) Failure to comply with a court order.

(F) Unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter.

(G) Failure to attend the meeting of creditors or an examination ordered under Fed. R. Bankr. P. 2004, without good cause shown by the debtor.

(H) Failure to timely provide information or attend meetings reasonably requested by the United States Trustee (or bankruptcy administrator).

(I) Failure timely to pay taxes owed after the date of the order for relief, or to file tax returns due after the date of the order for relief.

(J) Failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by the Bankruptcy Code or by court order.

(K) Failure to pay any fees or charges required under chapter 123 of U.S.C. Title 28.

(L) Revocation of an order of confirmation under § 1144.

(M) Inability to effectuate substantial confirmation of a confirmed plan.

(N) Material default by the debtor with respect to a confirmed plan.

(O) Termination of a confirmed plan by reason of occurrence of a condition specified in the plan.

(P) The debtor's failure to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

§ 1112(b)(4).[3] Bad faith may also constitute cause for chapter 11 conversion or dismissal. In re Marsch, 36 F.3d 825, 828 (9th Cir. 1994). "'The existence of good faith depends on an amalgam of factors and not upon a specific fact'"; and "[t]he test is whether a debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis." Id. (citing In re Arnold, 806 F.2d 937, 939 (9th Cir. 1986)).[4]

If cause is demonstrated, a case must be converted or dismissed, unless "unusual circumstances" establish that such relief is not in the best interests of creditors and the estate. § 1112(b)(1). "Unusual circumstances" are undefined, but the phrase "'contemplates conditions that are not common in most chapter 11 cases.'" In re Wallace, 2011 WL 1230535, at *3 (D.Idaho March 30, 2011) (citation omitted). Under § 1112(b)(2), "[s]uch conditions must not only be unusual, they must also demonstrate that dismissal or conversion is not in the best interest of creditors and the estate." Id.; see also In re Miell, 419 B.R. 357, 366-67 (Bankr. N.D. Iowa 2009 (import of § 1112(b) is that, if cause exists, case should be converted or dismissed unless unusual circumstances demonstrate chapter 11 purposes are better served as is).

---

[3] Pre-BAPCPA, "or" preceded the final cause example. See former § 1112(b)(9) (1994). Notwithstanding, however, substitution of "and" for "or," a movant need not demonstrate *all* 16 cited acts or omissions. See Products Int'l Co., 395 B.R. 101, 109-10 (substitution of "and" for "or" likely represents a scrivener's error) (collecting cases); 7 COLLIER ¶ 1112.04[6] (16th ed.) (courts analyzing § 1112(b)(4) post-BAPCPA "almost universally conclude" list of causes is not exclusive and "and" at end of § 112(b)(4)(O) is scrivener's error) (citing Products Int'l Co.).

[4] The Ninth Circuit also clarified that "[w]hile the case law refers to . . . dismissal for 'bad faith' filing it is probably more accurate in light of the precise language of [§] 1112(b) to call them dismissals 'for cause.'" Marsch, 36 F.3d at 828. In order words, rather than constituting an entirely separate basis for dismissal, bad faith is simply another example of "cause" that can warrant conversion or dismissal of a chapter 11 case.

If unusual circumstances are demonstrated, dismissal or conversion is proscribed if the debtor or another party in interest establishes 1) there is a reasonable likelihood of plan confirmation within 11 U.S.C. §§ 1121(3) and 1129(e) time frames (or, if those sections do not apply, in "a reasonable period"); 2) the cause is something other than continuing loss or diminution of the estate coupled with lack of reasonable likelihood of rehabilitation; and 3) a reasonable justification or excuse exists, and the offending act or omission will be cured in a reasonable time.  § 1112(b)(2).

If cause exists and no unusual circumstances negate dismissal or conversion, the court must engage in the "balancing test" cited above, to determine which relief is in the best interests of creditors and the estate.  E.g., In re Rand, 2010 WL 6259960, at *10 (BAP 9th Cir. Dec. 7 2010) (citing § 1112(b)(1); In re Staff Inv. Co., 146 B.R. 256, 260 (Bankr. E.D.Cal. 1991)). Among factors looked to in determining which remedy is appropriate are whether there would be a loss of rights were the case dismissed, rather than converted; and ability of a chapter 7 trustee to reach assets for the benefit of creditors.  Id. (citing 7 COLLIER, ¶ 1112.04[7]).

