Craig G. Russillo, OSB #973875
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981 (503) 796-2900
E-mail: crussillo@schwabe.com

Ronald W. Goss, WSBA #21575
(admitted *pro hac vice*)
KEYBANK LAW GROUP
WA-31-01-0071
1101 Pacific Avenue
Lower Level
Tacoma, WA 98402
Telephone: (253) 305-7813
Fax: (253) 305-7804
E-mail: ronald_w_goss@keybank.com

Attorneys for KeyBank National Association

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re: | Chapter 11 |
|---|---|
| Laura Lee Hagenauer, | No. 14-63530-fra11 |
| Debtor. | **KEYBANK'S MEMORANDUM IN SUPPORT OF JOINT MOTION TO SELL REAL PROPERTY** |

KEYBANK NATIONAL ASSOCIATION ("KeyBank"), a secured creditor and party in interest herein, by and through its undersigned attorneys of record, submits the following memorandum in support of the JOINT MOTION BY DEBTOR AND R AND R PROPERTY HOLDINGS, INC. TO: (A) APPROVE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) DEBTOR'S ENTRY INTO REAL PROPERTY LEASE; AND (C) COMPENSATION TO REAL ESTATE BROKER filed October 7, 2015 (dkt. #252) (the "Joint Motion").

Page 1 - KEYBANK'S MEMORANDUM IN SUPPORT OF JOINT MOTION TO SELL REAL PROPERTY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\CGR\16886911.1

Case 14-63530-fra11    Doc 254    Filed 10/15/15

## I. BACKGROUND

1.1 KeyBank holds a first priority perfected lien on the real property located at 3071 Schmidt Lane, Hubbard, Oregon (the "Subject Property") pursuant to a Deed of Trust dated January 27, 2012, recorded January 27, 2012 in the real property records of Marion County, Oregon, at Reel 3352, Page 214 (the "Deed of Trust").

1.2 KeyBank's Deed of Trust on the Subject Property secures a loan in the original principal amount of $1,600,000 (the "KeyBank Note").

1.3 The payoff amount of the KeyBank Note, as of October 7, 2015, is $1,787,043.

1.4 The Subject Property is also encumbered by the following liens:

| | |
|---|---|
| Marion County Tax Collector (real property taxes) | $131,680 |
| SBA (2nd priority deed of trust) | $860,448 |
| Oregon Bus. Dev. Comm'n (3rd priority deed of trust) | $706,588 |
| Cascadia Metals, Inc. (4th priority deed of trust) | $634,357 |
| IRS (federal tax lien) | $514,014 |

1.5 The Joint Motion seeks authority from the bankruptcy court to sell the Subject Property, free and clear of liens, to R & R Holdings, Inc. (the "Buyer"), an affiliate of Cascadia Metals, Inc., for a gross sale price of $2,600,000.

1.6 KeyBank consents to the sale, provided the KeyBank Note, including all principal, accrued interest, attorneys' fees and other charges allowed under § 506(b) of the Bankruptcy Code, the KeyBank Note, and Deed of Trust are paid in full at closing.

1.7 After payment of the broker's commission, real property taxes and KeyBank's lien, the proposed sale will result in a partial payment to SBA and no payment to Oregon Business Development Commission, Cascadia Metals, Inc. or IRS.

1.8 KeyBank does not object to payment of a 4 % commission to the broker at closing.

Page 2 -   KEYBANK'S MEMORANDUM IN SUPPORT OF
           JOINT MOTION TO SELL REAL PROPERTY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\CGR\16886911.1

Case 14-63530-fra11    Doc 254    Filed 10/15/15

1.9 KeyBank does not object to the proposed lease between the Buyer and the debtor, but recommends that approval of such lease be postponed until the confirmation hearing to avoid a possible administrative claim for damages in the event the debtor's third amended plan is not confirmed.

## II. ARGUMENT

*The Court Should Authorize the Sale Free and Clear of Liens Under § 363(f)(5)*

2.1 <u>Bankruptcy Code § 363(f)</u>. Section 363(f) sets forth several grounds under which a "free and clear" sale order may be entered:

> (1) Applicable nonbankruptcy law permits such sale;
>
> (2) The entity with an interest in the property consents to the sale;
>
> (3) The value of the property is greater than the amount secured by all liens against the property;
>
> (4) The lien is in bona fide dispute; or
>
> (5) The secured creditor could be compelled in a legal or equitable proceeding to accept a money satisfaction of its interest in the property.

