Ted A. Troutman
Troutman Law Firm, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97006
Tel:     503-292-6788
Fax:     503-596-2371
E-mail: tedtroutman@sbcglobal.net


UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Bankruptcy Case No.: 14-63530-fra11 |
| LAURA LEE HAGENAUER, | ) | |
| | ) | DEBTOR'S ~~THIRD~~FOURTH AMENDED |
| PLAN | | |
| Debtor. | ) | OF REORGANIZATION |

TABLE OF CONTENTS

1.     Treatment of Unclassified Claims

2.     Treatment of Classes of Claims and Equity Interests

Class 1:          Impaired Secured Claim of KeyBank

Class 2:          Impaired Secured Claim of KeyBank

Class 3:          Impaired Secured Claim of Valley Development Initiatives

Class 4:          Impaired Claim of Oregon Business Development Initiatives

Class 5:          Impaired Secured Claim of US Small Business Administration

Class 6:          Impaired Unsecured Inventory Related Claims of Current Suppliers

Class 7:          Impaired Unsecured Claim of Cascadia Metals

Class 8:          Unimpaired Secured Claim of GreenTree Home Mortgage

Class 9:          Impaired Secured Claim of Marion County

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Class 10:      Impaired Claim of Unsecured Claim Under $1,000

Class 11:      Impaired Claim of Unsecured Creditors with Claims Over $1,000 that are

not Current Inventory Suppliers.

Class 12:      Impaired Unsecured Claim of Agnes Hagenauer

Class 13:      Impaired Unsecured Claim of Dennis Hagenauer

Class 14:      Impaired Unsecured Claim of Employee Bruce Kahler

Class 15:      Impaired Claim for Unfunded 401(k) Plan

Class 16:      Impaired Secured Claim of KeyBank

Class 17:      Disputed Secured Claim of AMCI (Associated Management Consultants

Inc.)

3.      Implementation of ~~Third~~Fourth Amended Plan

4.      Conditions Precedent

5.      Effects of Confirmation

6.      Treatment of Executory Contract and Unexpired Leases

7.      Avoidance Claims

8.      Miscellaneous Provisions

9.      Definitions

**1.      Treatment of Unclassified Claims.**

**Administrative Claims** allowed by the Court for professional fees of Debtor's

counsel, Debtor's financial consultant and Committee's Counsel shall be paid as follows: (1) a

pro rata share of the account established pursuant to the Stipulated Final Order For Use of Cash

Collateral (Doc. No. 153) at paragraph 10, (the "Accumulated Administrative Account") along

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

with the Allowed 503(b)(9) Claims as set forth below, upon the Effective Date; (2) a pro rata share of any Avoidance Claims recoveries; (3) a pro rata share of monthly payments of $4,000 per month starting 30 days after the Effective Date until paid in full.

**IRS Secured Claim for Amounts Due that Would Otherwise be General Unsecured Claim pursuant to Bankruptcy Code.** The IRS secured claims that, but for the security would otherwise be general unsecured claims can be paid over a longer period than sixty (60) months. The claim for penalty is secured by Debtor's personal property valued at $109,745.00. It will be paid over 84 months with equal payments of $1,288 starting 30 days after-+ the Effective Date.. Interest will accrue on the unpaid balance at 3% per annum.

**IRS Priority Claim** in the amount of $363,337.83 will be paid starting January 20, 2016 with monthly payments of $8,730.48 and interest at three percent (3%) until paid in full.

**Oregon Department of Revenue Priority Claim**. Upon the Effective Date of the ~~Third~~Fourth Amended Plan, the unpaid balance of $56,690 will be paid over 45 months with monthly payments of $1,462.34. The claim will be paid with interest of 8% per annum as required under § 511 of the bankruptcy code.

**Priority Tax Claim of California Board of Equalization** in the amount of $9,838.97 will be paid over 45 months with interest at the statutory rate of 9% per annum. Monthly payments starting on the Effective Date of the ~~Third~~Fourth Amended Plan will be $258.42.

**Priority Claim of the Oregon Employment Division** in the amount of $50,902.49 will be paid over 45 months with the statutory interest rate of 8% per annum and

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

monthly payments starting on the Effective Date of the ~~Third~~Fourth Amended Plan in the amount of $1,313.05.

**503(b)(9) Claims.** There are filed 503(b)(9) administrative claims of $332,068.28. These claims are all from current suppliers including Cascadia Metals, Inc, which has filed a 503(b)(9) claim for $137,544.18, West Coast Metals for $174,456.90 and Atlas Bolt for $20,067.20. These claims will be paid 1.5% additional funds for each invoice for goods sold to Debtor. If the creditor ships goods invoiced at $100,000 they will be paid $100,000 plus 1.5% toward the 503(b)(3) claim which would equal an additional $1,800. This will continue until the claim, plus 3.25% interest, is paid in full. It is estimated that the amount of time required to pay the 503(b)(9) claims in full is 36 months from the Date of Confirmation as set forth on Attached Exhibit B. Cascadia Metals and West Coast Metals have verbally agreed to the proposed treatment.

**Penske Administrative Claim** for post-petition charges incurred between September 29, 2014 and November 4, 2014 in the amount of $25,976.75. Debtor and Penske have agreed this claim will be paid $12,988.38 on the Effective Date, plus 9 monthly payments of $1,443.15 starting 30 days after the Effective Date.

**2.     Treatment of Claims.**

**2.1**     <u>Class 1 – Impaired Secured Claim of KeyBank</u> secured by 3071 Schmidt Lane NE, Hubbard, OR 97032 in the approximate amount of $~~1,787,432.28~~1,596,983.05. The claim will be paid from the sale of the property at 3071 Schmidt Lane NE, Hubbard, OR 97032. Debtor expects the sale of the property for $2,600,000 will be approved at a hearing for approval to sell the property free of liens scheduled for November 4, 2015. The additional approximately

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

$~~55,333.74~~204,280.03 owed to KeyBank for default interest will be subordinated to the claim of SBA and will become a Class 11 unsecured debt.

**2.2**    <u>Class 2 – Impaired Secured Claim of KeyBank</u> secured by the accounts receivable, equipment and accounts of Debtor in the approximate balance of $430,932.11.  The loan documents will be modified to reduce the interest rate to 6.5% per annum.  The loan will be modified to require monthly payments of $8,431.68 for 60 months starting 30 days after the Effective Date of the ~~Third~~Fourth Amended Plan.  Any pre-petition default on the loan will be waived.

**2.3**    <u>Class 3 – Impaired Secured Claim of Valley Development Initiatives</u> secured by the equipment formerly owned by Valley Rolling, Inc. and DeLaMCC, LLC.  The balance of the loan is approximately $229,028.88.  The loan documents will be modified to require monthly payments of $2,542.69 with interest at 6% per annum.  These payments will start 30 days after the Effective Date and continue for a period of 120 months.

**2.4**    <u>Class 4 – Impaired Claim of Oregon Business Development Initiatives</u> secured by a second lien on Debtor's residence, a third lien on Debtor's building at 3071 Schmidt Lane NE, Hubbard, OR 97032, and a third lien on the personal property of Valley Rolling.  Any pre-petition default on the loan will be waived.  The loan is in the approximate amount of $706,588.00.  There is no equity in the building at 3071 Schmidt Lane NE, Hubbard OR 97032 to support the secured claim on the building.  There is no equity in the personal property to support the secured claim.  There is $350,000 in equity in Debtor's residence to support the lien.  The balance of the lien in the amount of $356,588 will be paid ~~as an unsecured claim pursuant to Class 11~~interest only payments of $1,188.63 for 45 months and interest at 4%.  After 45 months

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

the unsecured claim of $356,588 will be reamortized over 120 months with interest at 4% and monthly payments of $3,610.28. The secured claim in the amount of $350,000 will be paid interest only at ~~4%~~ 4.5% with monthly payments of $~~1,166.67~~ 1,312.50 for 45 months. The balance of $350,000 will then be re-amortized over 240 months at ~~4%~~ 4.5% interest and monthly payments of $~~2,120.93~~ 2,714.27. The first payment will be due 30 days after the Effective Date. The balance will be due in full 165 months after the Effective date.

       **2.5**     <u>Class 5 – Impaired Secured Claim of US Small Business Administration</u> of $860,448.55 secured by a third lien on the property at 3071 Schmidt Lane NE, Hubbard, OR 97032. The loan will be paid approximately $~~581,097.24~~ 729,545.42 upon the sale of the business property at 3071 Schmidt Lane NE, Hubbard, OR 97032. The balance of the loan will be paid as a Class 11 unsecured claim.

       **2.6**     <u>Class 6 – Impaired Unsecured Inventory Related Claims of Current Suppliers.</u> These claimants are:

| | |
|---|---|
| RF Factor | 61,107.25 |
| Winrock – Superior Plus | 42,922.41 |
| Atlas Bolt & Screw | 8,109.88 |
| Champion Metal of Washington | 12,167.97 |
| TOTAL | $124,307.51 |

       These creditors will be paid the amount of any current invoice shipped after confirmation of the ~~Third~~ Fourth Amended Plan plus an additional 1.5% of the invoice to apply toward the unpaid claim. These payments will continue until the claim is paid in full plus 3.25% interest. The payments will start 30 days after the Effective Date. If any of the claimants cease

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

to be suppliers of Debtor, the balance left owing on the claim will be amortized with monthly

payments for 120 months with 3.25% interest.

2.7    Class 7 – Impaired Unsecured Claim of Cascadia for balance of $634,357.58.

This balance will be paid after the 503(b)(5) Claim of Cascadia has been paid in full.  The

balance will be paid the amount of any current invoice shipped after confirmation of the

~~Third~~Fourth Amended Plan plus 1.5% of the invoice.  If Debtor is no longer a customer of

Cascadia, the debt will be paid at 1.5% of the outstanding balance per month with interest at

3.25%.

2.8    Class 8 – Unimpaired Secured Claim of GreenTree Home Mortgage in the

amount of $159,004.44 secured by Debtor's personal residence at 1129 Belle Passi Rd.,

Woodburn, OR 97071.  Debtor will continue to make the payments according to the terms of the

mortgage.  At the time the case was filed, there was no arrearage on the GreenTree Home

Mortgage.  Since the filing of the case, Debtor did become delinquent on the mortgage, however

that delinquency has been cured.  Debtor will stay current on the GreenTree Home Mortgage

loan.

2.9    Class 9 – Impaired Secured Claim of Marion County secured by Debtor's real

property at 3071 Schmidt Lane NE, Hubbard, OR 97032 in the approximate amount of $124,167.

The claim will be paid in full upon sale of the property.  The secured claim for personal property

tax in the amount of $9,299.45 will be paid over 60 months starting 30 days after the Effective

Date with monthly payments of $226.14 including interest at 16% per annum.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

**2.10** <u>Class 10 – Impaired Unsecured Claims Under $1,000</u> will be paid 60 days after the Effective Date of the ~~Third~~Fourth Amended Plan without interest.  These claims are as follows:

| | |
|---|---:|
| Primesource Building Products | $935.20 |
| Wells Fargo | 870.00 |
| Century Link | 773.29 |
| Pitney Bowes Purchase Power | 730.14 |
| Long Brothers Building Supply Inc. | 630.15 |
| AT&T | 610.74 |
| Pacific Marketing | 583.68 |
| J.J. Thayer Company | 569.73 |
| Pitney Bowes | 432.40 |
| Davison Auto Parts | 384.39 |
| Teletrac | 337.00 |
| Commercial Business Machines | 250.00 |
| Amerititle | 200.00 |
| G.W. Hardware | 199.19 |
| Industrial Welding Supply, Inc. | 165.69 |
| Oak Harbor Freight Lines, Inc. | 69.84 |
| Marion County Tax Collector | 42.99 |
| Northwest Natural Gas | 13.16 |
| Fastenal | 8.89 |

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

TOTAL                    $7,806.48

**2.11**    Class 11 – Impaired Claim of Unsecured Creditors with claims over $1,000 that

are not Current Inventory Suppliers.  These claims total $~~1,345,139.30~~989,048.44 and will be

paid interest only payments for the first 45 months starting 30 days after the Effective Date.  The

total monthly payment amount will be $~~3,643.09~~2,678.67.  After 45 months the payments will

increase to amortize the debt over 120 months with total monthly payments of

$~~14,243.08~~9,660.02.  These creditors and monthly payments are as follows:

| | Balance Owed | Interest Only Payment | After 45 Months |
|---|---|---|---|
| Marc Nelson Oil Products | $17,985.35 | $  48.71 | $  ~~190.44~~175.75 |
| Discover | 17,175.84 | 46.52 | ~~181.87~~167.84 |
| Mackey Porth & Unrein | 9,838.97 | 26.65 | ~~104.18~~96.15 |
| Toyota Lift Northwest | 5,078.80 | 13.76 | ~~53.78~~49.63 |
| KeyBank (default interest) | ~~55,333.74~~204,280.03 | ~~149.86~~553.26 | ~~585.90~~1,996.21 |
| SBA | ~~279,351.31~~130,903.13 | ~~756.58~~354.53 | ~~2,957.93~~1,279.17 |
| FORA Financial [1] | 45,576.20 | 123.44 | ~~482.59~~445.37 |
| Chase Bank | 110,496.69 | 299.26 | ~~1,170.00~~1,079.76 |
| ~~Oregon Business Development~~ | ~~356,588.97~~ | ~~965.76~~ | ~~3,775.76~~ |
| Les Schwab | 2,901.89 | 7.86 | ~~30.73~~28.36 |
| MWI Components | 2,950.74 | 7.99 | ~~31.24~~28.83 |
| Mt. Angel Telephone | 2,492.44 | 6.75 | ~~26.39~~24.36 |

[1] But see Paragraph 3, Page 18 above.  Before FORA Financial can receive any distribution, it must pay back the preference payments.

Page 9 – DEBTOR'S ~~THIRD~~FOURTH AMENDED PLAN OF REORGANIZATION

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

| | | | |
|---|---|---|---|
| National Manufacturing Co. | 2,014.98 | 5.46 | ~~21.34~~19.69 |
| Aramark Uniform Services | 1,927.19 | 5.22 | ~~20.41~~18.83 |
| Artis Metals Company, Inc. | 1,455.31 | 3.94 | ~~15.41~~14.22 |
| McMinnville Gas Inc. | 1,406.36 | 3.81 | ~~14.89~~13.74 |
| Portland General Electric | 1,332.90 | 3.61 | ~~14.11~~13.02 |
| Protec, Inc. Security, Fire & Video | 1,295.00 | 3.51 | ~~13.71~~12.65 |
| Cannonball [2] | 29,134.12 | 78.90 | ~~308.49~~284.70 |
| ISS West | 224,493.64 | 608.00 | ~~2,377.06~~2,193.73 |
| Euler Hermes | 48,414.04 | 131.12 | ~~512.63~~473.10 |
| Penske ~~(Disputed)~~ | 60,949.29 | 165.07 | ~~645.36~~595.59 |
| IRS General Unsecured | 50,931.92 | 110.86 | ~~433.41~~399.98 |
| Associated Management Consultants (AMCI) 26,013.61 | | 70.45 | ~~275.45~~254.20 |
| TOTAL | $~~1,345,139.30~~989,048.44 | $~~3,643.09~~2,678.67 | $~~14,243.08~~9,664.89 |

    **2.12**   <u>Class 12 – Impaired Unsecured Claim of Agnes Hagenauer</u> in the amount of $259,000. This claim will be paid starting in the 60th month after confirmation with 3.25% interest only if she has repaid to the Creditors' Committee, pursuant to Section 7 of the ~~Third~~Fourth Amended Plan, the preference payment of $21,189.58 she received. Monthly payments starting the 60th month after confirmation will be $4,682.72 per month until paid in full. The claim of Agnes Hagenauer in the amount of $259,000 will not accrue interest until after payments begin in the 60th month.

---

[2] But see Paragraph 2, Page 18 above. Before Cannonball receives any distributions, it must pay back the preference amounts.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

**2.13** <u>Class 13 – Impaired Unsecured Claim of Dennis Hagenauer</u> in the amount of $57,957.36 for money advanced by Dennis Hagenauer to Valley Rolling on his personal credit lines and in cash. This claim will be paid after Class 11 is paid in full with monthly payments of $1,047.87 for 60 months. Interest will accrue starting in the 165th month at 3.25% per annum.