B.  <u>Conversion is in the best interests of creditors and the estate</u>.

KeyBank and the IRS both assert that this case should be converted.  The IRS alleges that the Debtor has failed to file tax returns (form 940) and failed to pay withholding taxes.  KeyBank asserts that the Second Amended DS is deficient, and that the plan not confirmable because of feasibility issues and others.  The UST anticipates filing an objection to confirmation based, in part, on the lack of structure regarding the pursuit and funding of the avoidance actions by the unsecured creditors committee and the fact that the Debtor's projected revenues and expenses do not appear to be adequately supported.

If the Court finds that cause exists, the UST submits that conversion to chapter 7 is in the best interest of the estate. The Debtor's assets are subject to liens held by KeyBank, U.S. Small Business Administration, Oregon Business Development, Cascadia Metals, Inc., Marion County, Green Tree Home Mortgage, Valley Development Initiatives, and Associated Management Consultants. The liquidation analysis shows that various assets are subject to competing liens of various creditors. A chapter 7 trustee would be in a position to conduct an orderly liquidation of all of the assets and thereby maximize the possible distribution to all creditors. Moreover, a chapter 7 trustee would be in a position to investigate and pursue recovery of the avoidable transfers that the Debtor asserts are available.

IV. CONCLUSION

Based on the foregoing facts, authority and discussion, the UST submits that, if the Court finds cause under 11 U.S.C. § 1112(b), this case should be converted to a chapter 7 proceeding.

Date: September 24, 2015.

GAIL BREHM GEIGER
Acting United States Trustee

*/s/Ronald C. Becker*
RONALD C. BECKER, OSB # 831519
Attorney for the United States Trustee

# CERTIFICATE OF SERVICE

I, Ronald C. Becker, hereby certify as follows:

  1. On September 24, 2015, the attached document was served on the persons shown below by depositing a true copy thereof, in a sealed envelope with First-Class postage prepaid and addressed as shown below, in the U.S. Mail, at Eugene, Oregon.

Paul Harrison
Harrison Management Company
POB 80096
Portland, OR 97280-1096

Tiffany Jones
Coldwell Banker Commercial
960 Liberty St SE #250
Salem, OR 97302

Alex Rhoten
Coldwell Banker Commercial
960 Liberty St SE #250
Salem, OR 97302

  2. Based on the Bankruptcy Court's Electronic Case Filing records, the following person(s) should be served electronically when the attached document is filed with the Court:

- JOHN D ALBERT darlene@shermlaw.com, beth@shermlaw.com
- DAVID ANDERSON danderson@schwabe.com, docket@schwabe.com;gvance@schwabe.com;ecfpdx@schwabe.com
- KATHLEEN LOUISE BICKERS kathleen.bickers@usdoj.gov, deryl.looney@usdoj.gov
- SCOTT D FINK bronationalecf@weltman.com
- RONALD W GOSS ronald_w_goss@keybank.com, joanne_aponte-morgan@keybank.com
- GARRETT SHEA LEDGERWOOD gledgerwood@hershnerhunter.com, hhecf@hershnerhunter.com
- SUZANNE C PICKGROBE suzanne.pickgrobe@sba.gov, rhonna.kollenkark@sba.gov
- CRAIG G RUSSILLO crussillo@schwabe.com, lschauer@schwabe.com;docket@schwabe.com;ecfpdx@schwabe.com;bankruptcynotices@schwabe.com;gvance@schwabe.com
- Recovery Management Systems Corporation claims@recoverycorp.com

**Page 1 of 2** – Certificate of Service

- BRANDY A SARGENT    basargent@stoel.com, docketclerk@stoel.com;erheaston@stoel.com
- TARA J SCHLEICHER    tschleicher@fwwlaw.com, dfallon@fwwlaw.com;nlyman@fwwlaw.com
- NATHAN FREDERICK JONES SMITH    nathan@mclaw.org, JDefeyter@mclaw.org
- KEITH A TREFRY    keith.trefry@painehamblen.com, april.schwartzenberger@painehamblen.com
- TED A TROUTMAN    tedtroutman@gmail.com, rusty@muir-troutman.com
- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov
- CAROLYN G WADE    carolyn.g.wade@doj.state.or.us
- PATRICK W WADE    hhecfb@hershnerhunter.com

       */s/Ronald C. Becker*
       RONALD C. BECKER, OSB #83151
       Attorney for the United States Trustee

**Page 2 of 2** – Certificate of Service

Case 14-63530-fra11    Doc 244    Filed 09/24/15