11 U.S.C. § 363(f).

In this case, it is not presently known whether all lienholders will consent to the proposed sale. It is clear that the value of the Subject Property is substantially less than the aggregate liens and lienholders junior to KeyBank will either receive only partial payment (SBA) or no payment at all (Oregon Business Development, Cascadia Metals, IRS) from the proceeds. None of these liens appear to be in bona fide dispute, and neither the debtor nor the Buyer has identified any "applicable nonbankruptcy law" that permits such a sale. Therefore, absent consent by all lienholders, the court may approve the sale only if it satisfies § 363(f)(5).

2.2 <u>Legislative History of § 363(f)(5)</u>. The legislative history of § 363(f)(5) is sparse. *See* S. Rep. No. 95-989, 95th Cong., 2d Sess. 56 (1978), *reprinted in* 1978 U.S. Code Cong. & Admin. News, p. 5843 ("The trustee may sell free and clear if . . . the other entity

Page 3 - KEYBANK'S MEMORANDUM IN SUPPORT OF JOINT MOTION TO SELL REAL PROPERTY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\CGR\16886911.1

Case 14-63530-fra11    Doc 254    Filed 10/15/15

could be compelled to accept a money satisfaction of the interest in a legal or equitable proceeding."); H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 345 (1977), *reprinted in* 1978 U.S. Code Cong. & Admin. News, pp. 6301-02 (same).

    2.3    <u>Pre-Code Practice</u>. The Bankruptcy Code should not be construed to effect a change in pre-Code practice in the absence of at least some discussion in the legislative history. *See Midlantic Nat'l Bank v. New jersey Dept. of Environmental Protection*, 474 U.S. 494, 501 (1986) ("If Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific"); *In re Bonner Mall Partnership*, 2 F. 3d 899, 913 (9thCir. 1993) ("Where the text of the Code does not unambiguously abrogate pre-code practice, courts should presume that Congress intended it to continue unless the legislative history dictates a contrary result."), *cert. granted*, 510 U.S. 1039, 114 S.Ct. 681, (1994), appeal dismissed as moot, 513 U.S. 18, 115 S.Ct. (1994).

    Short sales were permitted prior to the enactment of § 363(f). In *Van Huffel v. Harkelrode*, 284 U.S. 225 (1931), the bankruptcy court authorized the sale of real property free and clear of liens with liens to attach to the proceeds of the sale. The property was subject to two mortgages and a lien for property taxes. All of the proceeds were applied to the satisfaction of the first priority mortgage. The county treasurer contended the bankruptcy court lacked power to sell the property free from the tax lien. The United States Supreme Court held that, even though the 1898 Bankruptcy Act did not contain a provision expressly allowing sales free and clear of liens, bankruptcy courts have inherent power to allow free and clear sales. *Id*. at 227 ("We think it clear that the power was granted by implication. Like power had long been exercised by federal courts witting in equity when ordering sales by receivers or on foreclosure").

    The lien at issue in *Van Huffel*, like the junior liens of Oregon Business Development Commission, Cascadia Metals, Inc. and the IRS in this case, was "out of the money". Nothing in the language or legislative history of § 363(f)(5) suggests that the drafters intended for the

Page 4 -    KEYBANK'S MEMORANDUM IN SUPPORT OF JOINT MOTION TO SELL REAL PROPERTY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\CGR\16886911.1

Case 14-63530-fra11   Doc 254   Filed 10/15/15

provision to be interpreted narrowly. On the contrary, it appears that the statute was worded broadly to permit free and clear sales under a variety of circumstances. Therefore, consistent with pre-Code practice, § 363(f)(5) should be interpreted to permit the short sale in this case.

    2.4    <u>Clear Channel</u>. In *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25 (BAP 9th Cir. 2008) ("*Clear Channel*"), the Ninth Circuit BAP analyzed § 363(f)(5). The lower court had glossed over this provision, reasoning that "all liens, by definition, are capable of being satisfied by money." The BAP held that this was error, because the proper focus of § 363(f)(5) is "whether there is an available type or form of *legal or equitable proceeding* in which a court could compel Clear Channel to release its lien for payment of an amount that was less than the full value of Clear Channel's claim."