**2.14** <u>Class 14 – Impaired Unsecured Claim of Employee Bruce Kahler</u> in the amount of $59,309.47. This debt will be paid after Class 11 is paid in full. Payments will be $1,072.32 per month for 60 months. Interest will accrue starting in the 165th month at 3.25% per annum.

**2.15** <u>Class 15 – Impaired Claim for Unfunded 401(k) Plan</u> in the amount of $139,834.31. This claim is for unfunded 401(k) contributions for employees of Valley Rolling Corp. including Debtor and her husband. $4,795.46 is priority debt and will be paid on the Effective Date. Payments on this claim will start January of 2018 in the amount of $3,500 per month with interest at 3% until paid in full.

**2.16** <u>Class 16 – Impaired Secured Claim of KeyBank</u> secured by 3071 Schmidt Lane NE, Hubbard, OR 97032, which is the amount of KeyBank's indebtedness in Class 1 by which the default rate of interest exceeds the non-default rate of interest in KeyBank's claim, and any late fees, pre-payment penalties and other default charges included in KeyBank's claim, which are subordinate to the SBA's Class 5 claim, as provided in the Prior Lienholder Agreement between SBA as assignee and KeyBank, dated February 14, 2012 and recorded February 23, 2012 in Marion County, Oregon, recording number 3359 p 88. These amounts will be paid from the sale of 3071 Schmidt Lane NE after payment in full to SBA Class 5. Any amount unpaid will be a Class 11 General Unsecured claim.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

**2.17**   Class 17 – Disputed Secured Claim of AMCI (Associated Management Consultants, Inc.) in the amount of $26,013.61.  Debtor asserts the claim is unsecured and intends to file an objection to secured status of the claim.  If the Court determines the claim is secured, the claim will be paid with five percent (5%) interest over sixty (60) months with monthly payments of $490.91 until paid.  If the claim is determined by the Court to be unsecured, it will be paid as part of Class 11.

**3.       Implementation of ~~Third~~Fourth Amended Plan.**

The source of funds to be received by the estate for distribution to creditors will be from Debtor's income from the sale of Debtor's real estate and from the business of Valley Rolling and Debtor's wages and any recovery on avoidance claims under 11 USC §§ 547, 548, 549 and 550 ("Avoidance Claims").

There is a pending motion to sell the property at 3071 Schmidt Lane NE, Hubbard, Oregon for $2,600,000.  If the sale is closed prior to Confirmaton, the secured claim of KeyBank on the property will be paid in full as will the secured claim of Marion County.  If the sale has not closed, then as part of this ~~Third~~Fourth Amended Plan, Debtor will close the sale on the following terms noticed in the Motion to Sell.

Laura Lee Hagenauer (the "***Debtor***"), has filed a motion (the "***Motion***") for authority to sell (the "***Sale***") the commercial real property and fixtures located at 3071 Schmidt Lane, Hubbard, Oregon (the "***Property***") to R&R Property Holdings, Inc. ("***R&R***") or a higher and better bidder, free and clear of all liens, claims, encumbrances and interests pursuant to 11 U.S.C. §§ 363(b) and (f); enter into a lease of a portion of the Property (the "***Property Lease***") pursuant to 11 U.S.C. § 363(b); and pay a 4% commission to Coldwell Banker Commercial of

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Salem, Oregon (the "**Broker**") upon the closing of the Sale of the Property pursuant to Bankruptcy Rule 2016(a) and Local Rule 2016-1(c)(2)(A) & (B).

A hearing on the Motion and any objections to the Motion will be held on November 4, 2015 at 10:00 a.m. (the "**Hearing**") and testimony will be offered, and received if admissible, in support of the Motion and a finding that the purchase of the Property by R&R is being made in good faith and is entitled to the protections afforded by 11 U.S.C. § 363(m).

3.1 Debtor proposes to sell the Property free and clear of liens, claims, encumbrances and interests pursuant to 11 U.S.C. § 363(f)(2) and (f)(5) (and 11 U.S.C. § 363(f)(1), if applicable) and the terms of Standard Commercial Sale Agreement between the Debtor and R&R dated September 29, 2015 (the "**Sale Agreement**"). A copy of the Sale Agreement is attached to this Statement as exhibit I. Debtor also proposes to enter into the Property Lease to lease back a portion of the Property for use in her business operations. A copy of the Property Lease is attached to this Statement as exhibit J.

3.2 R&R, the proposed buyer, is a Washington corporation and an affiliate of Cascadia Metals, Inc. ("**Cascadia**"). Cascadia is a primary vendor to the Debtor, one of the Debtor's largest unsecured and administrative creditors, and the holder of a lien against the Property. If the sale is approved, R&R also will become the Debtor's landlord under the proposed Property Lease. R&R's counsel is Brandy A. Sargent, Stoel Rives LLP, 900 S.W. Fifth Avenues, #2600, Portland, Oregon, 97204; Telephone: 503-294-9888; E-mail: brandy.sargent@stoel.com.

3.3 The address of the Property is 3071 Schmidt Lane, Hubbard, Oregon. The legal description of the Property is:

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

A tract of land in the Southeast Quarter of Section 33, Township 4 South, Range 1 West, Willamette Meridian, Marion County, Oregon, being a portion of that tract of land described by Warranty Deed from Gregory G. Berning to PBSL, LLC and recorded in Reel 2760, Page 114, Marion County Deed Records, more particularly described as follows:

Beginning at an iron bar that is on record as being North 86° 15' East 1,611.06 feet and South 31° 26' West 1,351.88 feet and North 58° 34' West 641.52 feet from the Northwest corner of the Ewing Purvine Donation Land Claim in Section 33, Township 4 South, Range 1 West of the Willamette Meridian in Marion County, Oregon, which is at an angle point of the Northerly margin of Schmidt Lane (CR 439, 40.00 foot wide) and also being the most Southerly corner of that tract of land deeded to S.W. WEAVER, by Deed recorded in Volume 178, Page 461, Deed Records; thence North 41° 16' 23" East 402.16 feet to the Northwest corner of Parcel 1 of said PBSL, LLC deed (Paragraph 1); thence along the center of a ditch South 24° 17' 19" East 121.03 feet to an Iron pipe; thence South 49° 47' 19" East 110.55 feet to an iron rod; thence South 41° 35' 19" East 198.66 feet to an iron rod; thence South 58° 33' 19" East 137.23 feet to the Westerly margin of Relocated (1932) Highway 99E (40 feet from centerline); thence South 31° 19' 58" West 249.82 feet along the Westerly margin of said Highway 99E to its intersection with the North line of County Road No. 439; thence North 58° 53' 01" West 605.67 feet along the North right of way line of said Schmidt Lane (20 feet from centerline) to the point of beginning, in the City of Hubbard, Marion County, Oregon.

3.4     A copy of the full property description or inventory may be examined or obtained by contacting counsel for the Debtor.

3.5     The Property may be viewed by contacting the Debtor's counsel.

3.6     Other than the Debtor, R&R and the Broker, there are no other parties to the transaction.

3.7     Under the Sale Agreement, the gross sale price for the Property is $2,600,000. All of the liens on the Property exceed $4,469,734, of which Debtor believes a total of $2,050,033.08 need not be paid as secured claims because they have either consented or the Court can order the sale under Section 363(f)(5). KeyBank also seeks reimbursement of approximately $70,000 for fees and costs.  Total sales costs will includes a 4% commission to the Broker (*i.e.,* $104,000, assuming no change to the terms of the Sale) and other costs of

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

closing, estimated to be approximately $6,299.00.  A preliminary list of closing costs to be satisfied by the Debtor may be obtained from the Debtor's counsel.  All tax consequences have been considered and no taxes will be owed as a result of the sale.  Absent a substantial overbid for the Property, the Sale will result in no net proceeds to the estate after payment of the Sale proceeds to satisfy valid liens on the Property (in the order of their priority) and fees, costs, and taxes payable in connection with the Sale.

3.8     The Sale is not of substantially all of the Debtor's assets.  Debtor will continue to own and operate her business after the Sale.  The terms of the Sale are: (a) sale price of $2,600,000; (b) earnest money deposit of $25,000; (c) a contingency period of up to 45 days after the opening of escrow during which R&R will proceed to satisfy itself as to the condition of the Property, environmental matters, and other matters (d) a title review period of 15 days after receipt of a title report; (e) a contingency for Bankruptcy Court approval; and (f) a period of 15 days after satisfaction of contingencies for R&R to close the Sale.  In the event that R&R is not the successful purchaser of the Property, the costs of any environmental assessment will be borne by the Debtor.

If R&R is the successful purchaser of the Property, it will lease a portion of the Property back to the Debtor pursuant to the Property Lease.  In summary, the Property Lease would commence at the closing of the Sale and continue for an initial period of 12 full calendar months, and thereafter be a year-to-year lease.  Either party can terminate the Lease on 90 days' notice at the end of the initial term or any renewal term.  For the initial term, the monthly rent would be a "gross rental" of $15,000 per month, inclusive of monthly base rent of $12,650 and Debtor's proportionate share of property taxes (estimated at $1,916.67 per month) and property

| Page 15 – DEBTOR'S ~~THIRD~~FOURTH AMENDED PLAN OF REORGANIZATION | Ted A. Troutman<br>TROUTMAN LAW FIRM, P.C.<br>5075 SW Griffith Dr., Ste 220<br>Beaverton, OR 97005<br>(503) 292-6788 TEL (503) 596-2371<br>tedtroutman@sbcglobal.net |
| --- | --- |

Case 14-63530-fra11    Doc 271    Filed 11/03/15

insurance costs (estimated at $433.34 per month).  After the first year, unless the Property Lease is terminated, the rent becomes "triple net," and Debtor would pay her proportionate share of property taxes, property insurance and maintenance costs.  Debtor is responsible for utilities that she uses.  At the start of the Property Lease, Debtor would pay the first month's rent ($15,000) and a security deposit equal to $15,000 (which would be refundable at the end of the Property Lease, unless applied to cure a breach of the Lease).

3.9     The Property has been publicly marketed since May 2015 and the offer received from R&R is the highest and best offer received after competitive bidding.  No further auction is proposed, but the Sale is expressly subject to overbid prior to the Hearing pursuant to an agreement on the same or better terms and conditions (apart from the purchase price) as the Sale Agreement, including, without limitation, the Property Lease.  Competing bids must be submitted to the Debtor no later than 4:00 p.m. on October 23, 2015.

3.10    Based on a November 2014 appraisal of the Property for $3,800,000, the Property was initially listed for sale for $3,775,000.  In September 2015, Debtor received an offer of $2,300,000 for the Property and countered at $3,175,000.  In response, the offer was raised to $2,400,000.  Around the same time, R&R made its $2,600,000 offer for the Property, which the Debtor countered at $3,175,000.  R&R did not raise its offer, and the Broker has not received any other formal offers for the Property.[3]

3.11    Debtor's primary secured creditor, KeyBank, National Association ("**KeyBank**"), previously filed a motion for relief from the automatic stay to begin the foreclosure process against the Property.  Pursuant to a stipulated order resolving that motion, the Property was listed

---

[3]     The Debtor also received an informal offer of $2,000,000, but the party making the informal offer never wrote-up a formal offer.

Page 16 – DEBTOR'S ~~THIRD~~FOURTH AMENDED PLAN OF REORGANIZATION

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

for sale and, in the event the Property was not sold and the Debtor had not confirmed a plan of reorganization by October 1, 2015, KeyBank was to be allowed to pursue foreclosure. Debtor believes that the proceeds of the Property that would be generated in a foreclosure would not exceed the amount to be received in the proposed Sale. Additionally, the offer received from R&R is coupled with the Property Lease, which will allow the Debtor to lease a portion of the Property and avoid moving costs.

  3.12 The Debtor is proposing the sale in advance of confirmation of a plan because through the sale and leaseback debtor will be able to reduce her monthly expenses and propose a feasible plan. If the sale is not allowed KeyBank could proceed with its foreclosure proceeding.

  3.13 If the sale is not approved on November 4th 2015, debtor is requesting that the sale be approved on confirmation of the ~~Third~~Fourth Amended Plan

  3.14 Lienholders: Based on filed proofs of claim, the following creditors claim liens on the Property (including security interests in fixtures, collectively, the "*Liens*"), in the following amounts and order of priority:

| Creditor | Lien Claim | Total Liens |
|---|---|---|
| Marion County Assessor's Office (Prop. Taxes) | $ 131,680.15 | $ 131,680.15 |
| KeyBank National Association | $1,622,645.00 | $1,754,325.15 |
| US Small Business Administration | $ 860,448.55 | $2,614,773.70 |
| Oregon Business Development Corporation | $ 706,588.97 | $3,321,362.67 |
| Cascadia Metals Inc. | $ 634,357.58 | $3,955,720.25 |
| Internal Revenue Service – tax lien | $ 514,014.53 | $4,469,734.78 |

Page 17 – DEBTOR'S ~~THIRD~~FOURTH AMENDED PLAN OF REORGANIZATION
Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Case 14-63530-fra11  Doc 271  Filed 11/03/15

3.15    Other than costs of the Sale, no Liens are intended to be paid without further order of the Bankruptcy Court.  All of the Liens shall attach to the Sale proceeds in the same order of priority as they attached to the Property.  Any Sale proceeds remaining after paying the Liens and expenses, taxes, commissions, fees, costs or other charges as provided in the Motion shall be held in trust until the Court orders payment.  At this time, no such excess Sale proceeds are anticipated.

3.16    The Court appointed the Broker on May 6, 2015.  Pursuant to that order, the Broker is proposed to be paid a 4% commission, which will be equal to $104,000 if the Sale to R&R is approved and closes.

If the Court does not approve the sale at the November 4, 2015 hearing, Debtor is seeking approval of the sale as part of the ~~Third~~Fourth Amended Plan on the identical terms as noticed above.

3.17    If the sale is approved, the only secured creditors that will be paid will be Marion County taxes, KeyBank approximately $1,734,432 (its secured debt minus default interest) and SBA a partial payment of approximately $581,097.24.  The liens of Oregon Business Development, Cascadia Metals and the IRS will be unsecured.Performance of Obligations of Reorganized Hagenauer.  Reorganized Hagenauer will (a) in accordance with applicable law review all Claims filed against the estate, and if advisable, object to such Claims, (b) in the exercise of the business judgment, investigate, prosecute, settle or dismiss all Hagenauer's actions not otherwise settled prior to or under this ~~Third~~Fourth Amended Plan.  Unless otherwise provided in this ~~Third~~Fourth Amended Plan or the ~~Third~~Fourth Amended Plan Documents, Reorganized Hagenauer will be entitled to receive all Hagenauer's action recoveries to be used to

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

pay Claims pursuant to this ~~Third~~Fourth Amended Plan, and (c) perform all their obligations under this ~~Third~~Fourth Amended Plan and ~~Third~~Fourth Amended Plan Documents when they become due or are to be performed.  Hagenauer will retain all personal property.

3.18    Prohibited Transaction.  As long as payments to Classes 1-14 remain unpaid, Reorganized Hagenauer shall not sell, lease, transfer, convey, assign, encumber or voluntarily lien any of Reorganized Hagenauer's assets, unless (i) such sale, lease, transfer, conveyance, assignment, encumbrance or lien is related to a non-material asset of Reorganized Hagenauer; (ii) the asset is replaced with an asset of equal or greater value within ten (10) days after the transaction; (iii) the encumbrance or lien is the result of a refinance of an existing obligation on more favorable terms than the prior encumbrance or lien; or (iv) such sale, lease, transfer, conveyance or assignment is performed in the ordinary course of Reorganized Hagenauer's business consistent with past practices, and will not have a material adverse effect on the business or financial condition of Reorganized Hagenauer.

3.19    Objections to Claims.  Objections to a Claim as to which no objection is pending as of the Effective Date, must be filed by the Claims Objection Bar Date.  Objections to such Claims may be filed by Reorganized Hagenauer, any Claimant, or any other party in interest, including, but not limited to, the Committee of Unsecured Creditors (the "Committee").