The BAP held that "the bankruptcy court must make a finding of the existence of such a mechanism and the trustee must demonstrate how satisfaction of the lien could be compelled." The BAP remanded the case to the bankruptcy court to "allow the parties to attempt to identify a qualifying proceeding under nonbankruptcy law (if one exists) that would enable them to strip Clear Channel's lien and make the sale of [the debtor's property] free and clear under § 363(f)(5)."

Courts following *Clear Channel* require proof of a "qualifying proceeding under nonbankruptcy law" in which a junior lienholder could be compelled to release its lien. Thus, in *In re Jolan, Inc.*, 403 B.R. 866, 869 (Bankr. W.D. Wash. 2009), the bankruptcy court authorized a short sale of personal property under § 363(f)(5) because Washington's Uniform Commercial Code and receivership statute were "qualifying proceedings" that allowed such property to be sold free and clear of liens, including first priority liens.

It should be noted that the qualifying proceeding under § 363(f)(5) need only be a *hypothetical* proceeding, not an *actual* proceeding:

Page 5 - KEYBANK'S MEMORANDUM IN SUPPORT OF JOINT MOTION TO SELL REAL PROPERTY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\CGR\16886911.1

Case 14-63530-fra11    Doc 254    Filed 10/15/15

> It is important to focus on the hypothetical nature of [the] language of § 363(f)(5). . . . There is no requirement that the legal or equitable proceeding compelling the acceptance of less than full value actually occur prior to the § 363(f)(5) sale, or if at all. Furthermore, if the "legal or equitable proceeding" contemplated by § 363(f)(5) would result in the junior lienholder receiving nothing, then a § 363(f)(5) sale that pays them nothing or gives them an unsecured claim to be redeemed for some dollar amount would appear to be permissible.

*In re Levitt & Sons, LLC*, 384 B.R. 630, 648 (Bankr. S.D. Fla. 2008).

  2.5 <u>Qualifying Proceedings in this Case</u>. Applying *Clear Channel* to the present case, the Subject Property may be sold free and clear of SBA's, Oregon Business Development Commission's, Cascadia Metals, Inc.'s and IRS's lien if there exists a legal or equitable proceeding in which these junior lienholders could be compelled to release their lien.

There are at least four such "qualifying proceedings":

  (1) A receivership under federal law;

  (2) A nonjudicial foreclosure proceeding under Oregon law;

  (3) An eminent domain proceeding under federal law; and

  (4) An eminent domain proceeding under Oregon law.

  2.5.1 <u>Federal Receivership</u>. Federal district courts have inherent equitable power to appoint receivers. 1 CLARK ON RECEIVERS § 46(a), at 49 (3rd ed. 1959). Federal courts have "broad powers and wide discretion to determine the appropriate relief in an equity receivership." *S.E.C. v. American Capital Investments, Inc.,* 98 F. 3d 1133, 1144 (9th Cir. 1996), *cert. denied*, 520 U.S. 1185, 117 S.Ct. 1468 (1997) (quoting *S.E.C. v. Lincoln Thrift Ass'n*, 577 F. 2d 600, 606 (9th Cir. 1978)).

It has long been recognized that a federal court presiding over a receivership may authorize the sale of assets free and clear of liens and encumbrances. "A court of equity, under proper circumstances, has the power to order a receiver to sell property free and clear of all encumbrances." *Miners Bank of Wilkes-Barre v. Acker*, 66 F. 2d 850, 853 (2d Cir. 1933).

Page 6 - KEYBANK'S MEMORANDUM IN SUPPORT OF JOINT MOTION TO SELL REAL PROPERTY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\CGR\16886911.1

Case 14-63530-fra11    Doc 254    Filed 10/15/15

1    Therefore, a federal receivership is a "qualifying proceeding" for purposes of § 363(f)(5).

                2.5.2    <u>Nonjudicial Foreclosure Sale Under Oregon Law</u>.  Oregon's trust deed act allows lenders to foreclose a mortgage or deed of trust privately, under power of sale, instead of filing a lawsuit.  ORS 86.705-795.  A nonjudicial foreclosure sale, or trustee's sale, is the private sale of secured property pursuant to a power of sale contained in the mortgage or deed of trust.  ORS 86.710.  The power of sale gives the lender the right to sell the property at auction without court supervision.  ORS 86.735(4).

Under Oregon law, after a borrower defaults on the loan, the lender's initial step in the foreclosure process is to serve a Notice of Default.  ORS 86.735(4).  If the borrower fails to cure the default, the lender may issue a Notice of Sale.  ORS 86.745-750.  If the borrower still fails to cure the default and does not successfully undertake legal action to halt the sale, then the trustee will sell the property to the highest bidder at a public sale.  ORS 86.755(1).