3.20    Provisions Governing Distributions.

3.20.1    Distributions Only to holders of Allowed Claims.  Except as otherwise provided in this section.  Distributions under this ~~Third~~Fourth Amended Plan and the ~~Third~~Fourth Amended Plan Documents will be made only to the holders of Allowed Claims.  Until a Disputed Claim becomes an Allowed Claim the holder of that Disputed

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Claim will not receive any distribution otherwise provided to the Claimants under this ~~Third~~Fourth Amended Plan or the ~~Third~~Fourth Amended Plan Documents. If necessary in determining the amount of a Pro Rata distribution due to the holders of Allowed Claims in any class, Reorganized Hagenauer will make the Pro Rata calculation as if all Unresolved Claims were Allowed Claims in the full amount claimed or in the Estimated Amount. When an Unresolved Claim in any class becomes an Allowed Claim, Reorganized Hagenauer will make distributions with respect to such Allowed Claim, together with any allowable interest accrued on the amount of each such distribution to the date thereof, net of any setoff contemplated by the order, if any, allowing such Claim and/or any required withholding of applicable federal and state taxes.

       3.20.2  <u>Transmittal of Distributions</u>. Except as otherwise provided in this ~~Third~~Fourth Amended Plan, in the ~~Third~~Fourth Amended Plan Documents, or in an order of the Bankruptcy Court, distributions to be made under this ~~Third~~Fourth Amended Plan or the ~~Third~~Fourth Amended Plan Documents to Claimants holding Allowed Claims will, in each case, be made by Reorganized Hagenauer by first class United States mail, postage prepaid, (a) to the latest mailing address set forth in a proof of claim filed with the Bankruptcy court by or on behalf of such Claimant, or to such other address as may be provided to Reorganized Hagenauer by such Claimant in writing, or (b) if no such proof of claim has been filed and no written notice setting forth a mailing address is provided by or on behalf of such Claimant to Reorganized Hagenauer to the mailing address set forth in the schedules filed by Hagenauer in this Case. If a Claimant's distribution is not mailed or is returned to Reorganized Hagenauer because of the absence

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

of a proper mailing address, Reorganized Hagenauer shall make a reasonable effort to locate or ascertain the correct mailing address for such Claimant from information generally available to the public and from such party's own records, but shall not be liable to such Claimant for having failed to find a correct mailing address.

3.20.3    Timing of Distributions.  Unless otherwise agreed by Reorganized Hagenauer whenever any payment to be made is due on a day other than a Business Day, such payment will instead be made on the next Business Day, with interest to the extent expressly contemplated by this ~~Third~~Fourth Amended Plan or any applicable agreement or instrument.

3.20.4    Form of Distributions.  Unless otherwise agreed by Reorganized Hagenauer all Cash payments to be made by Reorganized Hagenauer pursuant to this ~~Third~~Fourth Amended Plan or the ~~Third~~Fourth Amended Plan Documents will be made, at the option of Reorganized Hagenauer by a check or wire transfer.

3.20.5    No Professional Fees or Expenses.  No professional fees or expenses will be paid by Hagenauer or Reorganized Hagenauer with respect to any Claim except as specified in this ~~Third~~Fourth Amended Plan, or as Allowed by Final Order of the Bankruptcy Court, as applicable.

3.20.6    Avoidance Recoveries.  Neither Hagenauer nor Reorganized Hagenauer may use any proceeds from Avoidance Claims; rather all proceeds from avoidance recoveries shall be used first to pay any unpaid Administrative Expense Claims and then any other Allowed Claims.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

      **3.21**    <u>Closing of the Case</u>.  As soon as practicable after the Effective Date, and when Reorganized Hagenauer deems appropriate, Reorganized Hagenauer shall seek authority from the court to close the Case in accordance with the Bankruptcy Code and the Bankruptcy Rules; provided, however, that entry of a final decree closing the Case shall, whether or not specified therein, be without prejudice to the right of Reorganized Hagenauer or other party in interest to reopen the Case for any matter over which the Court has retained jurisdiction under this ~~Third~~Fourth Amended Plan.  Any order closing the Case will provide that the Bankruptcy Court, (i) will retain jurisdiction to enforce, by injunctive relief or otherwise, the Confirmation order, any other orders entered in this Case, and the obligations created by this ~~Third~~Fourth Amended Plan and the ~~Third~~Fourth Amended Plan Documents; and (ii) will retain all other jurisdiction and authority granted to it under this ~~Third~~Fourth Amended Plan and the ~~Third~~Fourth Amended Plan Documents.

**4**.    **Conditions Precedent.**

      **4.1**    <u>Conditions to Effectiveness</u>.  The Effective Date will not occur and the ~~Third~~Fourth Amended Plan will not become effective unless and until each of the following conditions have been satisfied or waived in accordance with Section 4.1 of this ~~Third~~Fourth Amended Plan:

      (a)    the Bankruptcy Court shall have entered the Confirmation Order in form and substance reasonably acceptable to the Proponents; and,

      (b)    no stay of the Confirmation Order shall be in effect.

**5.**    **Effects of ~~Third~~Fourth Amended Plan Confirmation.**

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

**5.1** <u>Discharge</u>.  Reorganized Hagenauer will not receive a Discharge until all obligations of the ~~Third~~Fourth Amended Plan have been performed pursuant to 11 U.S.C. § 1141(5).  Upon completion of all obligations of the ~~Third~~Fourth Amended Plan, Hagenauer will move for an entry of Discharge.  Once a Discharge Order has been entered Reorganized Hagenauer will be Discharged from all liability and any and all claims that arose before the date of such confirmation and from any liability of the kind specified in Sections 503(g), 503(h) and 503(i) of the Bankruptcy Code, whether or not proof of claim is filed or is deemed filed under Section 501 of the Bankruptcy Code, such Claim is Allowed under this ~~Third~~Fourth Amended Plan, or the holder of such Claim has accepted this ~~Third~~Fourth Amended Plan.

**5.2** <u>Vesting</u>.  Except as otherwise expressly provided in this ~~Third~~Fourth Amended Plan or in the Confirmation Order, on the Effective Date, Reorganized Hagenauer will be vested with all of the property of the Estate free and clear of all Claims, liens, encumbrances, charges and other interests of Creditors and Claimants.  As of the Effective Date, Reorganized Hagenauer may hold, use, dispose, and otherwise deal with such property and conduct their affairs free of any restrictions imposed by the Bankruptcy Code or by the Bankruptcy Court, other than those restrictions expressly imposed by the ~~Third~~Fourth Amended Plan, the Confirmation Order, or the ~~Third~~Fourth Amended Plan Documents.

**6.** **Treatment of Executory Contracts and Unexpired Leases.**

**6.1** <u>General; Rejected if Not Assumed</u>.  Subject to the requirements of Section 365, all executory contracts and unexpired leases of the Debtor that have not been assumed by order of the Bankruptcy Court, or are not the subject of a motion to assume pending on the

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Confirmation Date, will be deemed rejected by the Debtor and Reorganized Hagenauer on the Effective Date.

**6.2** <u>Claims For Contract Rejection</u>.  All proofs of claim with respect to Claims arising from the rejection of executory contracts or unexpired leases pursuant to Section 6.1 of this ~~Third~~Fourth Amended Plan must be filed with the Bankruptcy Court within 30 days after the Effective Date or such Claims will be forever barred.

**7.     Avoidance Claims**

**7.1**     Debtor shall retain any and all claims and causes of action whatsoever (whether known, unknown, liquidated unliquidated, fixed, contingent, matured, unmatured, disputed, or undisputed, and whether asserted or assertable directly, indirectly, or derivatively, at law in equity, or otherwise), including, but not limited to, all Avoidance Claims, subject to the authority given by the bankruptcy court for the Creditors' Committee to pursue certain Avoidance Claims. Notwithstanding the entry of an order confirming the ~~Third~~Fourth Amended Plan, so long as any members of the Creditors' Committee are willing to serve, the Creditors' Committee shall continue until it is dissolved by action of the members thereof or until the ~~Third~~Fourth Amended Plan is complete and all creditors have been paid in full, whichever occurs first.  ~~Neither the Creditors' Committee nor any of its past, present, or future members (or any of the respective past, present, or future officers, directors, employees, or agents of such members) shall have or incur any liability to any holder of a claim or equity interest or to any entity for any act or omission in connection with or arising out of the chapter 11 case, or the negotiations and pursuit of confirmation of the Third Amended Plan, the consummation of the Third Amended Plan, the pursuit of any Avoidance Claims the Creditors' Committee has been authorized to pursue, the~~

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

administration of the Third Amended Plan or the property to be distributed under the Third Amended Plan.

7.2     The Creditors' Committee also believes the Debtor may have a preference/fraudulent transfer action against Bank of America for payments by Valley Rolling Corp. on two employee credit cards.  These cards were used by Valley Rolling to purchase product for Valley Rolling to manufacture.  The payments were made to Bank of America within the 90 days preceding the Petition Date, were made to a creditor of Valley Rolling because if the payments had not been made, Bank of America would have asserted an unjust enrichment claim against Valley Rolling and the payments allowed Bank of America to receive more than it would have received in a liquidation under chapter 7.  The payments made during the preference period to Bank of America total over $620,000.  Debtor is not going to pursue these claims but the Court has entered an order authorizing the Creditors' Committee to pursue such claims.

7.3     In addition the Creditors' Committee may pursue a claim against unsecured creditor Cannonball for preferential payments made during the 90 days preceding the Petition Date on a judgment in the amount of $15,000.  The payments to Cannonball as a Class 11 Claim will only be paid if Cannonball repays the $15,000 preference payments.

7.4     The Creditors' Committee may also pursue a preference claim against FORA Financial for payments of $1,168 per business day during the 90 days preceding the Petition Date totaling $58,430.  FORA Financial's purported secured claim was actually entirely unsecured at the time the payments were made based upon the value of the personal property and the lien amounts superior to FORA  Financial.  The payments to FORA Financial as a Class 11 Claim holder will be paid, if and only if, FORA repays the $58,430 preference payments.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

7.5    None of the proceeds of the Preference action litigation will be paid to Reorganized Debtor.  If the Creditors Committee is unsuccessful in the litigation, costs of the litigation will be an administrative expense, which will be paid for by Debtor.

7.6    Allowed professional fees incurred by the Creditors' Committee, including those incurred in pursuing or analyzing the Avoidance Claims pre-confirmation will be paid pro rata from the Accumulated Administrative Account on the Effective Date.  The remaining balance owed and amounts incurred post-confirmation will be paid from any Avoidance Claim recoveries and from Debtor's income from operations and/or the other assets of Debtor if liquidated after the payment of allowed secured claims encumbering such assets.  The professional person or agent seeking a payment from the Debtor shall submit an invoice to the Debtor, which (absent an objection by the Debtor) the Debtor shall promptly pay.  Any objection which cannot be resolved by the parties shall be resolved by the Court.  Creditors' Committee counsel may withdraw from representation in the Avoidance Claim accounts if counsel is not getting paid on a timely basis.

7.7    Before any Avoidance Claims are commenced, the Creditors' Committee will present to Debtor, KeyBank and Cascadia the proposal to pursue the specific Avoidance Claim together with the anticipated cost of pursuing such claim.  Before the Committee is authorized to go forward, a majority of the above parties must approve the proposal.

## 8    Miscellaneous Provisions.

**8.1**    <u>Retention of Jurisdiction</u>.  Notwithstanding entry of the Confirmation Order or the occurrence of the Effective Date, and except as otherwise specifically set forth in this Section 8.1, the Bankruptcy Court will retain jurisdiction over all matters arising under, in furtherance of,

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

or in connection with this ~~Third~~Fourth Amended Plan, including those matters specifically described in this Section 8.1 below.

The matters over which the Bankruptcy Court shall retain jurisdiction over this ~~Third~~Fourth Amended Plan include:

(a)     determine any Unresolved Claims;

(b)     determine the Estimated Amount of any Claim;

(c)     determine requests for payment of Claims entitled to priority under Section 507 of the Bankruptcy Code, including compensation of and reimbursement of expenses of parties entitled thereto;

(d)     resolve controversies and disputes regarding the modification, interpretation, and implementation of this ~~Third~~Fourth Amended Plan and the ~~Third~~Fourth Amended Plan Documents, including, without limitation, any amendments or modifications to loan documents;

(e)     enter orders in aid of this ~~Third~~Fourth Amended Plan and the ~~Third~~Fourth Amended Plan Documents including, without limitation, appropriate orders (which may include contempt or other sanctions) to protect Reorganized Hagenauer from actions prohibited under this ~~Third~~Fourth Amended Plan or the ~~Third~~Fourth Amended Plan Documents;

(f)     modify this ~~Third~~Fourth Amended Plan;

(g)     determine any and all applications, adversary proceedings, and contested or litigated matters pending on the Effective Date;

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

(h)     determine any and all pending motions for the assumption or rejection of executory contracts or leases, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

(i)     preside over and render orders and judgments in any adversary proceedings for the recovery of Avoidance Claims commenced by the Debtor or the Committee; and

(j)     enter Final Orders closing the Case.

**8.2**     Continuation of Creditors' Committee Post-Confirmation.  Notwithstanding the entry of an order confirming the Fourth Amended Plan, so long as any members of the Creditors' Committee are willing to serve, the Creditors' Committee shall continue until it is dissolved by action of the members thereof or until the Fourth Amended Plan is complete and all creditors have been paid in full, whichever occurs first.  Neither the Creditors' Committee nor any of its past, present, or future members (or any of the respective past, present, or future officers, directors, employees, or agents (excluding the Committee's professionals) of such members) shall have or incur any liability to any holder of a claim or equity interest or to any entity for any act or omission in connection with or arising out of the chapter 11 case, or the negotiations and pursuit of confirmation of the Fourth Amended Plan, the consummation of the Fourth Amended Plan, the pursuit of any Avoidance Actions the Creditors' Committee has been authorized to pursue, the administration of the Fourth Amended Plan or the property to be distributed under the Fourth Amended Plan, except for willful misconduct or *ultra vires* acts.

**8.28.3**  Modification of ~~Third~~Fourth Amended Plan.  The Proponents reserve the right, in accordance with the Bankruptcy Code, to amend, modify, or withdraw this ~~Third~~Fourth

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Amended Plan prior to the entry of the Confirmation Order.  After the entry of the Confirmation Order, the Proponents may, upon order, amend or modify this ~~Third~~Fourth Amended Plan in accordance with Section 1127(b) of the Bankruptcy Code.

      **8.3****8.4**  <u>Severability</u>.  In the event of a successful collateral attack on any provision of the ~~Third~~Fourth Amended Plan (i.e., an attack other than through a direct appeal of the Confirmation Order), the remaining provisions of this ~~Third~~Fourth Amended Plan will remain binding on the Debtor, Reorganized Hagenauer, all Claimants, all Creditors, and all other parties in interest.

      **8.4****8.5**  <u>Post-Confirmation Professional Fees and Expenses</u>.  All Professional fees and expenses incurred or payable by Reorganized Hagenauer after the Effective Date but prior to closing of the Case will be paid in the ordinary course of business of Reorganized Hagenauer after 15 days notice to the U S Trustee and parties in interest.  If a party in interest or the U.S. Trustee objects, the court will resolve any dispute regarding the amount of the fees or costs.

      **8.5****8.6**  <u>Headings</u>.  The headings of the sections and paragraphs of this ~~Third~~Fourth Amended Plan are inserted for convenience only and will not affect the interpretation hereof.

      **8.6****8.7**  <u>Computation of Time Periods</u>.  In computing any period of time prescribed or allowed by this ~~Third~~Fourth Amended Plan, the day of the act, event, or default from which a designated period of time begins to run will not be included.  The last day of the period so computed will be included so long as it is a Business Day.  When the period of time prescribed or allowed is less than 11 days, any day that is not a Business Day will be excluded in the computation.