The sale forecloses and terminates the owner's interest and the interests of holders of junior liens.  ORS 86.770(1).

In the event the proceeds exceed the sale expenses, after payment of the obligation secured by the deed of trust any remaining proceeds are distributed to "all persons having recorded liens subsequent to the interest of the trustee in the trust deed as their interests may appear in the order of their priority."  ORS 86.765(3).

In a trust deed foreclosure scenario, a junior lienholder, such as SBA, Oregon Business Development, Commission, Cascadia Metals, Inc. or IRS, would be entitled to receive excess proceeds, after payment of sale expenses and the senior lien of KeyBank, and therefore "could be compelled . . . to accept a money satisfaction" of its lien.[1]

---

[1] "Money satisfaction" as used in § 363(f)(5), does not mean "full money satisfaction." *Levitt, & Sons*, 384 B.R. at 648 (citing *In re Grand Slam USA, Inc.*, 178 B.R. 460, 461-62 (E.D. Mich 1995), and *In re Healthco Int'l, Inc.*, 174 B.R. 174 (Bankr. D. Mass. 1994)).  *See also*, *In re WPRV-TV, Inc.*, 143 B.R. 315, 321 (Bankr. D. P.R. 1991), *vacated on other grounds*, 165 B.R. 1 (D. P.R. 1992), *rev'd on other grounds*, 983 F. 2d 336 (1st Cir. 1993).

Page 7 -    KEYBANK'S MEMORANDUM IN SUPPORT OF
            JOINT MOTION TO SELL REAL PROPERTY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

PDX\027891\198786\CGR\16886911.1

Case 14-63530-fra11    Doc 254    Filed 10/15/15

Therefore, a nonjudicial foreclosure is a "qualifying proceeding" for purposes of § 363(f)(5).

    2.5.3  <u>Eminent Domain Under Federal Law</u>. Eminent domain is the power of the sovereign to take private property for public use without the owner's consent. *United States v. 0.95 Acres of Land*, 994 F. 2d 696, 698 (9th Cir. 1993). Eminent domain allows a state or federal government to reduce *every property interest* to money. *See United States v. General Motors Corporation*, 323 U.S. 373, 377, 65 S.Ct. 357 (1945) ("the constitutional provision [i.e., the takings clause] is addressed to every sort of interest the citizen may possess").

"The Fifth Amendment requires that the United States pay 'just compensation'–normally measured by fair market value—whenever it takes private property for public use." United States v. 50 Acres of Land, 469 U.S. 24, 25026 (1984). *See also*, *United States v. 760.807 Acres of Land*, 731 F. 2d 1443, 1446 (9th Cir. 1984) ("Just compensation means the monetary equivalent of the property taken, and the federal courts have employed the concept of 'fair market value' to determine the condemnee's loss.").

When the government exercises its power of eminent domain, it compensates the people who have possessory interests in the condemned property. *United States v. 1.377 Acres of Land*, 352 F. 3d 1259, 1269 (9th Cir. 2003). Once the government provides just compensation, its role is at an end and the apportionment of the condemnation award is left to either the discretion of the court, or the allocation agreed upon by the parties in a contract. *Id*.

In *United States v. 99.66 Acres of Land*, 970 F. 2d 651 (9th Cir. 1992), the Ninth Circuit described a lienholder's rights in a condemnation case:

> Nevertheless, lienholders enjoy certain rights related to the condemnation award. The award stands in place of the land. As such, valid liens on the land attach to the award and a lienholder may proceed in equity against the compensation award.

*Id*. at 659 (citations omitted).

Page 8 -    KEYBANK'S MEMORANDUM IN SUPPORT OF JOINT MOTION TO SELL REAL PROPERTY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\CGR\16886911.1

Case 14-63530-fra11    Doc 254    Filed 10/15/15

1   If the fair market value of the condemned property, and hence the condemnation award, is less than the face value of all the liens on the property, junior liens, such as the liens of SBA, Oregon Business Development Commission, Cascadia Metals, Inc. and IRS in this case, will nonetheless be extinguished even though the junior liens are not paid in full from the condemnation award.

Therefore, an eminent domain proceeding under federal law is a "qualifying proceeding" for purposes of § 363(f)(5).