      **8.7****8.8**  <u>Notices</u>.  All notices or requests to Reorganized Hagenauer in connection with this ~~Third~~Fourth Amended Plan shall be in writing and served either by (i) United States mail,

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

postage prepaid, (ii) hand delivery, or (iii) reputable overnight delivery service, all charges

prepaid, and shall be deemed given when received by the following parties, as applicable:

> <u>If to Hagenauer</u>:
> Laura Lee Hagenauer
> 1129 Belle Passi Rd.
> Woodburn, OR 97071
>
> <u>With copies to</u>:
> Troutman Law Firm
> Attn:   Ted A. Troutman
> 5075 SW Griffith Dr., Ste 220
> Beaverton, OR 97005

All notices and requests to a Person or Entity holding any Claim will be sent to

them at their last known address or to the last known address of their attorney of record.  The

Debtor or Reorganized Hagenauer and any holder of a Claim may designate in writing any other

address, which designation will be effective upon actual receipt by the Debtor or Reorganized

Hagenauer, or by the holder of the Claim.  Any Person or Entity entitled to receive notice under

this ~~Third~~Fourth Amended Plan will have the obligation to provide Reorganized Hagenauer with

such Person's or entity's current address for notice purposes.  Reorganized Hagenauer will have

no obligation to attempt to locate a more current address in the event any notice proves to be

undeliverable to the most recent address which has been provided to Reorganized Hagenauer.

**~~8.8~~8.9**  Post-Confirmation Court Approval.  Any action requiring Bankruptcy Court

approval after the Effective Date will require the Person or Entity seeking such approval to file

an application, motion, or other request with the Bankruptcy Court and obtain a Final Order

approving such action before the requested action may be taken.  The Person or Entity filing

such application, motion, or other request shall serve such application, motion, or other request,

together with a notice setting forth the time in which objections must be filed with the court, on

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Reorganized Hagenauer and other affected parties by first-class mail, electronic mail, overnight courier, facsimile, or hand delivery. Unless the Court orders otherwise, all notices shall provide the recipients at least 21 days (plus 3 days if served by mail) in which to file an objection to the application, motion, or other request. If no objection is timely filed, the Court may authorize the proposed action without further notice or a hearing. If an objection is timely filed, the court will determine whether to conduct a hearing, or to require the submission of further documentation, prior to ruling on the application, motion, or other request.

8.98.10 Election Pursuant to Section 1129(b) of the Bankruptcy Code. The Proponent hereby requests confirmation of the ThirdFourth Amended Plan pursuant to Section 1129(b) of the Bankruptcy Code if the requirements of all provisions of Section 1129(a) of the Bankruptcy Code, except paragraph (a)(8) thereof, are met with regard to the ThirdFourth Amended Plan. In determining whether the requirements of Section 1129(a)(8) of the Bankruptcy Code have been met, any Class or subclass of a Class that does not contain as an element thereof an Allowed Claim or a Claim temporarily allowed under Bankruptcy Rule 3018 as of the date fixed by the Bankruptcy Court for filing acceptances or rejections of this ThirdFourth Amended Plan shall be deemed deleted from this ThirdFourth Amended Plan for purposes of voting to accept or reject this ThirdFourth Amended Plan and for purposes of determining acceptance or rejection of this ThirdFourth Amended Plan by such Class or subclass.

8.108.11 Exemption from Transfer Taxes. Pursuant to Section 1146(a) of the Bankruptcy Code, the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with this ThirdFourth Amended Plan, whether occurring prior or subsequent to the Confirmation Date, including any deeds, bills of sale, or assignments executed in

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

connection with any disposition of assets contemplated by this ~~Third~~Fourth Amended Plan, shall not be subject to any stamp tax, real estate transfer tax, excise tax, sales tax, use tax or other similar tax.

**~~8.11~~8.12**     Waivers.  Except as otherwise provided in the ~~Third~~Fourth Amended Plan or in the Confirmation Order, any term of the ~~Third~~Fourth Amended Plan may be waived by the party benefited by the term to be waived.

**~~8.12~~8.13**     Setoffs, Recoupments, and Defenses.  Nothing contained in the ~~Third~~Fourth Amended Plan shall constitute a waiver or release by Debtor or Reorganized Hagenauer of any rights of setoff or recoupment, or of any defense, it may have with respect to any Claim (including, without limitation, rights under Section 503(d)) of the Bankruptcy Code. Except as otherwise provided in the ~~Third~~Fourth Amended Plan or in the Confirmation Order or in agreements previously approved by a Final Order, Reorganized Hagenauer may, but will not be required to, set off against any Claim or any distributions with respect to such Claim any and all of the claims, rights and causes of action of any nature that the Debtor or Reorganized Hagenauer, as applicable, may hold against the holder of such Claim; provided, however, that neither the failure to effect such a setoff, the allowance of any Claim hereunder, the payment of any distribution hereunder or any other action or omission of Reorganized Hagenauer, nor any provision of the ~~Third~~Fourth Amended Plan, shall constitute a waiver or release by the Debtor or Reorganized Hagenauer, as applicable, of any such claims, rights, and causes of action that the Debtor or Reorganized Hagenauer, as applicable, may possess against such holder.

**~~8.13~~8.14**     Withdrawal or Revocation of the ~~Third~~Fourth Amended Plan.  The Proponent reserves the right to revoke or withdraw the ~~Third~~Fourth Amended Plan prior to the

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Confirmation Date. If the ~~Third~~Fourth Amended Plan is revoked or withdrawn, or if the

Confirmation Date does not occur, the ~~Third~~Fourth Amended Plan shall have no force and effect

and in such event nothing contained herein shall be deemed to constitute a waiver or release of

any claims by or against the Debtor or the Estate or any other Person or Entity, or to prejudice in

any other manner the rights of the Proponent, or any of them, or any other entity in further

proceedings involving the Debtor and specifically shall not modify or affect the rights of any

party under any prior orders of the Court.

**~~8.14~~8.15** Default. Except as otherwise provided in the ~~Third~~Fourth Amended Plan

or in the Confirmation Order, in the event that Reorganized Hagenauer shall default in the

performance of any of its obligations under the ~~Third~~Fourth Amended Plan or under any of the

~~Third~~Fourth Amended Plan Documents and shall not have cured such a default within any

applicable cure period (or, if no cure period is specified in the ~~Third~~Fourth Amended Plan or

~~Third~~Fourth Amended Plan Documents or in any instrument issued to or retained by a Claimant

under the ~~Third~~Fourth Amended Plan, then within 30 days after receipt of written notice of

default), then the entity to whom the performance is due may pursue such remedies as are

available at law or in equity. An event of default occurring with respect to one Claim shall not

be an event of default with respect to any other Claim.

**~~8.15~~8.16** Filing and Payment of Allowed Administrative Claims. All requests for

the payment of Administrative Claims must be filed with the Bankruptcy Court no later than 30

days after the Effective Date or at such time as the Bankruptcy Court may otherwise order. Once

a Final Order is entered allowing a disputed administrative claim Reorganized Hagenauer will

pay such Claim in accordance with this ~~Third~~Fourth Amended Plan.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

**8.16~~8.17~~** Payment of United States Trustee Fees.  Reorganized Hagenauer shall be responsible for timely payment of fees incurred pursuant to 28 USC § 1930(a)(6) until the case is closed, converted, or dismissed.  After confirmation, Reorganized Hagenauer shall file with the Court a monthly financial report, for each month, or portion thereof, that the case remains open. The monthly financial report shall include a statement of all disbursements made during the course of the month, whether or not pursuant to the ~~Third~~Fourth Amended Plan.

**8.17~~8.18~~** Governing Law.  Except to the extent that federal law (including the Bankruptcy Code or Bankruptcy Rules) is applicable, the rights and obligations arising under the ~~Third~~Fourth Amended Plan or under the ~~Third~~Fourth Amended Plan Documents shall be governed by and construed and enforced in accordance with the laws of the State of Oregon without giving effect to the principles of conflicts of laws thereof.

**8.18~~8.19~~** Reservation of Rights.  If the ~~Third~~Fourth Amended Plan is not confirmed by a Final Order, or if the ~~Third~~Fourth Amended Plan is confirmed and the Effective Date does not occur, the rights of all parties in interest in the Case are and will be reserved in full.  Any concessions or settlement reflected herein, if any, are made for purposes of the ~~Third~~Fourth Amended Plan only, and if the ~~Third~~Fourth Amended Plan does not become effective, no party in interest in the Case shall be bound or deemed prejudiced by any such concession or settlement.

**8.19~~8.20~~** ~~Third~~Fourth Amended Plan Controls.  To the extent any provision of the ~~Third~~Fourth Amended Plan Documents is inconsistent with this ~~Third~~Fourth Amended Plan, the provisions of the ~~Third~~Fourth Amended Plan shall control.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

**8.208.21** Successors and Assigns. The ~~Third~~Fourth Amended Plan shall be binding upon and inure to the benefit of the Debtor, Reorganized Hagenauer, all Claimants, all Creditors, and all other parties in interest affected thereby and their respective successors, heirs, legal representatives and assigns.

**9     Definitions.**

For purposes hereof, any term used in an initially capitalized form in this ~~Third~~Fourth Amended Plan will have the defined meaning ascribed to it in either § 101 of the Bankruptcy Code or the definitions set forth below. All definitions in the Bankruptcy Code and below will be subject to the rules of construction set forth in § 102 of the Bankruptcy Code. Whenever the context requires, such terms include the singular as well as the plural, the masculine gender includes the feminine, and the feminine gender includes the masculine. Any specific references to promissory notes, deeds of trust or other debt instruments, or security documents includes any amendments, modifications, and extensions thereto. Nothing contained in this ~~Third~~Fourth Amended Plan or the ~~Third~~Fourth Amended Disclosure Statement constitutes an admission or denial by any party of liability for, or the validity, priority, or extent of any Claim, lien, or security interest asserted against the Debtor or against any third party.

**"Administrative Claim"** means a Claim for payment of an administrative expense of a kind specified in § 503(b) of the Bankruptcy Code and referred to in § 507(a)(2) of the Bankruptcy Code including, without limitation, the actual, necessary costs and expenses of preserving a Debtor's estate and operating a Debtor's business including Current Obligations, compensation for professional services provided by Debtor's and the Committee's employed professionals and reimbursement of expenses awarded under Sections 330(a) or 331 of the

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Bankruptcy Code, and all fees and charges assessed against a Debtor's estate under Chapter 123 of Title 28, United States Code.

"**Allowance Date**" means, with respect to a Claim, the date such Claim becomes Allowed.

"**Allowed**" means, with respect to a Claim, the extent to which: (a) the Claim is agreed to by the Claimant and the Debtor against whom the Claim is asserted; (b) the Claim is expressly allowed in this ~~Third~~Fourth Amended Plan; or (c) proof of such Claim was (i) timely filed with the Bankruptcy Court, (ii) deemed filed pursuant to § 1111(a) of the Bankruptcy Code, or (iii) tardily filed with leave of the Bankruptcy Court, and, in any case, as to which the Claim is not Disputed or the Claim is Disputed and is allowed by a Final Order.

"**Ballot**" means the ballot that is used by a Creditor to accept or reject the ~~Third~~Fourth Amended Plan.

"**Bankruptcy Code**" means the Bankruptcy Reform Act of 1978, principally codified in 11 USC § 101, et seq., and any amendments thereto applicable to this Case.

"**Bankruptcy Court**" means the United States Bankruptcy Court for the District of Oregon.

"**Bankruptcy Rules**" means the Rules and Forms of Practice and Procedures in Bankruptcy promulgated under 28 USC § 2075, as amended, and the local rules and general orders of the Bankruptcy Court, as applicable to Chapter 11 cases, together with all amendments and modifications from time to time thereto.

"**Business Day**" means any day other than Saturday, Sunday, or a "legal holiday", as that term is defined in Bankruptcy Rule 9006(a).

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

"**Case**" means the Debtor case commenced under Chapter 11 of the Bankruptcy Code on September 28, 2014.

"**Cash**" means cash, cash equivalents, bank deposits, and negotiable instruments payable on demand.

"**Chapter 11 Professionals**" means the law firm of Muir & Troutman and all other professionals, if any, which the Debtor may retain to provide professional services, all in accordance with Sections 327(a) and 327(e) of the Bankruptcy Code and as approved by the Bankruptcy Court.

"**Claim**" means any claim, as that term is defined in § 101(5), arising on or before the Confirmation Date.

"**Claimant**" means a Creditor that asserts a Claim.

"**Claims Bar Date**" means February 2, 2015, the last day timely claims can be filed.

"**Claims Objection Bar Date**" means, unless extended by the Court, the first Business Day that follows the 60th day after the Effective Date, or such other date as fixed by the Bankruptcy Court, by which any objection to a Claim must be filed with the Bankruptcy Court or such objection will be forever barred.

"**Confirmation Date**" means the date of the entry of the Confirmation Order.

"**Confirmation Order**" means the order confirming this ~~Third~~Fourth Amended Plan.

"**Contingent**" means, with respect to a Claim, a Claim that has not accrued or is not otherwise payable and the accrual of which or the obligation to make payment on which is dependent upon a future event that may or may not occur.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

"**Creditor**" means any creditor, as that term is defined in § 101(10) of the Bankruptcy Code.

"**Current Obligations**" means (a) all accounts payable and other liabilities or obligations of Debtor that arose or accrued in the ordinary course of that Debtor's business during this Case, and (b) any taxes that were incurred subsequent to the Petition Date and became or become legally due and payable by the Debtor subsequent to the Petition Date and prior to the Effective Date.

"**Debtor**" means Laura Lee Hagenauer.

"**Debtor's Actions**" means any and all claims, causes of action, and enforceable rights of the Debtor against third parties including, without limitation, claims of the Debtor for recovery of, or based upon, or in any manner arising from or related to damages, general or exemplary (or both), or other relief relating to (or based upon) (a) indebtedness owing to the Debtor; (b) fraud, negligence, gross negligence, willful misconduct, or any other tort actions; (c) breaches of contract; (d) violations of federal or state laws (including corporate and securities laws); (e) breaches of fiduciary or agency duties; (f) disregard of the corporate form or piercing the corporate veil or other liability theories; (g) avoidance of transfers or obligations under Chapter 5 of the Bankruptcy Code or under state law; and (h) any other claim of the Debtor to the extent not specifically compromised or released pursuant to this ~~Third~~Fourth Amended Plan or an agreement referred to, or incorporated into, this ~~Third~~Fourth Amended Plan.

"**Debtor's Action Recoveries**" means the rights of Debtor to any and all proceeds or other relief from (a) any award, judgment, relief, or other determination rendered or made as to any Debtor's Action; or (b) any compromise or settlement of any Debtor's Action.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

**"Disallowed"** means, with respect to any claim, the extent to which the Claim has been disallowed pursuant to (a) a Final Order, (b) an agreement between the Claimant and the Debtor or Reorganized Hagenauer against whom the Claim is asserted, or (c) the terms of the ~~Third~~Fourth Amended Plan.

**"Disclosure Statement"** means the ~~Third~~Fourth Amended Disclosure Statement regarding this ~~Third~~Fourth Amended Plan, including all exhibits and schedules attached thereto and referenced therein prepared by the Proponents pursuant to § 1125 of the Bankruptcy Code and approved by the Bankruptcy Court, as such ~~Third~~Fourth Amended Disclosure Statement may be amended and modified from time to time.

**"Disputed"** means, with respect to a Claim, that an objection to such Claim has been timely filed as provided in this ~~Third~~Fourth Amended Plan, or such Claim is listed as disputed in the applicable Debtor's schedules filed with the Bankruptcy court, and such objection or dispute has not been resolved by Final Order, or by agreement between the Claimant and the Debtor or Reorganized Hagenauer.

**"Effective Date"** means 10 days following the entry of an Order Confirming the ~~Third~~Fourth Amended Plan of Reorganization.

**"Estate"** means the bankruptcy estate of the Debtor as created under § 541 of the Bankruptcy Code.

**"General Unsecured Claim"** means any Claim that is not an Administrative Claim a Priority Tax Claim, or a Claim that is otherwise classified under the ~~Third~~Fourth Amended Plan.

**"Non-Tax Priority Claim"** means any Claim, which if allowed, would be entitled to priority under Section 507(a)(1) through (7) of the Bankruptcy Code.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

"**Non-Tax Priority Claimant**" means a Person or Entity that asserts a non-Tax Priority Claim.

"**Petition Date**" means the date the Debtor filed the petition commencing this Case, September 28, 2014.