    2.5.4  <u>Eminent Domain Under Oregon Law</u>. An eminent domain proceeding under Oregon law is also "qualifying proceeding" for purposes of § 363(f)(5) of the Bankruptcy Code. Under Oregon law, as under federal law, the government can take private property for public use through the power of eminent domain. *Simpson Timber Company v. Dept. of Revenue*, 953 P. 2d 366, 369 n. 4 (Or. 1998). Under Article I, Section 18, of the Oregon Constitution, property owners are entitled to "just compensation" for the taking of their property. *Odot v. Hughes*, 986 P. 2d 700, 703 (Or. App. 1999).

Since the government is permitted to take property by providing "just compensation," i.e., fair market value, it follows that where, as here, the fair market value is less than the total amount of all liens, a wholly unsecured, or "out of the money" lienholder, such as Oregon Business Development Commission, Cascadia Metals, Inc., and IRS, will not share in the apportionment of the condemnation award.

Therefore, an Oregon eminent domain proceeding is "qualifying proceeding" for purposes of § 363(f)(5).

///
///
///
///
///

Page 9 -   KEYBANK'S MEMORANDUM IN SUPPORT OF
            JOINT MOTION TO SELL REAL PROPERTY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\CGR\16886911.1
Case 14-63530-fra11   Doc 254   Filed 10/15/15

## III. CONCLUSION

WHEREFORE, KeyBank respectfully requests that the Court enter an order authorizing the debtor in possession to sell the Real Property to R & R Holdings, Inc. free and clear of liens, with liens to attach to the proceeds of the sale.

Dated this 15th day of October, 2015.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: */s/ Craig G. Russillo*
Craig G. Russillo, OSB #973875
Email: crussillo@schwabe.com

KEYBANK LAW GROUP

By: */s/ Ronald W. Goss*
Ronald W. Goss, WSBA #21575
Email: ronald_w_goss@keybank.com
Admitted *pro hac vice*

Attorneys for KeyBank

Page 10 - KEYBANK'S MEMORANDUM IN SUPPORT OF JOINT MOTION TO SELL REAL PROPERTY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\027891\198786\CGR\16886911.1

Case 14-63530-fra11    Doc 254    Filed 10/15/15

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2015, I caused to be served the foregoing **KEYBANK'S MEMORANDUM IN SUPPORT OF JOINT MOTION TO SELL REAL PROPERTY**, via ECF on:

- JOHN D ALBERT   darlene@shermlaw.com, beth@shermlaw.com
- DAVID ANDERSON   danderson@schwabe.com, docket@schwabe.com;gvance@schwabe.com;ecfpdx@schwabe.com
- SCOTT D FINK   bronationalecf@weltman.com
- RONALD W GOSS   ronald_w_goss@keybank.com, joanne_aponte-morgan@keybank.com
- CHELSEA S LEWANDOWSKI   bmail@wal-lawfirm.com
- SUZANNE C PICKGROBE   suzanne.pickgrobe@sba.gov, rhonna.kollenkark@sba.gov
- CRAIG G RUSSILLO   crussillo@schwabe.com, lschauer@schwabe.com;docket@schwabe.com;ecfpdx@schwabe.com;bankruptcynotices@schwabe.com;gvance@schwabe.com
- Recovery Management Systems Corporation   claims@recoverycorp.com
- BRANDY A SARGENT   basargent@stoel.com, docketclerk@stoel.com;erheaston@stoel.com
- TARA J SCHLEICHER   tschleicher@fwwlaw.com, dfallon@fwwlaw.com;nlyman@fwwlaw.com
- TED A TROUTMAN   tedtroutman@gmail.com, rusty@muir-troutman.com
- US Trustee, Eugene   USTPRegion18.EG.ECF@usdoj.gov
- CAROLYN G WADE   carolyn.g.wade@doj.state.or.us

And via first class mail, postage pre-paid to:

Paul Harrison
Harrison Management Company
POB 80096
Portland, OR 97280-1096

Tiffany Jones
Coldwell Banker Commercial
960 Liberty St SE #250
Salem, OR 97302

Alex Rhoten
Coldwell Banker Commercial
960 Liberty St SE #250
Salem, OR 97302

/s/ Craig G. Russillo
Craig G. Russillo, OSB No. 973875

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.998

PDX\027891\198786\CGR\16886911.1

Case 14-63530-fra11   Doc 254   Filed 10/15/15