"**Plan**" means this ~~Third~~Fourth Amended Plan of Reorganization and any and all modifications and/or amendments thereto.

"**Plan Documents**" means all agreements, documents, and exhibits as the same may be amended, modified, supplemented, or restated from time to time, that are necessary or appropriate to implement, authorize, consummate, and operate the ~~Third~~Fourth Amended Plan including without limitation any and all loan documents that are being modified by the Plan.

"**Plan Secured Interest Rate**" means the interest rate for deferred payments to secured creditors under the ~~Third~~Fourth Amended Plan.

"**Priority Tax Claim**" means any Claim that, if allowed, would be entitled to a priority in payment under Section 507(a)(8) of the Bankruptcy Code.

"**Proponent**" means the Debtor who are the proponents of the ~~Third~~Fourth Amended Plan.

"**Pro Rata**" means proportionate, and when applied to a Claim means the ratio of the amount distributed on account of an Allowed Claim in a class to the amount distributed on account of all Allowed Claims in such class.

"**Reorganized Hagenauer**" means Laura Lee Hagenauer, individually and doing business as Valley Rolling on and after the Effective Date.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

**"Secured Claim"** means any Claim, including interest, fees, and charges as determined pursuant to Section 506(b) of the Bankruptcy Code, against Debtor that is (a) secured in whole or in part as of the Petition Date by a lien on any of the assets or property of the Debtor, which lien is valid, perfected, and enforceable under applicable law and is not subject to avoidance under the Bankruptcy Code or applicable non-bankruptcy law, but only to the extent of the value of the assets or property securing any such Claim; or (b) subject to setoff under Section 553 of the Bankruptcy Code, but only to the extent of the amount subject to such setoff.

**"Statement of Financial Affairs"** means the Debtor's Statement of Financial Affairs, and any amendments or supplements thereto, filed with the Bankruptcy Court pursuant to Bankruptcy Rule 1007.

DATED: ~~October 23~~November 3, 2015

*/s/Laura Lee Hagenauer*

_____
Laura Lee Hagenauer

Troutman Law Firm, P.C.

*/s/Ted A. Troutman*

_____
Ted A. Troutman, OSB# 844470
Attorney for Laura Lee Hagenauer

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Ted A. Troutman
Troutman Law Firm, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97006
Tel:     503-292-6788
Fax:     503-596-2371
E-mail: tedtroutman@sbcglobal.net

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Bankruptcy Case No.: 14-63530-fra11 |
| LAURA LEE HAGENAUER, | ) | |
| | ) | DEBTOR'S FOURTH AMENDED PLAN |
| Debtor. | ) | OF REORGANIZATION |

TABLE OF CONTENTS

1.     Treatment of Unclassified Claims

2.     Treatment of Classes of Claims and Equity Interests

   Class 1:        Impaired Secured Claim of KeyBank

   Class 2:        Impaired Secured Claim of KeyBank

   Class 3:        Impaired Secured Claim of Valley Development Initiatives

   Class 4:        Impaired Claim of Oregon Business Development Initiatives

   Class 5:        Impaired Secured Claim of US Small Business Administration

   Class 6:        Impaired Unsecured Inventory Related Claims of Current Suppliers

   Class 7:        Impaired Unsecured Claim of Cascadia Metals

   Class 8:        Unimpaired Secured Claim of GreenTree Home Mortgage

   Class 9:        Impaired Secured Claim of Marion County

Page 1 – DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Class 10:     Impaired Claim of Unsecured Claim Under $1,000

Class 11:     Impaired Claim of Unsecured Creditors with Claims Over $1,000 that are

not Current Inventory Suppliers.

Class 12:     Impaired Unsecured Claim of Agnes Hagenauer

Class 13:     Impaired Unsecured Claim of Dennis Hagenauer

Class 14:     Impaired Unsecured Claim of Employee Bruce Kahler

Class 15:     Impaired Claim for Unfunded 401(k) Plan

Class 16:     Impaired Secured Claim of KeyBank

Class 17:     Disputed Secured Claim of AMCI (Associated Management Consultants

Inc.)

3.     Implementation of Fourth Amended Plan

4.     Conditions Precedent

5.     Effects of Confirmation

6.     Treatment of Executory Contract and Unexpired Leases

7.     Avoidance Claims

8.     Miscellaneous Provisions

9.     Definitions

**1.     Treatment of Unclassified Claims.**

**Administrative Claims** allowed by the Court for professional fees of Debtor's

counsel, Debtor's financial consultant and Committee's Counsel shall be paid as follows: (1) a

pro rata share of the account established pursuant to the Stipulated Final Order For Use of Cash

Collateral (Doc. No. 153) at paragraph 10, (the "Accumulated Administrative Account") along

Page 2 – DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

with the Allowed 503(b)(9) Claims as set forth below, upon the Effective Date; (2) a pro rata share of any Avoidance Claims recoveries; (3) a pro rata share of monthly payments of $4,000 per month starting 30 days after the Effective Date until paid in full.

**IRS Secured Claim for Amounts Due that Would Otherwise be General Unsecured Claim pursuant to Bankruptcy Code.** The IRS secured claims that, but for the security would otherwise be general unsecured claims can be paid over a longer period than sixty (60) months. The claim for penalty is secured by Debtor's personal property valued at $109,745.00. It will be paid over 84 months with equal payments of $1,288 starting 30 days after-+ the Effective Date.. Interest will accrue on the unpaid balance at 3% per annum.

**IRS Priority Claim** in the amount of $363,337.83 will be paid starting January 20, 2016 with monthly payments of $8,730.48 and interest at three percent (3%) until paid in full.

**Oregon Department of Revenue Priority Claim**. Upon the Effective Date of the Fourth Amended Plan, the unpaid balance of $56,690 will be paid over 45 months with monthly payments of $1,462.34. The claim will be paid with interest of 8% per annum as required under § 511 of the bankruptcy code.

**Priority Tax Claim of California Board of Equalization** in the amount of $9,838.97 will be paid over 45 months with interest at the statutory rate of 9% per annum. Monthly payments starting on the Effective Date of the Fourth Amended Plan will be $258.42.

**Priority Claim of the Oregon Employment Division** in the amount of $50,902.49 will be paid over 45 months with the statutory interest rate of 8% per annum and

Page 3 – DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

monthly payments starting on the Effective Date of the Fourth Amended Plan in the amount of $1,313.05.

**503(b)(9) Claims.** There are filed 503(b)(9) administrative claims of $332,068.28. These claims are all from current suppliers including Cascadia Metals, Inc, which has filed a 503(b)(9) claim for $137,544.18, West Coast Metals for $174,456.90 and Atlas Bolt for $20,067.20. These claims will be paid 1.5% additional funds for each invoice for goods sold to Debtor. If the creditor ships goods invoiced at $100,000 they will be paid $100,000 plus 1.5% toward the 503(b)(3) claim which would equal an additional $1,800. This will continue until the claim, plus 3.25% interest, is paid in full. It is estimated that the amount of time required to pay the 503(b)(9) claims in full is 36 months from the Date of Confirmation as set forth on Attached Exhibit B. Cascadia Metals and West Coast Metals have verbally agreed to the proposed treatment.

**Penske Administrative Claim** for post-petition charges incurred between September 29, 2014 and November 4, 2014 in the amount of $25,976.75. Debtor and Penske have agreed this claim will be paid $12,988.38 on the Effective Date, plus 9 monthly payments of $1,443.15 starting 30 days after the Effective Date.

**2.      Treatment of Claims.**

**2.1**     <u>Class 1 – Impaired Secured Claim of KeyBank</u> secured by 3071 Schmidt Lane NE, Hubbard, OR 97032 in the approximate amount of $1,596,983.05. The claim will be paid from the sale of the property at 3071 Schmidt Lane NE, Hubbard, OR 97032. Debtor expects the sale of the property for $2,600,000 will be approved at a hearing for approval to sell the property free of liens scheduled for November 4, 2015. The additional approximately $204,280.03 owed

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

to KeyBank for default interest will be subordinated to the claim of SBA and will become a

Class 11 unsecured debt.

    **2.2**    <u>Class 2 – Impaired Secured Claim of KeyBank</u> secured by the accounts

receivable, equipment and accounts of Debtor in the approximate balance of $430,932.11.  The

loan documents will be modified to reduce the interest rate to 6.5% per annum.  The loan will be

modified to require monthly payments of $8,431.68 for 60 months starting 30 days after the

Effective Date of the Fourth Amended Plan.  Any pre-petition default on the loan will be waived.

    **2.3**    <u>Class 3 – Impaired Secured Claim of Valley Development Initiatives</u> secured by

the equipment formerly owned by Valley Rolling, Inc. and DeLaMCC, LLC.  The balance of the

loan is approximately $229,028.88.  The loan documents will be modified to require monthly

payments of $2,542.69 with interest at 6% per annum.  These payments will start 30 days after

the Effective Date and continue for a period of 120 months.

    **2.4**    <u>Class 4 – Impaired Claim of Oregon Business Development Initiatives</u> secured by

a second lien on Debtor's residence, a third lien on Debtor's building at 3071 Schmidt Lane NE,

Hubbard, OR 97032, and a third lien on the personal property of Valley Rolling.  Any pre-

petition default on the loan will be waived.  The loan is in the approximate amount of

$706,588.00.  There is no equity in the building at 3071 Schmidt Lane NE, Hubbard OR 97032

to support the secured claim on the building.  There is no equity in the personal property to

support the secured claim.  There is $350,000 in equity in Debtor's residence to support the lien.

The balance of the lien in the amount of $356,588 will be paid interest only payments of

$1,188.63 for 45 months and interest at 4%.  After 45 months the unsecured claim of $356,588

will be reamortized over 120 months with interest at 4% and monthly payments of $3,610.28.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

The secured claim in the amount of $350,000 will be paid interest only at 4.5% with monthly payments of $1,312.50 for 45 months. The balance of $350,000 will then be re-amortized over 240 months at 4.5% interest and monthly payments of $2,714.27. The first payment will be due 30 days after the Effective Date. The balance will be due in full 165 months after the Effective date.

     **2.5**    <u>Class 5 – Impaired Secured Claim of US Small Business Administration</u> of $860,448.55 secured by a third lien on the property at 3071 Schmidt Lane NE, Hubbard, OR 97032. The loan will be paid approximately $729,545.42 upon the sale of the business property at 3071 Schmidt Lane NE, Hubbard, OR 97032. The balance of the loan will be paid as a Class 11 unsecured claim.

     **2.6**    <u>Class 6 – Impaired Unsecured Inventory Related Claims of Current Suppliers.</u> These claimants are:

| | |
|---|---|
| RF Factor | 61,107.25 |
| Winrock – Superior Plus | 42,922.41 |
| Atlas Bolt & Screw | 8,109.88 |
| Champion Metal of Washington | 12,167.97 |
| TOTAL | $124,307.51 |

     These creditors will be paid the amount of any current invoice shipped after confirmation of the Fourth Amended Plan plus an additional 1.5% of the invoice to apply toward the unpaid claim. These payments will continue until the claim is paid in full plus 3.25% interest. The payments will start 30 days after the Effective Date. If any of the claimants cease

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

to be suppliers of Debtor, the balance left owing on the claim will be amortized with monthly payments for 120 months with 3.25% interest.

**2.7**    Class 7 – Impaired Unsecured Claim of Cascadia for balance of $634,357.58. This balance will be paid after the 503(b)(5) Claim of Cascadia has been paid in full.  The balance will be paid the amount of any current invoice shipped after confirmation of the Fourth Amended Plan plus 1.5% of the invoice.  If Debtor is no longer a customer of Cascadia, the debt will be paid at 1.5% of the outstanding balance per month with interest at 3.25%.

**2.8**    Class 8 – Unimpaired Secured Claim of GreenTree Home Mortgage in the amount of $159,004.44 secured by Debtor's personal residence at 1129 Belle Passi Rd., Woodburn, OR 97071.  Debtor will continue to make the payments according to the terms of the mortgage.  At the time the case was filed, there was no arrearage on the GreenTree Home Mortgage.  Since the filing of the case, Debtor did become delinquent on the mortgage, however that delinquency has been cured.  Debtor will stay current on the GreenTree Home Mortgage loan.

**2.9**    Class 9 – Impaired Secured Claim of Marion County secured by Debtor's real property at 3071 Schmidt Lane NE, Hubbard, OR 97032 in the approximate amount of $124,167. The claim will be paid in full upon sale of the property.  The secured claim for personal property tax in the amount of $9,299.45 will be paid over 60 months starting 30 days after the Effective Date with monthly payments of $226.14 including interest at 16% per annum.

**2.10**    Class 10 – Impaired Unsecured Claims Under $1,000 will be paid 60 days after the Effective Date of the Fourth Amended Plan without interest.  These claims are as follows:

Primesource Building Products                    $935.20

Page 7 – DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

| | |
|---|---:|
| Wells Fargo | 870.00 |
| Century Link | 773.29 |
| Pitney Bowes Purchase Power | 730.14 |
| Long Brothers Building Supply Inc. | 630.15 |
| AT&T | 610.74 |
| Pacific Marketing | 583.68 |
| J.J. Thayer Company | 569.73 |
| Pitney Bowes | 432.40 |
| Davison Auto Parts | 384.39 |
| Teletrac | 337.00 |
| Commercial Business Machines | 250.00 |
| Amerititle | 200.00 |
| G.W. Hardware | 199.19 |
| Industrial Welding Supply, Inc. | 165.69 |
| Oak Harbor Freight Lines, Inc. | 69.84 |
| Marion County Tax Collector | 42.99 |
| Northwest Natural Gas | 13.16 |
| Fastenal | 8.89 |
| TOTAL | $7,806.48 |

**2.11**  Class 11 – Impaired Claim of Unsecured Creditors with claims over $1,000 that are not Current Inventory Suppliers.  These claims total $989,048.44 and will be paid interest only payments for the first 45 months starting 30 days after the Effective Date.  The total

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

monthly payment amount will be $2,678.67. After 45 months the payments will increase to amortize the debt over 120 months with total monthly payments of $9,660.02. These creditors and monthly payments are as follows:

| | Balance Owed | Interest Only Payment | After 45 Months |
|---|---|---|---|
| Marc Nelson Oil Products | $17,985.35 | $ 48.71 | $ 175.75 |
| Discover | 17,175.84 | 46.52 | 167.84 |
| Mackey Porth & Unrein | 9,838.97 | 26.65 | 96.15 |
| Toyota Lift Northwest | 5,078.80 | 13.76 | 49.63 |
| KeyBank (default interest) | 204,280.03 | 553.26 | 1,996.21 |
| SBA | 130,903.13 | 354.53 | 1,279.17 |
| FORA Financial [1] | 45,576.20 | 123.44 | 445.37 |
| Chase Bank | 110,496.69 | 299.26 | 1,079.76 |
| Les Schwab | 2,901.89 | 7.86 | 28.36 |
| MWI Components | 2,950.74 | 7.99 | 28.83 |
| Mt. Angel Telephone | 2,492.44 | 6.75 | 24.36 |
| National Manufacturing Co. | 2,014.98 | 5.46 | 19.69 |
| Aramark Uniform Services | 1,927.19 | 5.22 | 18.83 |
| Artis Metals Company, Inc. | 1,455.31 | 3.94 | 14.22 |
| McMinnville Gas Inc. | 1,406.36 | 3.81 | 13.74 |
| Portland General Electric | 1,332.90 | 3.61 | 13.02 |

---

[1] But see Paragraph 3, Page 18 above. Before FORA Financial can receive any distribution, it must pay back the preference payments.

Page 9 – DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

| | | | |
|---|---|---|---|
| Protec, Inc. Security, Fire & Video | 1,295.00 | 3.51 | 12.65 |
| Cannonball [2] | 29,134.12 | 78.90 | 284.70 |
| ISS West | 224,493.64 | 608.00 | 2,193.73 |
| Euler Hermes | 48,414.04 | 131.12 | 473.10 |
| Penske | 60,949.29 | 165.07 | 595.59 |
| IRS General Unsecured | 50,931.92 | 110.86 | 399.98 |
| Associated Management Consultants (AMCI) | 26,013.61 | 70.45 | 254.20 |
| TOTAL | $989,048.44 | $2,678.67 | $9,664.89 |

**2.12** Class 12 – Impaired Unsecured Claim of Agnes Hagenauer in the amount of $259,000. This claim will be paid starting in the 60th month after confirmation with 3.25% interest only if she has repaid to the Creditors' Committee, pursuant to Section 7 of the Fourth Amended Plan, the preference payment of $21,189.58 she received. Monthly payments starting the 60th month after confirmation will be $4,682.72 per month until paid in full. The claim of Agnes Hagenauer in the amount of $259,000 will not accrue interest until after payments begin in the 60th month.

**2.13** Class 13 – Impaired Unsecured Claim of Dennis Hagenauer in the amount of $57,957.36 for money advanced by Dennis Hagenauer to Valley Rolling on his personal credit lines and in cash. This claim will be paid after Class 11 is paid in full with monthly payments of $1,047.87 for 60 months. Interest will accrue starting in the 165th month at 3.25% per annum.

---

[2] But see Paragraph 2, Page 18 above. Before Cannonball receives any distributions, it must pay back the preference amounts.

Page 10 – DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Case 14-63530-fra11    Doc 271    Filed 11/03/15

**2.14**   Class 14 – Impaired Unsecured Claim of Employee Bruce Kahler in the amount

of $59,309.47.  This debt will be paid after Class 11 is paid in full.  Payments will be $1,072.32

per month for 60 months.  Interest will accrue starting in the 165th month at 3.25% per annum.

**2.15**   Class 15 – Impaired Claim for Unfunded 401(k) Plan in the amount of

$139,834.31.  This claim is for unfunded 401(k) contributions for employees of Valley Rolling

Corp. including Debtor and her husband.  $4,795.46 is priority debt and will be paid on the

Effective Date.  Payments on this claim will start January of 2018 in the amount of $3,500 per

month with interest at 3% until paid in full.

**2.16**   Class 16 – Impaired Secured Claim of KeyBank secured by 3071 Schmidt Lane

NE, Hubbard, OR 97032, which is the amount of KeyBank's indebtedness in Class 1 by which

the default rate of interest exceeds the non-default rate of interest in KeyBank's claim, and any

late fees, pre-payment penalties and other default charges included in KeyBank's claim, which

are subordinate to the SBA's Class 5 claim, as provided in the Prior Lienholder Agreement

between SBA as assignee and KeyBank, dated February 14, 2012 and recorded February 23,

2012 in Marion County, Oregon, recording number 3359 p 88.  These amounts will be paid from

the sale of 3071 Schmidt Lane NE after payment in full to SBA Class 5.  Any amount unpaid

will be a Class 11 General Unsecured claim.

**2.17**   Class 17 – Disputed Secured Claim of AMCI (Associated Management

Consultants, Inc.) in the amount of $26,013.61.  Debtor asserts the claim is unsecured and

intends to file an objection to secured status of the claim.  If the Court determines the claim is

secured, the claim will be paid with five percent (5%) interest over sixty (60) months with

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

monthly payments of $490.91 until paid.  If the claim is determined by the Court to be

unsecured, it will be paid as part of Class 11.

**3.      Implementation of Fourth Amended Plan.**

The source of funds to be received by the estate for distribution to creditors will

be from Debtor's income from the sale of Debtor's real estate and from the business of Valley

Rolling and Debtor's wages and any recovery on avoidance claims under 11 USC §§ 547, 548,

549 and 550 ("Avoidance Claims").

There is a pending motion to sell the property at 3071 Schmidt Lane NE,

Hubbard, Oregon for $2,600,000.  If the sale is closed prior to Confirmaton, the secured claim of

KeyBank on the property will be paid in full as will the secured claim of Marion County.  If the

sale has not closed, then as part of this Fourth Amended Plan, Debtor will close the sale on the

following terms noticed in the Motion to Sell.

Laura Lee Hagenauer (the "***Debtor***"), has filed a motion (the "***Motion***") for

authority to sell (the "***Sale***") the commercial real property and fixtures located at 3071 Schmidt

Lane, Hubbard, Oregon (the "***Property***") to R&R Property Holdings, Inc. ("***R&R***") or a higher

and better bidder, free and clear of all liens, claims, encumbrances and interests pursuant to 11

U.S.C. §§ 363(b) and (f); enter into a lease of a portion of the Property (the "***Property Lease***")

pursuant to 11 U.S.C. § 363(b); and pay a 4% commission to Coldwell Banker Commercial of

Salem, Oregon (the "***Broker***") upon the closing of the Sale of the Property pursuant to

Bankruptcy Rule 2016(a) and Local Rule 2016-1(c)(2)(A) & (B).

A hearing on the Motion and any objections to the Motion will be held on

November 4, 2015 at 10:00 a.m. (the "***Hearing***") and testimony will be offered, and received if

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

admissible, in support of the Motion and a finding that the purchase of the Property by R&R is being made in good faith and is entitled to the protections afforded by 11 U.S.C. § 363(m).

      3.1     Debtor proposes to sell the Property free and clear of liens, claims, encumbrances and interests pursuant to 11 U.S.C. § 363(f)(2) and (f)(5) (and 11 U.S.C. § 363(f)(1), if applicable) and the terms of Standard Commercial Sale Agreement between the Debtor and R&R dated September 29, 2015 (the "***Sale Agreement***").  A copy of the Sale Agreement is attached to this Statement as exhibit I.  Debtor also proposes to enter into the Property Lease to lease back a portion of the Property for use in her business operations.  A copy of the Property Lease is attached to this Statement as exhibit J.

      3.2     R&R, the proposed buyer, is a Washington corporation and an affiliate of Cascadia Metals, Inc. ("***Cascadia***").  Cascadia is a primary vendor to the Debtor, one of the Debtor's largest unsecured and administrative creditors, and the holder of a lien against the Property.  If the sale is approved, R&R also will become the Debtor's landlord under the proposed Property Lease.  R&R's counsel is Brandy A. Sargent, Stoel Rives LLP, 900 S.W. Fifth Avenues, #2600, Portland, Oregon, 97204; Telephone: 503-294-9888; E-mail: brandy.sargent@stoel.com.

      3.3     The address of the Property is 3071 Schmidt Lane, Hubbard, Oregon.  The legal description of the Property is:

> A tract of land in the Southeast Quarter of Section 33, Township 4 South, Range 1 West, Willamette Meridian, Marion County, Oregon, being a portion of that tract of land described by Warranty Deed from Gregory G. Berning to PBSL, LLC and recorded in Reel 2760, Page 114, Marion County Deed Records, more particularly described as follows:

> Beginning at an iron bar that is on record as being North 86° 15' East 1,611.06 feet and South 31° 26' West 1,351.88 feet and North 58° 34' West 641.52 feet from the Northwest

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

corner of the Ewing Purvine Donation Land Claim in Section 33, Township 4 South, Range 1 West of the Willamette Meridian in Marion County, Oregon, which is at an angle point of the Northerly margin of Schmidt Lane (CR 439, 40.00 foot wide) and also being the most Southerly corner of that tract of land deeded to S.W. WEAVER, by Deed recorded in Volume 178, Page 461, Deed Records; thence North 41° 16' 23" East 402.16 feet to the Northwest corner of Parcel 1 of said PBSL, LLC deed (Paragraph 1); thence along the center of a ditch South 24° 17' 19" East 121.03 feet to an Iron pipe; thence South 49° 47' 19" East 110.55 feet to an iron rod; thence South 41° 35' 19" East 198.66 feet to an iron rod; thence South 58° 33' 19" East 137.23 feet to the Westerly margin of Relocated (1932) Highway 99E (40 feet from centerline); thence South 31° 19' 58" West 249.82 feet along the Westerly margin of said Highway 99E to its intersection with the North line of County Road No. 439; thence North 58° 53' 01" West 605.67 feet along the North right of way line of said Schmidt Lane (20 feet from centerline) to the point of beginning, in the City of Hubbard, Marion County, Oregon.

3.4     A copy of the full property description or inventory may be examined or obtained by contacting counsel for the Debtor.

3.5     The Property may be viewed by contacting the Debtor's counsel.

3.6     Other than the Debtor, R&R and the Broker, there are no other parties to the transaction.

3.7     Under the Sale Agreement, the gross sale price for the Property is $2,600,000. All of the liens on the Property exceed $4,469,734, of which Debtor believes a total of $2,050,033.08 need not be paid as secured claims because they have either consented or the Court can order the sale under Section 363(f)(5). KeyBank also seeks reimbursement of approximately $70,000 for fees and costs. Total sales costs will includes a 4% commission to the Broker (*i.e.,* $104,000, assuming no change to the terms of the Sale) and other costs of closing, estimated to be approximately $6,299.00. A preliminary list of closing costs to be satisfied by the Debtor may be obtained from the Debtor's counsel. All tax consequences have been considered and no taxes will be owed as a result of the sale. Absent a substantial overbid for the Property, the Sale will result in no net proceeds to the estate after payment of the Sale

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

proceeds to satisfy valid liens on the Property (in the order of their priority) and fees, costs, and taxes payable in connection with the Sale.

3.8    The Sale is not of substantially all of the Debtor's assets.  Debtor will continue to own and operate her business after the Sale.  The terms of the Sale are: (a) sale price of $2,600,000; (b) earnest money deposit of $25,000; (c) a contingency period of up to 45 days after the opening of escrow during which R&R will proceed to satisfy itself as to the condition of the Property, environmental matters, and other matters (d) a title review period of 15 days after receipt of a title report; (e) a contingency for Bankruptcy Court approval; and (f) a period of 15 days after satisfaction of contingencies for R&R to close the Sale.  In the event that R&R is not the successful purchaser of the Property, the costs of any environmental assessment will be borne by the Debtor.

If R&R is the successful purchaser of the Property, it will lease a portion of the Property back to the Debtor pursuant to the Property Lease.  In summary, the Property Lease would commence at the closing of the Sale and continue for an initial period of 12 full calendar months, and thereafter be a year-to-year lease.  Either party can terminate the Lease on 90 days' notice at the end of the initial term or any renewal term.  For the initial term, the monthly rent would be a "gross rental" of $15,000 per month, inclusive of monthly base rent of $12,650 and Debtor's proportionate share of property taxes (estimated at $1,916.67 per month) and property insurance costs (estimated at $433.34 per month).  After the first year, unless the Property Lease is terminated, the rent becomes "triple net," and Debtor would pay her proportionate share of property taxes, property insurance and maintenance costs.  Debtor is responsible for utilities that she uses.  At the start of the Property Lease, Debtor would pay the first month's rent ($15,000)

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

and a security deposit equal to $15,000 (which would be refundable at the end of the Property

Lease, unless applied to cure a breach of the Lease).

3.9     The Property has been publicly marketed since May 2015 and the offer received

from R&R is the highest and best offer received after competitive bidding.  No further auction is

proposed, but the Sale is expressly subject to overbid prior to the Hearing pursuant to an

agreement on the same or better terms and conditions (apart from the purchase price) as the Sale

Agreement, including, without limitation, the Property Lease.  Competing bids must be

submitted to the Debtor no later than 4:00 p.m. on October 23, 2015.

3.10    Based on a November 2014 appraisal of the Property for $3,800,000, the Property

was initially listed for sale for $3,775,000.  In September 2015, Debtor received an offer of

$2,300,000 for the Property and countered at $3,175,000.  In response, the offer was raised to

$2,400,000.  Around the same time, R&R made its $2,600,000 offer for the Property, which the

Debtor countered at $3,175,000.  R&R did not raise its offer, and the Broker has not received

any other formal offers for the Property.[3]

3.11    Debtor's primary secured creditor, KeyBank, National Association ("**KeyBank**"),

previously filed a motion for relief from the automatic stay to begin the foreclosure process

against the Property.  Pursuant to a stipulated order resolving that motion, the Property was listed

for sale and, in the event the Property was not sold and the Debtor had not confirmed a plan of

reorganization by October 1, 2015, KeyBank was to be allowed to pursue foreclosure.  Debtor

believes that the proceeds of the Property that would be generated in a foreclosure would not

exceed the amount to be received in the proposed Sale.  Additionally, the offer received from

---

[3]     The Debtor also received an informal offer of $2,000,000, but the party making the
informal offer never wrote-up a formal offer.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

R&R is coupled with the Property Lease, which will allow the Debtor to lease a portion of the Property and avoid moving costs.

3.12    The Debtor is proposing the sale in advance of confirmation of a plan because through the sale and leaseback debtor will be able to reduce her monthly expenses and propose a feasible plan.  If the sale is not allowed KeyBank could proceed with its foreclosure proceeding.

3.13    If the sale is not approved on November 4th 2015, debtor is requesting that the sale be approved on confirmation of the Fourth Amended Plan

3.14    Lienholders:  Based on filed proofs of claim, the following creditors claim liens on the Property (including security interests in fixtures, collectively, the "***Liens***"), in the following amounts and order of priority:

| Creditor | Lien Claim | Total Liens |
|---|---|---|
| Marion County Assessor's Office (Prop. Taxes) | $   131,680.15 | $   131,680.15 |
| KeyBank National Association | $1,622,645.00 | $1,754,325.15 |
| US Small Business Administration | $   860,448.55 | $2,614,773.70 |
| Oregon Business Development Corporation | $   706,588.97 | $3,321,362.67 |
| Cascadia Metals Inc. | $   634,357.58 | $3,955,720.25 |
| Internal Revenue Service – tax lien | $   514,014.53 | $4,469,734.78 |

3.15    Other than costs of the Sale, no Liens are intended to be paid without further order of the Bankruptcy Court.  All of the Liens shall attach to the Sale proceeds in the same order of priority as they attached to the Property.  Any Sale proceeds remaining after paying the Liens and expenses, taxes, commissions, fees, costs or other charges as provided in the Motion shall be

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

held in trust until the Court orders payment.  At this time, no such excess Sale proceeds are anticipated.

3.16    The Court appointed the Broker on May 6, 2015.  Pursuant to that order, the Broker is proposed to be paid a 4% commission, which will be equal to $104,000 if the Sale to R&R is approved and closes.

If the Court does not approve the sale at the November 4, 2015 hearing, Debtor is seeking approval of the sale as part of the Fourth Amended Plan on the identical terms as noticed above.

3.17    If the sale is approved, the only secured creditors that will be paid will be Marion County taxes, KeyBank approximately $1,734,432 (its secured debt minus default interest) and SBA a partial payment of approximately $581,097.24.  The liens of Oregon Business Development, Cascadia Metals and the IRS will be unsecured. <u>Performance of Obligations of Reorganized Hagenauer</u>.  Reorganized Hagenauer will (a) in accordance with applicable law review all Claims filed against the estate, and if advisable, object to such Claims, (b) in the exercise of the business judgment, investigate, prosecute, settle or dismiss all Hagenauer's actions not otherwise settled prior to or under this Fourth Amended Plan.  Unless otherwise provided in this Fourth Amended Plan or the Fourth Amended Plan Documents, Reorganized Hagenauer will be entitled to receive all Hagenauer's action recoveries to be used to pay Claims pursuant to this Fourth Amended Plan, and (c) perform all their obligations under this Fourth Amended Plan and Fourth Amended Plan Documents when they become due or are to be performed.  Hagenauer will retain all personal property.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

3.18    Prohibited Transaction.  As long as payments to Classes 1-14 remain unpaid, Reorganized Hagenauer shall not sell, lease, transfer, convey, assign, encumber or voluntarily lien any of Reorganized Hagenauer's assets, unless (i) such sale, lease, transfer, conveyance, assignment, encumbrance or lien is related to a non-material asset of Reorganized Hagenauer; (ii) the asset is replaced with an asset of equal or greater value within ten (10) days after the transaction; (iii) the encumbrance or lien is the result of a refinance of an existing obligation on more favorable terms than the prior encumbrance or lien; or (iv) such sale, lease, transfer, conveyance or assignment is performed in the ordinary course of Reorganized Hagenauer's business consistent with past practices, and will not have a material adverse effect on the business or financial condition of Reorganized Hagenauer.

3.19    Objections to Claims.  Objections to a Claim as to which no objection is pending as of the Effective Date, must be filed by the Claims Objection Bar Date.  Objections to such Claims may be filed by Reorganized Hagenauer, any Claimant, or any other party in interest, including, but not limited to, the Committee of Unsecured Creditors (the "Committee").

3.20    Provisions Governing Distributions.

3.20.1    Distributions Only to holders of Allowed Claims.  Except as otherwise provided in this section.  Distributions under this Fourth Amended Plan and the Fourth Amended Plan Documents will be made only to the holders of Allowed Claims.  Until a Disputed Claim becomes an Allowed Claim the holder of that Disputed Claim will not receive any distribution otherwise provided to the Claimants under this Fourth Amended Plan or the Fourth Amended Plan Documents.  If necessary in determining the amount of a Pro Rata distribution due to the holders of Allowed Claims in any class, Reorganized

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Hagenauer will make the Pro Rata calculation as if all Unresolved Claims were Allowed

Claims in the full amount claimed or in the Estimated Amount. When an Unresolved

Claim in any class becomes an Allowed Claim, Reorganized Hagenauer will make

distributions with respect to such Allowed Claim, together with any allowable interest

accrued on the amount of each such distribution to the date thereof, net of any setoff

contemplated by the order, if any, allowing such Claim and/or any required withholding

of applicable federal and state taxes.

    3.20.2   <u>Transmittal of Distributions</u>. Except as otherwise provided in this Fourth

Amended Plan, in the Fourth Amended Plan Documents, or in an order of the Bankruptcy

Court, distributions to be made under this Fourth Amended Plan or the Fourth Amended

Plan Documents to Claimants holding Allowed Claims will, in each case, be made by

Reorganized Hagenauer by first class United States mail, postage prepaid, (a) to the latest

mailing address set forth in a proof of claim filed with the Bankruptcy court by or on

behalf of such Claimant, or to such other address as may be provided to Reorganized

Hagenauer by such Claimant in writing, or (b) if no such proof of claim has been filed

and no written notice setting forth a mailing address is provided by or on behalf of such

Claimant to Reorganized Hagenauer to the mailing address set forth in the schedules filed

by Hagenauer in this Case. If a Claimant's distribution is not mailed or is returned to

Reorganized Hagenauer because of the absence of a proper mailing address, Reorganized

Hagenauer shall make a reasonable effort to locate or ascertain the correct mailing

address for such Claimant from information generally available to the public and from

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

such party's own records, but shall not be liable to such Claimant for having failed to find a correct mailing address.

3.20.3   Timing of Distributions.  Unless otherwise agreed by Reorganized Hagenauer whenever any payment to be made is due on a day other than a Business Day, such payment will instead be made on the next Business Day, with interest to the extent expressly contemplated by this Fourth Amended Plan or any applicable agreement or instrument.

3.20.4   Form of Distributions.  Unless otherwise agreed by Reorganized Hagenauer all Cash payments to be made by Reorganized Hagenauer pursuant to this Fourth Amended Plan or the Fourth Amended Plan Documents will be made, at the option of Reorganized Hagenauer by a check or wire transfer.

3.20.5   No Professional Fees or Expenses.  No professional fees or expenses will be paid by Hagenauer or Reorganized Hagenauer with respect to any Claim except as specified in this Fourth Amended Plan, or as Allowed by Final Order of the Bankruptcy Court, as applicable.

3.20.6   Avoidance Recoveries.  Neither Hagenauer nor Reorganized Hagenauer may use any proceeds from Avoidance Claims; rather all proceeds from avoidance recoveries shall be used first to pay any unpaid Administrative Expense Claims and then any other Allowed Claims.

**3.21**   Closing of the Case.  As soon as practicable after the Effective Date, and when Reorganized Hagenauer deems appropriate, Reorganized Hagenauer shall seek authority from the court to close the Case in accordance with the Bankruptcy Code and the Bankruptcy Rules;

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

provided, however, that entry of a final decree closing the Case shall, whether or not specified therein, be without prejudice to the right of Reorganized Hagenauer or other party in interest to reopen the Case for any matter over which the Court has retained jurisdiction under this Fourth Amended Plan. Any order closing the Case will provide that the Bankruptcy Court, (i) will retain jurisdiction to enforce, by injunctive relief or otherwise, the Confirmation order, any other orders entered in this Case, and the obligations created by this Fourth Amended Plan and the Fourth Amended Plan Documents; and (ii) will retain all other jurisdiction and authority granted to it under this Fourth Amended Plan and the Fourth Amended Plan Documents.

4.     **Conditions Precedent.**

**4.1**     Conditions to Effectiveness.  The Effective Date will not occur and the Fourth Amended Plan will not become effective unless and until each of the following conditions have been satisfied or waived in accordance with Section 4.1 of this Fourth Amended Plan:

(a)     the Bankruptcy Court shall have entered the Confirmation Order in form and substance reasonably acceptable to the Proponents; and,

(b)     no stay of the Confirmation Order shall be in effect.

5.     **Effects of Fourth Amended Plan Confirmation.**

**5.1**     Discharge.  Reorganized Hagenauer will not receive a Discharge until all obligations of the Fourth Amended Plan have been performed pursuant to 11 U.S.C. § 1141(5). Upon completion of all obligations of the Fourth Amended Plan, Hagenauer will move for an entry of Discharge.  Once a Discharge Order has been entered Reorganized Hagenauer will be Discharged from all liability and any and all claims that arose before the date of such confirmation and from any liability of the kind specified in Sections 503(g), 503(h) and 503(i) of

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

the Bankruptcy Code, whether or not proof of claim is filed or is deemed filed under Section 501

of the Bankruptcy Code, such Claim is Allowed under this Fourth Amended Plan, or the holder

of such Claim has accepted this Fourth Amended Plan.

**5.2** <u>Vesting</u>.  Except as otherwise expressly provided in this Fourth Amended Plan or

in the Confirmation Order, on the Effective Date, Reorganized Hagenauer will be vested with all

of the property of the Estate free and clear of all Claims, liens, encumbrances, charges and other

interests of Creditors and Claimants.  As of the Effective Date, Reorganized Hagenauer may

hold, use, dispose, and otherwise deal with such property and conduct their affairs free of any

restrictions imposed by the Bankruptcy Code or by the Bankruptcy Court, other than those

restrictions expressly imposed by the Fourth Amended Plan, the Confirmation Order, or the

Fourth Amended Plan Documents.

## 6.     Treatment of Executory Contracts and Unexpired Leases.

**6.1** <u>General; Rejected if Not Assumed</u>.  Subject to the requirements of Section 365,

all executory contracts and unexpired leases of the Debtor that have not been assumed by order

of the Bankruptcy Court, or are not the subject of a motion to assume pending on the

Confirmation Date, will be deemed rejected by the Debtor and Reorganized Hagenauer on the

Effective Date.

**6.2** <u>Claims For Contract Rejection</u>.  All proofs of claim with respect to Claims arising

from the rejection of executory contracts or unexpired leases pursuant to Section 6.1 of this

Fourth Amended Plan must be filed with the Bankruptcy Court within 30 days after the Effective

Date or such Claims will be forever barred.

## 7.     Avoidance Claims

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

**7.1** Debtor shall retain any and all claims and causes of action whatsoever (whether known, unknown, liquidated unliquidated, fixed, contingent, matured, unmatured, disputed, or undisputed, and whether asserted or assertable directly, indirectly, or derivatively, at law in equity, or otherwise), including, but not limited to, all Avoidance Claims, subject to the authority given by the bankruptcy court for the Creditors' Committee to pursue certain Avoidance Claims. Notwithstanding the entry of an order confirming the Fourth Amended Plan, so long as any members of the Creditors' Committee are willing to serve, the Creditors' Committee shall continue until it is dissolved by action of the members thereof or until the Fourth Amended Plan is complete and all creditors have been paid in full, whichever occurs first.

7.2 The Creditors' Committee also believes the Debtor may have a preference/fraudulent transfer action against Bank of America for payments by Valley Rolling Corp. on two employee credit cards. These cards were used by Valley Rolling to purchase product for Valley Rolling to manufacture. The payments were made to Bank of America within the 90 days preceding the Petition Date, were made to a creditor of Valley Rolling because if the payments had not been made, Bank of America would have asserted an unjust enrichment claim against Valley Rolling and the payments allowed Bank of America to receive more than it would have received in a liquidation under chapter 7. The payments made during the preference period to Bank of America total over $620,000. Debtor is not going to pursue these claims but the Court has entered an order authorizing the Creditors' Committee to pursue such claims.

7.3 In addition the Creditors' Committee may pursue a claim against unsecured creditor Cannonball for preferential payments made during the 90 days preceding the Petition

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Date on a judgment in the amount of $15,000. The payments to Cannonball as a Class 11 Claim will only be paid if Cannonball repays the $15,000 preference payments.

7.4     The Creditors' Committee may also pursue a preference claim against FORA Financial for payments of $1,168 per business day during the 90 days preceding the Petition Date totaling $58,430. FORA Financial's purported secured claim was actually entirely unsecured at the time the payments were made based upon the value of the personal property and the lien amounts superior to FORA Financial. The payments to FORA Financial as a Class 11 Claim holder will be paid, if and only if, FORA repays the $58,430 preference payments.

7.5     None of the proceeds of the Preference action litigation will be paid to Reorganized Debtor. If the Creditors Committee is unsuccessful in the litigation, costs of the litigation will be an administrative expense, which will be paid for by Debtor.

7.6     Allowed professional fees incurred by the Creditors' Committee, including those incurred in pursuing or analyzing the Avoidance Claims pre-confirmation will be paid pro rata from the Accumulated Administrative Account on the Effective Date. The remaining balance owed and amounts incurred post-confirmation will be paid from any Avoidance Claim recoveries and from Debtor's income from operations and/or the other assets of Debtor if liquidated after the payment of allowed secured claims encumbering such assets. The professional person or agent seeking a payment from the Debtor shall submit an invoice to the Debtor, which (absent an objection by the Debtor) the Debtor shall promptly pay. Any objection which cannot be resolved by the parties shall be resolved by the Court. Creditors' Committee counsel may withdraw from representation in the Avoidance Claim accounts if counsel is not getting paid on a timely basis.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

7.7     Before any Avoidance Claims are commenced, the Creditors' Committee will present to Debtor, KeyBank and Cascadia the proposal to pursue the specific Avoidance Claim together with the anticipated cost of pursuing such claim.  Before the Committee is authorized to go forward, a majority of the above parties must approve the proposal.

## 8      Miscellaneous Provisions.

**8.1**     <u>Retention of Jurisdiction</u>.  Notwithstanding entry of the Confirmation Order or the occurrence of the Effective Date, and except as otherwise specifically set forth in this Section 8.1, the Bankruptcy Court will retain jurisdiction over all matters arising under, in furtherance of, or in connection with this Fourth Amended Plan, including those matters specifically described in this Section 8.1 below.

The matters over which the Bankruptcy Court shall retain jurisdiction over this Fourth Amended Plan include:

(a)     determine any Unresolved Claims;

(b)     determine the Estimated Amount of any Claim;

(c)     determine requests for payment of Claims entitled to priority under Section 507 of the Bankruptcy Code, including compensation of and reimbursement of expenses of parties entitled thereto;

(d)     resolve controversies and disputes regarding the modification, interpretation, and implementation of this Fourth Amended Plan and the Fourth Amended Plan Documents, including, without limitation, any amendments or modifications to loan documents;

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

(e)     enter orders in aid of this Fourth Amended Plan and the Fourth Amended

Plan Documents including, without limitation, appropriate orders (which may include

contempt or other sanctions) to protect Reorganized Hagenauer from actions prohibited

under this Fourth Amended Plan or the Fourth Amended Plan Documents;

(f)     modify this Fourth Amended Plan;

(g)     determine any and all applications, adversary proceedings, and contested

or litigated matters pending on the Effective Date;

(h)     determine any and all pending motions for the assumption or rejection of

executory contracts or leases, and to hear and determine, and if need be to liquidate, any

and all Claims arising therefrom;

(i)     preside over and render orders and judgments in any adversary

proceedings for the recovery of Avoidance Claims commenced by the Debtor or the

Committee; and

(j)     enter Final Orders closing the Case.

**8.2**     Continuation of Creditors' Committee Post-Confirmation.     Notwithstanding the

entry of an order confirming the Fourth Amended Plan, so long as any members of the Creditors'

Committee are willing to serve, the Creditors' Committee shall continue until it is dissolved by

action of the members thereof or until the Fourth Amended Plan is complete and all creditors

have been paid in full, whichever occurs first.  Neither the Creditors' Committee nor any of its

past, present, or future members (or any of the respective past, present, or future officers,

directors, employees, or agents (excluding the Committee's professionals) of such members)

shall have or incur any liability to any holder of a claim or equity interest or to any entity for any

Page 27 – DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

act or omission in connection with or arising out of the chapter 11 case, or the negotiations and pursuit of confirmation of the Fourth Amended Plan, the consummation of the Fourth Amended Plan, the pursuit of any Avoidance Actions the Creditors' Committee has been authorized to pursue, the administration of the Fourth Amended Plan or the property to be distributed under the Fourth Amended Plan, except for willful misconduct or *ultra vires* acts.

**8.3** <u>Modification of Fourth Amended Plan</u>. The Proponents reserve the right, in accordance with the Bankruptcy Code, to amend, modify, or withdraw this Fourth Amended Plan prior to the entry of the Confirmation Order. After the entry of the Confirmation Order, the Proponents may, upon order, amend or modify this Fourth Amended Plan in accordance with Section 1127(b) of the Bankruptcy Code.

**8.4** <u>Severability</u>. In the event of a successful collateral attack on any provision of the Fourth Amended Plan (i.e., an attack other than through a direct appeal of the Confirmation Order), the remaining provisions of this Fourth Amended Plan will remain binding on the Debtor, Reorganized Hagenauer, all Claimants, all Creditors, and all other parties in interest.

**8.5** <u>Post-Confirmation Professional Fees and Expenses</u>. All Professional fees and expenses incurred or payable by Reorganized Hagenauer after the Effective Date but prior to closing of the Case will be paid in the ordinary course of business of Reorganized Hagenauer after 15 days notice to the U S Trustee and parties in interest. If a party in interest or the U.S. Trustee objects, the court will resolve any dispute regarding the amount of the fees or costs.

**8.6** <u>Headings</u>. The headings of the sections and paragraphs of this Fourth Amended Plan are inserted for convenience only and will not affect the interpretation hereof.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

**8.7**     Computation of Time Periods.  In computing any period of time prescribed or allowed by this Fourth Amended Plan, the day of the act, event, or default from which a designated period of time begins to run will not be included.  The last day of the period so computed will be included so long as it is a Business Day.  When the period of time prescribed or allowed is less than 11 days, any day that is not a Business Day will be excluded in the computation.

**8.8**     Notices.  All notices or requests to Reorganized Hagenauer in connection with this Fourth Amended Plan shall be in writing and served either by (i) United States mail, postage prepaid, (ii) hand delivery, or (iii) reputable overnight delivery service, all charges prepaid, and shall be deemed given when received by the following parties, as applicable:

> If to Hagenauer:
> Laura Lee Hagenauer
> 1129 Belle Passi Rd.
> Woodburn, OR 97071
>
> With copies to:
> Troutman Law Firm
> Attn:   Ted A. Troutman
> 5075 SW Griffith Dr., Ste 220
> Beaverton, OR 97005

All notices and requests to a Person or Entity holding any Claim will be sent to them at their last known address or to the last known address of their attorney of record.  The Debtor or Reorganized Hagenauer and any holder of a Claim may designate in writing any other address, which designation will be effective upon actual receipt by the Debtor or Reorganized Hagenauer, or by the holder of the Claim.  Any Person or Entity entitled to receive notice under this Fourth Amended Plan will have the obligation to provide Reorganized Hagenauer with such Person's or entity's current address for notice purposes.  Reorganized Hagenauer will have no

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

obligation to attempt to locate a more current address in the event any notice proves to be undeliverable to the most recent address which has been provided to Reorganized Hagenauer.

**8.9**    Post-Confirmation Court Approval.  Any action requiring Bankruptcy Court approval after the Effective Date will require the Person or Entity seeking such approval to file an application, motion, or other request with the Bankruptcy Court and obtain a Final Order approving such action before the requested action may be taken.  The Person or Entity filing such application, motion, or other request shall serve such application, motion, or other request, together with a notice setting forth the time in which objections must be filed with the court, on Reorganized Hagenauer and other affected parties by first-class mail, electronic mail, overnight courier, facsimile, or hand delivery.  Unless the Court orders otherwise, all notices shall provide the recipients at least 21 days (plus 3 days if served by mail) in which to file an objection to the application, motion, or other request.  If no objection is timely filed, the Court may authorize the proposed action without further notice or a hearing.  If an objection is timely filed, the court will determine whether to conduct a hearing, or to require the submission of further documentation, prior to ruling on the application, motion, or other request.

**8.10**    Election Pursuant to Section 1129(b) of the Bankruptcy Code.  The Proponent hereby requests confirmation of the Fourth Amended Plan pursuant to Section 1129(b) of the Bankruptcy Code if the requirements of all provisions of Section 1129(a) of the Bankruptcy Code, except paragraph (a)(8) thereof, are met with regard to the Fourth Amended Plan.  In determining whether the requirements of Section 1129(a)(8) of the Bankruptcy Code have been met, any Class or subclass of a Class that does not contain as an element thereof an Allowed Claim or a Claim temporarily allowed under Bankruptcy Rule 3018 as of the date fixed by the

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

Bankruptcy Court for filing acceptances or rejections of this Fourth Amended Plan shall be deemed deleted from this Fourth Amended Plan for purposes of voting to accept or reject this Fourth Amended Plan and for purposes of determining acceptance or rejection of this Fourth Amended Plan by such Class or subclass.

       **8.11**   <u>Exemption from Transfer Taxes</u>.  Pursuant to Section 1146(a) of the Bankruptcy Code, the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with this Fourth Amended Plan, whether occurring prior or subsequent to the Confirmation Date, including any deeds, bills of sale, or assignments executed in connection with any disposition of assets contemplated by this Fourth Amended Plan, shall not be subject to any stamp tax, real estate transfer tax, excise tax, sales tax, use tax or other similar tax.

       **8.12**   <u>Waivers</u>.  Except as otherwise provided in the Fourth Amended Plan or in the Confirmation Order, any term of the Fourth Amended Plan may be waived by the party benefited by the term to be waived.

       **8.13**   <u>Setoffs, Recoupments, and Defenses</u>.  Nothing contained in the Fourth Amended Plan shall constitute a waiver or release by Debtor or Reorganized Hagenauer of any rights of setoff or recoupment, or of any defense, it may have with respect to any Claim (including, without limitation, rights under Section 503(d)) of the Bankruptcy Code.  Except as otherwise provided in the Fourth Amended Plan or in the Confirmation Order or in agreements previously approved by a Final Order, Reorganized Hagenauer may, but will not be required to, set off against any Claim or any distributions with respect to such Claim any and all of the claims, rights and causes of action of any nature that the Debtor or Reorganized Hagenauer, as applicable, may hold against the holder of such Claim; provided, however, that neither the failure to effect such a

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

setoff, the allowance of any Claim hereunder, the payment of any distribution hereunder or any

other action or omission of Reorganized Hagenauer, nor any provision of the Fourth Amended

Plan, shall constitute a waiver or release by the Debtor or Reorganized Hagenauer, as applicable,

of any such claims, rights, and causes of action that the Debtor or Reorganized Hagenauer, as

applicable, may possess against such holder.

**8.14** <u>Withdrawal or Revocation of the Fourth Amended Plan</u>. The Proponent reserves

the right to revoke or withdraw the Fourth Amended Plan prior to the Confirmation Date. If the

Fourth Amended Plan is revoked or withdrawn, or if the Confirmation Date does not occur, the

Fourth Amended Plan shall have no force and effect and in such event nothing contained herein

shall be deemed to constitute a waiver or release of any claims by or against the Debtor or the

Estate or any other Person or Entity, or to prejudice in any other manner the rights of the

Proponent, or any of them, or any other entity in further proceedings involving the Debtor and

specifically shall not modify or affect the rights of any party under any prior orders of the Court.

**8.15** <u>Default</u>. Except as otherwise provided in the Fourth Amended Plan or in the

Confirmation Order, in the event that Reorganized Hagenauer shall default in the performance of

any of its obligations under the Fourth Amended Plan or under any of the Fourth Amended Plan

Documents and shall not have cured such a default within any applicable cure period (or, if no

cure period is specified in the Fourth Amended Plan or Fourth Amended Plan Documents or in

any instrument issued to or retained by a Claimant under the Fourth Amended Plan, then within

30 days after receipt of written notice of default), then the entity to whom the performance is due

may pursue such remedies as are available at law or in equity. An event of default occurring

with respect to one Claim shall not be an event of default with respect to any other Claim.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

**8.16** <u>Filing and Payment of Allowed Administrative Claims</u>.  All requests for the payment of Administrative Claims must be filed with the Bankruptcy Court no later than 30 days after the Effective Date or at such time as the Bankruptcy Court may otherwise order.  Once a Final Order is entered allowing a disputed administrative claim Reorganized Hagenauer will pay such Claim in accordance with this Fourth Amended Plan.

**8.17** <u>Payment of United States Trustee Fees</u>.  Reorganized Hagenauer shall be responsible for timely payment of fees incurred pursuant to 28 USC § 1930(a)(6) until the case is closed, converted, or dismissed.  After confirmation, Reorganized Hagenauer shall file with the Court a monthly financial report, for each month, or portion thereof, that the case remains open. The monthly financial report shall include a statement of all disbursements made during the course of the month, whether or not pursuant to the Fourth Amended Plan.

**8.18** <u>Governing Law</u>.  Except to the extent that federal law (including the Bankruptcy Code or Bankruptcy Rules) is applicable, the rights and obligations arising under the Fourth Amended Plan or under the Fourth Amended Plan Documents shall be governed by and construed and enforced in accordance with the laws of the State of Oregon without giving effect to the principles of conflicts of laws thereof.

**8.19** <u>Reservation of Rights</u>.  If the Fourth Amended Plan is not confirmed by a Final Order, or if the Fourth Amended Plan is confirmed and the Effective Date does not occur, the rights of all parties in interest in the Case are and will be reserved in full.  Any concessions or settlement reflected herein, if any, are made for purposes of the Fourth Amended Plan only, and if the Fourth Amended Plan does not become effective, no party in interest in the Case shall be bound or deemed prejudiced by any such concession or settlement.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

**8.20**   _Fourth Amended Plan Controls_.  To the extent any provision of the Fourth Amended Plan Documents is inconsistent with this Fourth Amended Plan, the provisions of the Fourth Amended Plan shall control.

**8.21**   _Successors and Assigns_.  The Fourth Amended Plan shall be binding upon and inure to the benefit of the Debtor, Reorganized Hagenauer, all Claimants, all Creditors, and all other parties in interest affected thereby and their respective successors, heirs, legal representatives and assigns.

**9**   **Definitions.**

For purposes hereof, any term used in an initially capitalized form in this Fourth Amended Plan will have the defined meaning ascribed to it in either § 101 of the Bankruptcy Code or the definitions set forth below.  All definitions in the Bankruptcy Code and below will be subject to the rules of construction set forth in § 102 of the Bankruptcy Code.  Whenever the context requires, such terms include the singular as well as the plural, the masculine gender includes the feminine, and the feminine gender includes the masculine.  Any specific references to promissory notes, deeds of trust or other debt instruments, or security documents includes any amendments, modifications, and extensions thereto.  Nothing contained in this Fourth Amended Plan or the Fourth Amended Disclosure Statement constitutes an admission or denial by any party of liability for, or the validity, priority, or extent of any Claim, lien, or security interest asserted against the Debtor or against any third party.

**"Administrative Claim"** means a Claim for payment of an administrative expense of a kind specified in § 503(b) of the Bankruptcy Code and referred to in § 507(a)(2) of the Bankruptcy Code including, without limitation, the actual, necessary costs and expenses of

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

preserving a Debtor's estate and operating a Debtor's business including Current Obligations, compensation for professional services provided by Debtor's and the Committee's employed professionals and reimbursement of expenses awarded under Sections 330(a) or 331 of the Bankruptcy Code, and all fees and charges assessed against a Debtor's estate under Chapter 123 of Title 28, United States Code.

"**Allowance Date**" means, with respect to a Claim, the date such Claim becomes Allowed.

"**Allowed**" means, with respect to a Claim, the extent to which: (a) the Claim is agreed to by the Claimant and the Debtor against whom the Claim is asserted; (b) the Claim is expressly allowed in this Fourth Amended Plan; or (c) proof of such Claim was (i) timely filed with the Bankruptcy Court, (ii) deemed filed pursuant to § 1111(a) of the Bankruptcy Code, or (iii) tardily filed with leave of the Bankruptcy Court, and, in any case, as to which the Claim is not Disputed or the Claim is Disputed and is allowed by a Final Order.

"**Ballot**" means the ballot that is used by a Creditor to accept or reject the Fourth Amended Plan.

"**Bankruptcy Code**" means the Bankruptcy Reform Act of 1978, principally codified in 11 USC § 101, et seq., and any amendments thereto applicable to this Case.

"**Bankruptcy Court**" means the United States Bankruptcy Court for the District of Oregon.

"**Bankruptcy Rules**" means the Rules and Forms of Practice and Procedures in Bankruptcy promulgated under 28 USC § 2075, as amended, and the local rules and general

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

orders of the Bankruptcy Court, as applicable to Chapter 11 cases, together with all amendments and modifications from time to time thereto.

**"Business Day"** means any day other than Saturday, Sunday, or a "legal holiday", as that term is defined in Bankruptcy Rule 9006(a).

**"Case"** means the Debtor case commenced under Chapter 11 of the Bankruptcy Code on September 28, 2014.

**"Cash"** means cash, cash equivalents, bank deposits, and negotiable instruments payable on demand.

**"Chapter 11 Professionals"** means the law firm of Muir & Troutman and all other professionals, if any, which the Debtor may retain to provide professional services, all in accordance with Sections 327(a) and 327(e) of the Bankruptcy Code and as approved by the Bankruptcy Court.

**"Claim"** means any claim, as that term is defined in § 101(5), arising on or before the Confirmation Date.

**"Claimant"** means a Creditor that asserts a Claim.

**"Claims Bar Date"** means February 2, 2015, the last day timely claims can be filed.

**"Claims Objection Bar Date"** means, unless extended by the Court, the first Business Day that follows the 60th day after the Effective Date, or such other date as fixed by the Bankruptcy Court, by which any objection to a Claim must be filed with the Bankruptcy Court or such objection will be forever barred.

**"Confirmation Date"** means the date of the entry of the Confirmation Order.

**"Confirmation Order"** means the order confirming this Fourth Amended Plan.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

**"Contingent"** means, with respect to a Claim, a Claim that has not accrued or is not otherwise payable and the accrual of which or the obligation to make payment on which is dependent upon a future event that may or may not occur.

**"Creditor"** means any creditor, as that term is defined in § 101(10) of the Bankruptcy Code.

**"Current Obligations"** means (a) all accounts payable and other liabilities or obligations of Debtor that arose or accrued in the ordinary course of that Debtor's business during this Case, and (b) any taxes that were incurred subsequent to the Petition Date and became or become legally due and payable by the Debtor subsequent to the Petition Date and prior to the Effective Date.

**"Debtor"** means Laura Lee Hagenauer.

**"Debtor's Actions"** means any and all claims, causes of action, and enforceable rights of the Debtor against third parties including, without limitation, claims of the Debtor for recovery of, or based upon, or in any manner arising from or related to damages, general or exemplary (or both), or other relief relating to (or based upon) (a) indebtedness owing to the Debtor; (b) fraud, negligence, gross negligence, willful misconduct, or any other tort actions; (c) breaches of contract; (d) violations of federal or state laws (including corporate and securities laws); (e) breaches of fiduciary or agency duties; (f) disregard of the corporate form or piercing the corporate veil or other liability theories; (g) avoidance of transfers or obligations under Chapter 5 of the Bankruptcy Code or under state law; and (h) any other claim of the Debtor to the extent not specifically compromised or released pursuant to this Fourth Amended Plan or an agreement referred to, or incorporated into, this Fourth Amended Plan.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

"Debtor's Action Recoveries" means the rights of Debtor to any and all proceeds or other relief from (a) any award, judgment, relief, or other determination rendered or made as to any Debtor's Action; or (b) any compromise or settlement of any Debtor's Action.

"Disallowed" means, with respect to any claim, the extent to which the Claim has been disallowed pursuant to (a) a Final Order, (b) an agreement between the Claimant and the Debtor or Reorganized Hagenauer against whom the Claim is asserted, or (c) the terms of the Fourth Amended Plan.

"Disclosure Statement" means the Fourth Amended Disclosure Statement regarding this Fourth Amended Plan, including all exhibits and schedules attached thereto and referenced therein prepared by the Proponents pursuant to § 1125 of the Bankruptcy Code and approved by the Bankruptcy Court, as such Fourth Amended Disclosure Statement may be amended and modified from time to time.

"Disputed" means, with respect to a Claim, that an objection to such Claim has been timely filed as provided in this Fourth Amended Plan, or such Claim is listed as disputed in the applicable Debtor's schedules filed with the Bankruptcy court, and such objection or dispute has not been resolved by Final Order, or by agreement between the Claimant and the Debtor or Reorganized Hagenauer.

"Effective Date" means 10 days following the entry of an Order Confirming the Fourth Amended Plan of Reorganization.

"Estate" means the bankruptcy estate of the Debtor as created under § 541 of the Bankruptcy Code.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

"**General Unsecured Claim**" means any Claim that is not an Administrative Claim a Priority Tax Claim, or a Claim that is otherwise classified under the Fourth Amended Plan.

"**Non-Tax Priority Claim**" means any Claim, which if allowed, would be entitled to priority under Section 507(a)(1) through (7) of the Bankruptcy Code.

"**Non-Tax Priority Claimant**" means a Person or Entity that asserts a non-Tax Priority Claim.

"**Petition Date**" means the date the Debtor filed the petition commencing this Case, September 28, 2014.

"**Plan**" means this Fourth Amended Plan of Reorganization and any and all modifications and/or amendments thereto.

"**Plan Documents**" means all agreements, documents, and exhibits as the same may be amended, modified, supplemented, or restated from time to time, that are necessary or appropriate to implement, authorize, consummate, and operate the Fourth Amended Plan including without limitation any and all loan documents that are being modified by the Plan.

"**Plan Secured Interest Rate**" means the interest rate for deferred payments to secured creditors under the Fourth Amended Plan.

"**Priority Tax Claim**" means any Claim that, if allowed, would be entitled to a priority in payment under Section 507(a)(8) of the Bankruptcy Code.

"**Proponent**" means the Debtor who are the proponents of the Fourth Amended Plan.

"**Pro Rata**" means proportionate, and when applied to a Claim means the ratio of the amount distributed on account of an Allowed Claim in a class to the amount distributed on account of all Allowed Claims in such class.

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net

**"Reorganized Hagenauer"** means Laura Lee Hagenauer, individually and doing business as Valley Rolling on and after the Effective Date.

**"Secured Claim"** means any Claim, including interest, fees, and charges as determined pursuant to Section 506(b) of the Bankruptcy Code, against Debtor that is (a) secured in whole or in part as of the Petition Date by a lien on any of the assets or property of the Debtor, which lien is valid, perfected, and enforceable under applicable law and is not subject to avoidance under the Bankruptcy Code or applicable non-bankruptcy law, but only to the extent of the value of the assets or property securing any such Claim; or (b) subject to setoff under Section 553 of the Bankruptcy Code, but only to the extent of the amount subject to such setoff.

**"Statement of Financial Affairs"** means the Debtor's Statement of Financial Affairs, and any amendments or supplements thereto, filed with the Bankruptcy Court pursuant to Bankruptcy Rule 1007.

DATED:     November 3, 2015

*/s/Laura Lee Hagenauer*

_____

Laura Lee Hagenauer

Troutman Law Firm, P.C.

*/s/Ted A. Troutman*

_____

Ted A. Troutman, OSB# 844470
Attorney for Laura Lee Hagenauer

Ted A. Troutman
TROUTMAN LAW FIRM, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371
tedtroutman@sbcglobal.net